# Exhibit 28

**O'CONNOR LAW GROUP, P.C.**
Mark O'Connor (SBN 157680)
moconnor@teamolg.com
384 Forest Avenue Suite 17
Laguna Beach, CA 92651
Telephone: (949) 494-9090

**WIRTZ LAW APC**
Richard M. Wirtz (SBN 137812)
rwirtz@wirtzlaw.com
4370 La Jolla Village Drive, Suite 800
San Diego, CA 92122
Telephone: (858) 259-5009

**REALLAW APC**
Michael Hassen (124823)
mjhassen@reallaw.us
1981 N. Broadway, Suite 280
Walnut Creek, CA 94596
Telephone: (956) 359-7500

Attorneys for Plaintiff, WILLIAM MARTIN BURBANK

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORINA

| | |
|---|---|
| **WILLIAM MARTIN BURBANK,**<br>individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>**BMW OF NORTH AMERICA, LLC,**<br><br>        Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br>AND<br>**DEMAND FOR JURY TRIAL**<br><br>**1. VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT (***California Civil Code*** § 1760, *et. seq.* (injunctive relief)**<br>**2. VIOLATION OF THE SONG-BEVERLY ACT – BREACH OF EXPRESS WARRANTY (***California Civil Code*** § 1790, *et. seq***)**<br>**3. VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY (***California Civil Code*** § 1790, *et. seq***)**<br>**4. VIOLATION OF THE UNFAIR COMPETITION LAW (***California Business & Professions Code § 17200***)**<br>**5. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING** |

-1-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff William Martin Burbank ("Plaintiff") alleges as follows against Defendant BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company ("BMW"), on information and belief, formed after an inquiry reasonable under the circumstances:

## DEMAND FOR JURY TRIAL

1.     Plaintiff on behalf of himself and other similarly situated, hereby demands trial by jury in this action pursuant to Rule 32(b) of the Federal Rules of Civil Procedure.

## PARTIES

2.     Plaintiff is an individual residing in Fullerton, County of Orange, and State of California.

3.     Defendant BMW is and at all relevant times was a Delaware Limited Liability Company authorized to do business and conducting business throughout the state of California directly or via its authorized sales agents and authorized repair facilities. BMW's principal place of business is located in the state of New Jersey. BMW is engaged in the manufacture, sale, and/or distribution of motor vehicles and related services. Additionally, BMW engages in the marketing, supplying, and selling of written warranties to the public at large through a broad network of authorized sales facilities across the United States.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction of this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d)(2), which provides for original jurisdiction in the federal courts over any class action in which a member of the plaintiff class is a citizen of a State different from the State citizenship of any defendant, and the amount in controversy exceeds the sum of $5,000,000.00 exclusive of interests and costs. Here, there is an aggregate amount in controversy exceeding $5,000,000.00 exclusive of interest and costs and there is minimal diversity between Plaintiff and Defendant. Additionally, this Court also has supplemental jurisdiction over the set forth state law claims pursuant to 28 U.S.C. § 1367.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5.     This Court has personal jurisdiction over BMW because BMW conducts substantial business in this judicial district, thereby purposely and intentionally availing itself of the benefits and protections of this district when placing motor vehicles into the stream of commerce within California and the United States. Personal jurisdiction over BMW is foreseeable, fair, and proper.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. BMW transacts substantial business in this district with regularity and it is subject to personal jurisdiction in this district. Additionally, BMW advertises and markets its products in this district, and has received substantial revenue and profits from its sales and leasing of motor vehicles in this district. Thus, a substantial part of the events and/or omissions giving rise to the present claims occurred in within this district. Therefore, venue is proper.

## GENERAL ALLEGATIONS

7.     Plaintiff William Martin Burbank brings this action individually for himself and on behalf of all persons who purchased or leased in California, certain vehicles equipped with uniform and uniformly defective battery systems manufactured, distributed, warranted, marketed and/or sold or leased by BMW as described herein ("Class Vehicles"), and for which BMW issued a warranty.

8.     All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

9.     On or around September 14, 2020, Plaintiff purchased a Class Vehicle—a new 2021 model year BMW X3 Plug in Hybrid, VIN No.: 5UTS1C03M9D82763 ("Vehicle") from BMW of Buena Park, Orange County, California. At purchase, the Vehicle had 35 miles on its odometer. Plaintiff entered this sale agreement in the state of California.

10.     The Vehicle was sold to Plaintiff with express warranties that the it would be free from defects in materials, nonconformities, or workmanship during the applicable warranty period and to the extent the Vehicle had defects, Defendant BMW would repair the defects. A true and correct copy of that express written warranty is attached as **Exhibit 1**.

11.     The Vehicle was also sold to Plaintiff with implied warranties that the Vehicle

-3-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

would be of the same quality as similar vehicles sold in the trade (similar vehicles being plug in hybrid vehicles that operate properly in both the plug in electric mode and conventional internal combustion motor mode) and that the Vehicle would be fit for the ordinary purposes for which similar vehicles are used (similar vehicles being plug in hybrid vehicles that are able to be plugged in, charged and operate in a fully electric mode) and that the vehicle would measure up to the promises and facts stated in its labeling (that it would operate in the plug in electric mode and/or the conventional internal combustion motor mode).

12. The Vehicle was delivered to Plaintiff with serious defects and nonconformities under the warranty.

13. Plaintiff delivered the vehicle to BMW of Buena Park, an authorized BMW dealership, for repair of defects in the battery system under the written warranty. Plaintiff was informed that the vehicle could not be repaired. To date the vehicle remains at BMW of Buena Park unrepaired and unrepairable. Plaintiff then formally requested BMW to repurchase his vehicle. BMW refused. Plaintiff was forced to purchase another vehicle to replace the defective, unrepaired and unrepairable BMW X3.

14. BMW of Buena Park, knowing of the inability of BMW NA to repair the subject vehicle or any vehicle with the same battery system, attempted to sell to Plaintiff, in lieu of his BMW X3 a BMW X5 PHEV, which is subject to the exact same recall that his BMW X3 PHEV and contains the same defective battery system.

15. This action is brought to remedy violations of law in connection with BMW's manufacture, distribution, marketing, advertising, selling, warranting, and servicing of the Class Vehicles. The Class Vehicles' battery systems have a serious manufacturing and/or materials defect caused by debris created in the manufacturing process leading the battery systems in Class Vehicles to be unreasonably dangerous. As a result of this dangerous defect, BMW has issued a "recall" (Attached as **Exhibit 2**) in which Plaintiff and members of the proposed class have been instructed not to charge the high voltage battery under any circumstances, to drain any already charged high voltage battery and to not use the Vehicle in "sport" mode or make use of the shift paddles. BMW offers no fix for this defect, and rather notes that a "Remedy is Unavailable."

-4-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Charging the high voltage battery can result in a fire (what BMW characterizes euphemistically as a "thermal event') and lead to significant personal injury. Potential Class Members are instructed that if any dash light message indicates a HV (High Voltage) battery/Drivetrain malfunction, the vehicle must be stopped immediately, pulled to a safe location, and all persons are to exit the vehicle and move to a safe location.

16. According to BMW's recall, the battery system is manufactured in substantially the same manner in all Class Vehicles and does not vary in its construction, operation, or control.

17. Plaintiff believes the unreasonably dangerous and defective battery system is dangerous to his health and the safety, to all others who may ride in the vehicle, and to other motorists.

18. Prior to the manufacture and sale of the Class Vehicles, Defendant knew of the battery system defect through internal sources, testing, and consumer complaints, including specific instances of potential Class Members bringing Class Vehicles to BMW for inspection and repair. Recalls are undertaken after numerous field failures and feedback to the auto manufacturer of such failures. Auto manufacturers and distributors, such as BMW collect data such as field reports, technical data, warranty repair statistics, and other feedback from the field. From this information and data BMW is made aware of failures that are occurring. BMW then undertakes analysis of the data for the failure mode and ultimately attempts to engineer a fix for the failure mode. BMW also undertakes the process of creating the recall, having it analyzed and double checked by various departments, managing agents, and corporate executives, and then publishing the recall. In this manner BMW is aware of the failures long before the actual recall is issued because of the logistics and processes necessary simply to approve and publish a recall. BMW therefore knew before sale of the subject Vehicle and other Class Vehicles of the inherent and existing dangerous defect. Despite this knowledge, BMW failed to disclose and actively concealed the battery system defect from Plaintiff and other potential Class Members and from the public. Instead, BMW continued to market to potential Class Members to purchase the Class Vehicles without informing potential Class Members of the underlying, and extremely dangerous, manufacturing defect present in the Class Vehicles' battery systems. BMW has failed to date to

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

remedy the defect. Indeed, BMW and its authorized dealers are still offering Class Vehicles with the existing defective battery systems for sale or lease to the general public and unsuspecting consumers.

19. When Plaintiff and other potential Class Members complained about the defective and dangerous battery system, BMW refused to remedy the issue and informed individual potential Class Members that there was no fix. Instead, potential Class Members, including Plaintiff: (a) were told that under no circumstances should they charge the Class Vehicles, (b) were required to drain the high voltage battery, (c) were instructed to not use the vehicle in "sport" mode and (d) were told not use the shift paddles (as these functions would charge the high voltage battery). Based on the manner and timing in which recalls came into existence, BMW knew of this problem, its pervasiveness, and lack of a proper fix for a significant amount of time before the recall was issued on or about September 24, 2020 and while Class Vehicles were being sold and leased to the general public. BMW knew of these issues because of the very nature of the recall but nevertheless continued selling Class Vehicles to potential Class Members like Plaintiff.

20. The defects described herein violate the express written warranties issued by BMW, as well as the implied warranty of merchantability.

21. Although Plaintiff and other potential Class Members brought the Vehicle to BMW for repair, BMW failed to and/or refused to repair the defect for which it stated there was no fix available. Under these circumstances any additional efforts by Plaintiff and the potential Class Members to have the Class Vehicles repaired would have been futile as BMW openly admitted that it did not have any way to repair the defective battery system.

22. Plaintiff and potential Class Members provided BMW sufficient opportunity to repair the Class Vehicles.

23. As a result of BMW's conduct, Plaintiff and potential Class Members were harmed, and suffered actual damages in that the Class Vehicles have manifested and continue to manifest the battery system defect. BMW has not provided a permanent or any remedy for this defect. Plaintiff and potential Class Members have justifiably lost confidence in the Class Vehicles' safety and reliability. The battery system defect substantially impairs the value of the Class Vehicles

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

owned by Plaintiff and the potential Class Members.

24. BMW is capable of issuing a "stop sale" order to all its authorized BMW dealerships by virtue of its dealer agreements with said dealers. Said "stop sale" clauses are a normal and standard clause in auto manufacturer and dealership agreements. BMW has issued stop sale orders in the past.

25. Despite its knowledge of the battery system defect and ability to issue a stop sale order BMW rather continues to market, advertise and promote the defective vehicles subject to the recall. Attached as **Exhibit 3** is a true and correct printout of BMW of North America's website which promotes, advertises and markets the defective vehicles without any mention or the recall or existing defects. BMW's website not only markets, advertises and promotes said vehicles but allows consumers, potential class members to, "build" one's own vehicle and obtain a price quote and referral to an authorized dealership.

26. Despite its knowledge of the battery system defect and ability to issue a stop sale order, BMW's authorized dealerships continue to market, sell, and lease vehicles affected with the defect today. BMW has not issued or made effective a "stop sale order" available to BMW dealerships to prohibit the sale of Class Vehicles.

27. Attached hereto as **Exhibit 4** are true and correct printouts from various BMW authorized dealership webpages listing vehicles for sale and lease by BMW with VIN numbers attributable to Class Vehicles containing the battery system defect.

## **The Battery System Defect**

28. On September 30, 2020, BMW disseminated a recall stating Class Vehicles, including Plaintiff's, may have "debris in the hybrid battery" which "may cause fire." The recall applied to 2020-2021 530e, 530e xDrive, 530e iPerformance and X3 xDrive30e and MINI Cooper Countryman All4 SE, 2020 BMW i8, and 2021 330e, 330e xDrive, 745Le xDrive and X5 xDrive45e vehicles ("Class Vehicles").

29. As stated in BMW's recall, owners of the Class Vehicles were at risk of "a short circuit increasing the risk of fire or injury."

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

30.     The recall admits no fix is available for the battery system defect, despite BMW's awareness. Instead of taking back potential Class Members' Class Vehicles, BMW instructed Plaintiff and potential Class Members to that "[u]ntil [a] remedy is available, drivers are instructed to not charge their vehicles. Potential Class Members are instructed to not drive in manual mode, sport mode, and to not use the shift paddles."

## CLASS ALLEGATIONS

31.     Plaintiff brings this class action on behalf of himself and on behalf of the Class Members. Plaintiff is informed and believes that the Class Vehicles are dangerous to drive and put drivers, passengers, and other motorists at risk of serious injury or death.

32.     Plaintiff brings this lawsuit as a class action on behalf of himself and similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33.     Plaintiff brings this class action on behalf of himself and all other similarly situated members of a proposed statewide class ("Class"), defined as follows:

> **All persons or entities in California who are current or former owners and/or lessees of BMW vehicles equipped with the Electrical System: Propulsion System: Traction Battery including the 2020-2021 530e, 530e xDrive, 530e iPerformance and X3 xDrive30e and MINI Cooper Countryman All4 SE, 2020 BMW i8, and 2021 330e, 330e xDrive, 745Le xDrive and X5 xDrive45e, and which were bought or used primarily for personal, family, or household purposes or bought or used primarily for business purposes by a person, including a partnership, limited liability company, corporation, association, or any other legal entity, to which not more than five motor vehicles are registered in California ("Class Members").**

34.     Excluded from the Class are: (1) BMW, any affiliated parent or sister company, any entity or division in which BMW has a controlling interest, its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; (3) governmental entities; and (4) claims for personal injuries resulting from the facts alleged herein. Plaintiffs reserve the right to amend the Class definitions if discovery and further

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

investigation reveal that the Class should be expanded, divided into subclass, or modified in any other way.

35.     Plaintiff reserves the right to amend the Class, and to add subclasses, if discovery and further investigation reveals such action is warranted.

36.     **Numerosity:** Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, Plaintiff believes and on that basis alleges that thousands of Class Vehicles have been sold and leased in California so the number of Class Members is great enough that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in BMW's possession, custody, or control, as well as from records kept by the Department of Motor Vehicles of various states.

37.     **Typicality:** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all Class Members, acquired for value (in Plaintiff's and some potential Class Members' case purchased, in other potential Class Members' case leased) a Class Vehicle designed, manufactured, and distributed by BMW in which the battery system was defective and there has been no remedy made available. The representative Plaintiff, like all potential Class Members, has been damaged by Defendant's misconduct, and is forced to own an unsafe and dangerous vehicle. Furthermore, the factual bases of Defendant's misconduct are common to all potential Class Members and represent a common thread of fraudulent, deliberate, and negligent misconduct resulting in injury to all potential Class Members, including Plaintiff.

38.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between potential Class Members and BMW. Rather, all claims in this matter arise from the identical acts, omissions, concealments, and representations of BMW.

39.     **Existence and Predominance of Common Questions of Fact and Law:** There are common questions of law and fact as to the potential Class Members that predominate over

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

questions affecting only individual members, including but not limited to:

    a.  Whether BMW engaged in unlawful, unfair, or deceptive business practices in selling Class Vehicles to Plaintiff and other potential Class Members;

    b.  Whether BMW made false misrepresentations or omitted and concealed material facts with respect to the Class Vehicles it sold to potential Class Members;

    c.  Whether the Class Vehicles and their battery systems are defectively designed or contain defective workmanship or defective materials and are manufactured such that they are not suitable for their intended use or were not of similar quality to other vehicles in the trade;

    d.  Whether the fact that the Class Vehicles suffer from a battery system defect would be considered material by a reasonable consumer;

    e.  Whether the fact that the Class Vehicles suffer from a defect that could cause fire or injury would be considered material by a reasonable consumer;

    f.  Whether BMW profited from the sale of Class Vehicles containing the battery system defect;

    g.  Whether BMW was aware of the battery system defect before the Class Vehicles were sold to potential Class Members;

    h.  Whether BMW continues to sell Class Vehicles to consumers after becoming aware of the battery system defect;

    i.  Whether BMW violated California Business and Professions code Section 17200, et seq.;

    j.  Whether BMW breached the express warranty it provided to potential Class Members;

    k.  Whether BMW breached the implied warranty provided to potential Class Members;

    l.  Whether Plaintiff and potential Class Members are entitled to equitable relief; and

    m.  Whether BMW's unlaw, unfair and/or deceptive practices harmed Plaintiff and potential Class Members.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

40.     Plaintiff's claims are not only typical of all potential Class Members, they are identical.

41.     All of Plaintiff's claims and all potential Class Members' claims are based on the exact same legal theories. Plaintiff's damages also mirror the damages suffered by all potential Class Members—viz., an injunction barring further sales of vehicles with the battery system defect, and monetary damages in the form of a buyback of the Class Vehicles. Further, Plaintiff has no interest antagonistic to, or in conflict with, those of the Class.

42.     **Adequate Representation:** Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member. Plaintiff has retained attorneys experienced in the prosecution of class actions and consumer claims similar to the present matter. Plaintiff intends to prosecute this action vigorously.

43.     **Predominance and Superiority:** Plaintiff and the potential Class Members have all suffered and will continue to suffer harm. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most potential Class Members would find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual potential Class Members' claims, it is likely that only a few potential Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, potential Class Members will continue to incur damages, future consumers will purchase defective vehicles, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

44.     In sum, Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the lass, common questions will predominate, and there will be no unusual manageability issues.

## FIRST CLAIM FOR RELIEF

### Violation of the Consumer Legal Remedies Act – Injunctive Relief

1    **(On Behalf of Plaintiff and the Class)**

2    45.    Plaintiff incorporates herein by reference each and every allegation contained in the

3    preceding and succeeding paragraphs as though herein fully restated and re-alleged.

4    46.    Plaintiff brings this cause of action on behalf of himself and on behalf of the

5    potential Class Members.

6    47.    Defendant BMW is a "Person" pursuant to California Civil Code section 1761(c).

7    48.    Plaintiff and potential Class Members are "consumers pursuant to California Civil

8    Code section 1761(d).

9    49.    The purchases and leases of Class Vehicles and the warranties issued to Plaintiff

10   and potential Class Members constitute transactions as defined by California Civil Code section

11   1761(e).

12   50.    The Class Vehicles and warranties constitute "goods" or "services" as defined by

13   California Civil Code sections 1761(a) and (b).

14   51.    Plaintiffs and potential Class Members purchased or leased the Class Vehicles

15   and warranties primarily for personal, family, and household purposes as set forth in California

16   Civil Code section 1761(d).

17   52.    BMW's misrepresentations, active concealment, failure to disclose, and omissions

18   regarding the Class Vehicles and violated the California Consumer Legal Remedies Act, codified

19   at California Civil Code section1750 *et. seq.,* as follows:

20   a.    BMW misrepresented the Class Vehicles and warranties had characteristics,

21   benefits, or uses that they did not have. (Cal. Civ Code § 1770 (a)(5));

22   b.    BMW misrepresented the Class Vehicles and warranties were of a particular

23   standard, quality, or grade when they were of another. (Cal. Civ Code § 1770

24   (a)(7));

25   c.    BMW advertised, and continues to advertise, the Class Vehicles and warranties

26   with inability and intent not to sell or lease them as advertised. Cal. Civ Code

27   § 1770(a)(9));

28   d.    BMW misrepresented the Class Vehicles and warranties conferred or involved

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    rights, remedies, or obligations that the did not. (Cal. Civ Code § (a)(14)); and

2    e.  BMW misrepresented the Class Vehicles and warranties were supplied in

3    accordance with previous representations when in fact they were not. Cal. Civ Code

4    § (1)(16)).

5    53.    BMW's unfair and deceptive acts or practices occurred repeatedly in the course of

6    BMW's course of trade and busines. These practices were material, capable of deceiving a

7    substantial portion of the purchasing public, and as a result caused economic harm to purchasers

8    and lessees of the Class Vehicles.

9    54.    BMW knew by Summer 2020, at the latest, and certainly before the sale or lease of

10   many of the Class Vehicles that the Class Vehicles contained an inherent battery system defect,

11   were defectively designed or manufactured, manifested serious problems leading to fire or serious

12   injury, and were not suitable for their intended use.

13   55.    By Summer 2020 at the latest, BMW had exclusive knowledge of material facts

14   concerning the existence of the battery system defect in its Class Vehicles. BMW actively

15   concealed the battery system defect from Plaintiff and potential Class Members who purchased

16   the Class Vehicles.

17   56.    BMW has failed to offer any solution for the battery system defect to Plaintiff and

18   potential Class Members.

19   57.    BMW has only instructed consumers to forego essential features and functions of

20   the Class Vehicles "until a remedy is available."

21   58.    BMW was under a duty to Plaintiff and potential Class Members to disclose the

22   defective nature of the battery system, as well as any associated risks or costs they would have to

23   bear and features they would have to forego by purchasing a Class Vehicle. BMW was under this

24   duty because:

25   a.  BMW was and is in a superior position to know the true state of the facts, and true

26   nature of the battery system defect manifested in the Class Vehicles;

27   b.  Plaintiff and potential Class Members could not reasonably have been expected to

28   learn or discover that the Class Vehicles had the battery system defect until

-13-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

symptoms of the defect, which can be catastrophic, manifested;

c. BMW knew Plaintiff and potential Class Members could not have reasonably learned of or discovered the battery system defect until its manifestation.

59. In failing to disclose the battery system defect, BMW knowingly and intentionally concealed material facts and breached its duty to refrain from doing so.

60. The facts concealed and not disclosed by BMW to Plaintiff and potential Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether or not to purchase or lease a Class Vehicle. A reasonable consumer would consider the battery system in a plug-in hybrid vehicle to be an essential and desirable quality of such a vehicle. Had Plaintiff and potential Class Members known that the plug-in hybrid Class Vehicles contained the battery system defect, they would not have purchased or leased a Class Vehicle.

61. Plaintiff and potential Class Members are reasonable consumers. They did not expect their Class Vehicles to contain a battery system defect. It is reasonable for a consumer to expect that the battery system in a plug-in hybrid vehicle will not contain a defect that may lead to fire or serious injury, or indeed any other defect that would prohibit them from using the vehicle as a hybrid.

62. As a result of BMW's misconduct as described herein, Plaintiff and potential Class Members have been harmed and suffered actual damages in that the Class Vehicles should not contain a defective battery system that increases the risk of fire or serious injury. This creates a threat to the safety of Class Members, their passengers, and other motorists.

63. As a direct and proximate result of BMW's unfair and deceptive acts, omissions, concealment, and practices, Plaintiff and potential Class Members have suffered, and will continue to suffer actual damages in that they continue to own a vehicle that they cannot use in the manner they expected to when they purchased the Class Vehicles, and when they do, they run the risk of fire or serious injury with no remedy in sight.

64. Plaintiff and potential Class Members are entitled to equitable relief.

65. Pursuant to California Civil Code section 1780(a)(2), Plaintiff and potential Class

-14-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Members seek an injunction prohibiting the acts set forth herein which violate the Consumer Legal Remedies Act.

66.     Plaintiff seeks an order prohibiting Defendant, BMW, from engaging in the acts described in this Complaint and requiring BMW to do the following:

        (1) Cease all sales of Class Vehicles to any persons or entities including sales to its California BMW dealerships of Class Vehicles;

        (2) Issue a "Stop Sale" order to its California dealerships prohibiting the sales of any Class Vehicle to any member of the public;

        (3) Take down advertisements for Class Vehicles or otherwise make abundantly clear to the general public on BMW's website and other advertising that Class Vehicles are subject to a defect that is not yet repairable that makes the electric portion of the vehicle not only effectively functionless but dangerous;

        (4) Toll the express warranty period for all Class Vehicles to cover, at a minimum, the time period during which the Class Vehicles have been unable to operate with all functions consistent with *California Civil Code* § 1795.6.

        (5) Repair Class Vehicles within 30 days of presentation pursuant to *California Civil Code* § 1793.4 or offer a repurchase of said vehicles pursuant to *California Civil Code* § 1794.

67.      BMW acted with malice, oppression, and fraud toward Plaintiff and potential Class Members within the meaning of California Civil Code section 3294.

68.     Pursuant to California Civil Code section1780(d), Plaintiff may recover attorney's fees and costs according to proof at trial.

## SECOND CLAIM FOR RELIEF

### Violation of the Song-Beverly Consumer Warranty Act – Breach of Express Warranty
### (On Behalf of Plaintiff and Class Members)

69.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

-15-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

70.    The Class Vehicles were sold to Plaintiff and potential Class Members with express warranties provided by BMW that the Class Vehicles would be free from defects in materials, nonconformity, or workmanship during the applicable warranty period and that to the extent the Class Vehicles had defects, BMW would repair the defects.

71.    The Class Vehicles were delivered to Plaintiff and potential Class Members with serious defects and nonconformities under the warranty and developed other serious defects and nonconformities under the warranty.

72.    Pursuant to the Song-Beverly Consumer Warranty Act ("SBA"), California Civil Code sections 1790 *et seq.* the Class Vehicles are subject to the Act and were used for purposes covered by the Act.

73.    Plaintiff and Class Members are "buyers" under the SBA.

74.    BMW is a "manufacturer" and/or "distributor" under the SBA.

75.    The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the Vehicle.

76.    Plaintiff and potential Class Members delivered the Class Vehicles to the repair facilities of BMW for repair of the nonconformities or because of the lack of repair available Class Members did not deliver the Class Vehicles for repair as it would have been futile.

77.    BMW, through its repair facilities, were unable to and/or refused to conform the Class Vehicles to the applicable express warranties after a reasonable number of repair attempts, and/or within a reasonable time, and/or within 30 days and expressly advised Plaintiff and potential Class Members that further attempts to repair their vehicles would be futile as BMW did not have a fix for the defective battery system.

78.    BMW has failed to provide its representatives (BMW authorized dealers) for purposes of warranty repairs sufficient literate and parts to effect repair to the class vehicles. BMW is required to do so pursuant to *California Civil Code* § 1793.2(a)(3)

79.    Notwithstanding BMW's failures to comply with various provisions of the SBA and Plaintiff's and potential Class Members' entitlement, BMW failed to either promptly replace

-16-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

or repurchase the Class Vehicles in accordance with the SBA.

80.     By failure of Defendant BMW to remedy the defects as alleged above, or to repurchase or replace the Class Vehicles, Defendant BMW has breached its obligations under the Act.

81.     Under the SBA, Plaintiff and potential Class Members are entitled to damages pursuant to California Civil Code sections 1793.2 and 1794, *et seq*.

82.     Plaintiff and potential Class Members are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq*. and California Commercial Code sections 2714 and 2715, *et seq.*

83.     Plaintiff and potential Class Members are entitled under the SBA to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's fees reasonably incurred in connection with the commencement and prosecution of this action.

84.     Plaintiff is entitled to prejudgment interest pursuant to California Civil Code section 3287.


**THIRD CLAIM FOR RELIEF**

**Violation of the Song-Beverly Consumer Warranty Act – Breach of Implied Warranty**

**(On Behalf of Plaintiff and Class Members)**

85.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

86.     BMW is the "manufacturer," "distributor," and/or "retail seller" of the Class Vehicles and BMW's obligation under the implied warranties is either direct or by operation of law pursuant to California Civil Code section 1795.

87.     Each Class Vehicle was accompanied by an implied warranty that the Class Vehicles were merchantable pursuant to California Civil Code section 1792.

88.     The Class Vehicles were not fit for the ordinary purpose for which such goods are used because it was equipped with defects in the battery system.

89.     The Class Vehicle were not of the same quality as those generally acceptable in the

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  trade because it was equipped with defects in the Class Vehicle's battery system causing risk of

2  fire and serious injury.

3      90.    The Class Vehicle did not measure up to the promises or facts stated on the label

4  of the car; namely that it was and would operate as a plug-in vehicle in full electric mode as well

5  as conventional internal combustion motor mode.

6      91.    Plaintiff and potential Class Members are entitled to justifiably revoke acceptance

7  of the Class Vehicles under California Civil Code, section 1794, *et seq*;

8      92.    Plaintiff and potential Class Members hereby revoke acceptance of the Class

9  Vehicles.

10      93.    Under the Act, Plaintiff and potential Class Members are entitled to damages

11  pursuant to California Civil Code sections 1793.2 and 1794, *et seq*.

12      94.    Plaintiff and potential Class Members are entitled to recover all incidental and

13  consequential damages pursuant to California Civil Code section 1794 *et seq*. and Commercial

14  Code, sections 2714 and 2715, *et seq*.

15      95.    Plaintiff and potential Class Members are entitled under the SBA to recover as part

16  of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorney's

17  fees reasonably incurred in connection with the commencement and prosecution of this action.

18      96.    Plaintiff is entitled to prejudgment interest pursuant to Civil Code section 3287.

20                    **FOURTH CLAIM FOR RELIEF**

21  **Violation the Unfair Business Practices Act – Cal. Bus. & Prof. Code §§ 17200 et. seq.**

22              **(On Behalf of Plaintiff and Class Members)**

23      97.    Plaintiff incorporates herein by reference each and every allegation contained in the

24  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

25      98.    Actions for relief under the unfair competition law may be based on any business

26  act or practice that is within the broad definition of the Unfair Business Practices Act – Cal. Bus.

27  & Prof. Code §§ 17200 et. seq. ("UCL"). Such violations of the UCL occur as a result of unlawful,

28  unfair or fraudulent business acts and practices. A causal connection exists between BMW's

-18-

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

business practices and the alleged harm in that BMW's conduct caused or was likely to cause substantial injury to Plaintiff and potential Class Members.

### BMW's Unfair Business Acts and Practices

99.     BMW's acts, omissions, misrepresentations, and practices as alleged herein constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further BMW's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

100.     Plaintiff's and potential Class Members' injuries are:  (1) substantial; (2) not outweighed by any countervailing benefits to consumers or competition; and, (3) not injuries that consumers themselves could reasonably have avoided.

101.     Here, BMW's conduct has caused and continues to cause substantial injury to Plaintiff and potential Class Members. Plaintiff and potential Class Members have suffered injury in fact due to BMW's decision to knowingly sell defective Class Vehicles, with no remedy or fix available for the known defect. BMW's conduct has caused substantial injury to Plaintiff and potential Class Members.

102.     BMW's conduct as alleged herein solely benefits BMW while providing no benefit of any kind to the Plaintiff or potential Class Members. Such deception utilized by BMW convinced Plaintiff and potential Class Members that the Class Vehicles were of a certain value and price to induce them to spend money on the Class Vehicles. Knowing that Class Vehicles were not of a suitable quality to be sold, due to the defective battery system, BMW unfairly profited from their sale. The injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

103.     The injuries suffered by Plaintiff and potential Class Members are not injuries that

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

they could reasonably have avoided. After BMW falsely represented the quality of the Class Vehicles, Plaintiff and potential Class Members suffered injury in fact due to their subsequent purchase and/or lease of the defective Class Vehicles. BMW failed to take reasonable steps to inform Plaintiff and potential Class Members that the Class Vehicles were in a potentially permanently defective condition due to the defects with the battery system. As such, BMW leveraged its position of power and its superior (and singular) knowledge to deceive Plaintiff and potential Class Members to purchase the Class Vehicles. The injury suffered by Plaintiff and potential Class Members are not injuries that they could reasonably have avoided.

104.    BMW's conduct violated the "unfair" prong of Section 17200.

## BMW's Fraudulent Business Acts and Practices

105.    BMW's fraudulent business acts and practices were likely to and did deceive members of the public.

106.    Plaintiff and potential Class Members were not only likely to be deceived, but in fact were deceived by BMW. Plaintiff and potential Class Members agreed to purchase or lease Class Vehicles under the basic assumption that they would be free from battery system defects that could lead to fire and serious injury, when in fact they were not. Plaintiff's and potential Class Members' reliance upon BMW's deceptive statements is reasonable due to the unequal bargaining power between BMW and Plaintiff and potential Class Members as well as BMW's superior knowledge. It is likely that BMW's fraudulent business practice would deceive members of the public at large.

107.    BMW deceived Plaintiff and Class Members by falsely representing that the Class Vehicles as being of merchantable, suitable quality. This conduct satisfies the "fraudulent" element of UCL Section 17200.

## BMW's Unlawful Business Acts and Practices

108.    BMW deceived Plaintiff and potential Class Members by representing the Class Vehicles to be of a certain, non-defective, quality, and unfairly deceived Plaintiff and potential

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Class Members by representing that that the Class Vehicles were suitable for sale, when BMW knew that they were not.

109.    BMW used misrepresentations and concealments of material facts to induce Plaintiff and potential Class Members to purchase the Class Vehicles, in violation of UCL Section 17200. Had BMW not misrepresented the quality of the Class Vehicles, Plaintiff and potential Class Members would not have purchased the Class Vehicles. BMW's conduct caused and continues to cause economic harm to Plaintiff and potential Class Members.

110.    The misrepresentations and concealments by BMW were "unlawful" business practices or acts under UCL section 17200.

111.    BMW has engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against BMW.  Pursuant to UCL section 17203, Plaintiff and potential Class Members seek an order requiring BMW to immediately cease its unlawful, unfair, and fraudulent business practices, and requiring BMW to correct its actions.

## FIFTH CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing
### (On Behalf of Plaintiff and Class Members)

112.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

113.    Plaintiff brings this clam on behalf of himself and on behalf of potential Class Members.

114.    Every contract in the State of California has an implied covenant of good faith and fair dealing. This implied covenant is an independent duty and may be breached even when there is no breach of the contract's express terms.

115.    Plaintiff and potential Class Members have complied with and performed all conditions of the contract.

116.    BMW breached the implied covenant of good faith and fair dealing by failing to

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

inform Plaintiff and potential Class Members of the battery system defect affecting the Class Vehicles and failing to properly repair this defect.

117. BMW acted in bad faith and/or with malicious motive in denying Plaintiff and potential Class Members the full benefit of their bargain as originally intended by the parties, thereby causing them injury in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and all others similarly situated prays as follows:

1) For an award of actual, general, special, incidental, statutory, compensatory and consequential damages on claims brought under California's Unfair Competition Law, breach of express and implied warranties under all relevant statutes, and breach of the implied covenant of good faith and fair dealing and in an amount to be proven at trial.

2) For a Temporary Restraining Order and a Preliminary Injunction:

   a) enjoining BMW from continuing to sell Class Vehicles containing the battery system defect to its California BMW dealerships;

   b) Directing BMW to issue a "Stop Sale" order to its California dealerships prohibiting the sales of any Class Vehicle to any member of the public;

   c) Directing BMW to take down advertisements for Class Vehicles or otherwise make abundantly clear to the general public on BMW's website and other advertising that Class Vehicles are subject to a defect that is not yet repairable that makes the electric portion of the vehicle not only effectively functionless but dangerous;

   d) Directing BMW to toll the express warranty period for all Class Vehicles to cover, at a minimum, the time period during which the Class Vehicles have been unable to operate with all functions consistent with *California Civil Code* § 1795.6.

   e) Directing BMW to repair Class Vehicles within 30 days of presentation pursuant to *California Civil Code* § 1793.4 or offer a repurchase of said vehicles pursuant to *California Civil Code* § 1794.

3) For an order certifying this action as a class action.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4) For an order appointing Plaintiff as Class Representative and his counsel as Class Counsel.

5) For attorney's fees.

6) For prejudgment interest.

7) For costs of suit.

8) For an order requiring BMW to disgorge, restore, and return all monies wrongfully obtained together with interest calculated at the maximum legal rate.

9) For any and all other relief the court may deem necessary and just.


Dated:  December 3, 2020                    **O'CONNOR LAW GROUP, P.C.**


                                        By:   /s/ Mark O'Connor
                                            Mark O'Connor
                                            Attorneys for Plaintiff, William Burbank


                                        **WIRTZ LAW APC**


                                        By:   /s/ Richard M. Wirtz
                                            Richard M. Wirtz
                                            Attorneys for Plaintiff, William Burbank


                                        **REALLAW, APC**


                                        By:   /s/ Michael J. Hassen
                                            Michael J. Hassen
                                            Attorneys for Plaintiff, William Burbank

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF