# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GARY FRISCH, *et al.*, on behalf of themselves and all those similarly situated,<br><br>     Plaintiffs,<br><br>*v.*<br><br>FCA US LLC,<br><br>     Defendant. | Case No.:  2:24-cv-10546-BRM-KGA<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Kimberly G. Altman |

## DEFENDANT FCA US LLC'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

Defendant FCA US LLC respectfully moves this Court to compel arbitration of the claims asserted in Plaintiffs' First Amended Class Action Complaint, or to dismiss those claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In support of its motion, FCA US incorporates herein by reference its accompanying Brief in Support.

Pursuant to E.D. Mich. L.R. 7.1(a), on August 9, 2024, FCA US's counsel conferred with Plaintiffs' counsel by telephone about the relief sought in this motion, and Plaintiffs did not consent to that relief.

Dated:  August 12, 2024

Respectfully submitted,

**KLEIN THOMAS LEE & FRESARD**

By:  /s/ *Stephen A. D'Aunoy*

Stephen A. D'Aunoy (MO/54961)
Scott H. Morgan (MO/61853)
100 N. Broadway, Suite 1600
St. Louis, Missouri  63102
Tel:  (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*-and-*

Fred Fresard (P43694)
Ian Edwards (P82021)
101 W. Big Beaver Road, Suite 1400
Troy, Michigan  48084
Tel:  (248) 509-9270
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

GARY FRISCH, *et al.*, on behalf of
themselves and all those similarly
situated,

      Plaintiffs,

*v.*

FCA US LLC,

      Defendant.

Case No.:  2:24-cv-10546-BRM-KGA

Hon. Brandy R. McMillion

Magistrate Judge Kimberly G. Altman

---

## FCA US LLC'S BRIEF IN SUPPORT OF ITS
## MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
## PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

---

### KLEIN THOMAS LEE & FRESARD

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan  48084
Tel:  (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

Stephen A. D'Aunoy (MO/54961)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste 1600
St. Louis, Missouri  63102
Tel:  (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

ISSUES PRESENTED........................................................................ xii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........................... xiv

I.     INTRODUCTION ................................................................1

II.    RELEVANT FACTUAL BACKGROUND.....................................1

       A.    The Alleged Defect At Issue. ........................................1

       B.    Plaintiffs' Allegations. ................................................2

       C.    The Vehicles' Written Warranties...................................3

       D.    The Proposed Classes And Claims. .................................3

III.   MOTION TO COMPEL ARBITRATION.....................................4

IV.    MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6) ...............5

       A.    The Governing Legal Standards......................................5

       B.    The MMWA Claim (Count I). ........................................6

       C.    The Implied Warranty Claims (Counts II, VIII, X, XIV, XVI, XX,
             XXIII, XXV, XXIX, XXXI). .........................................6

             1.    No Lack Of Merchantability (All Counts).....................6

             2.    No Manifestation Of Defect (Counts VIII, XIV, XX, XXIII,
                   XXV, XXIX, XXXI). ...........................................7

             3.    Pre-Suit Notice (Counts XIV, XVI XXIX, XXXI). ..............8

             4.    Lack of Privity (Counts II, XIV, XVI, XXIII). ..................9

       D.    The Fraud-Based Consumer Protection Claims (Counts III, V, VI,
             VII, XI, XIII, XVII, XIX, XXII, XXVI, XXVIII, XXXII).................11

             1.    Rule 9(b) (All Counts). .........................................11

2.     No Pre-Sale Knowledge (All Counts). ....................................13

3.     No Duty to Disclose (All Counts except XVII).......................17

4.     The Economic Loss Doctrine (Counts XI, XXII, XXXII). ......20

5.     Lack Of "Egregious Or Aggravating Circumstances" And "In-State Injuries" Required For NCUDTPA Claim (Count XXII). ..................................................................................................21

6.     The OCPA Is Inapplicable To Regulated Activities (Count XXVI). ....................................................................................21

7.     No Violation Of The UCL (Count VI). ...................................22

E.     The Unjust Enrichment Claims (Counts IV, IX, XII, XV, XVIII, XXI, XXIV, XXVII, XXX, XXXIII)...........................................................23

V.     CONCLUSION.................................................................................25

# TABLE OF AUTHORITIES

## Cases

*Adams v. Nissan N. Am., Inc.*,
    2018 WL 2338871 (S.D.Tex. 2018)...............................................................20

*Altman v. PNC Mortg.*,
    850 F.Supp.2d 1057 (E.D.Cal. 2012) ...........................................................23

*Ambrose v. Gen. Motors LLC*,
    2022 WL 3701946 (E.D.Mich. 2022) ...........................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................5

*Baker v. Trans Union LLC*,
    2008 WL 2329099 (D.Ariz. 2008)..................................................................25

*Barnett v. Schwan's Consumer Brands, Inc.*,
    2023 WL 6216955 (S.D.Ill. 2023)....................................................................8

*BCC Merch. Sols., Inc. v. Jet Pay, LLC*,
    129 F.Supp.3d 440 (N.D.Tex. 2015)...............................................................21

*Beck v. FCA US LLC*,
    273 F.Supp.3d 735 (E.D.Mich. 2017) ..............................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................5

*Bernardoni v. FCA US LLC*,
    2024 WL 3103316 (E.D.Mich. 2024) ...............................................................4

*Brios v. Wells Fargo Bank*,
    737 F.Supp.2d 1018 (N.D.Cal. 2010)..............................................................23

*Brisson v. Ford Motor Co.*,
    602 F.Supp.2d 1227 (M.D.Fla 2009) ..............................................................10

*Brown v. Hyundai Motor Am.*,
   2019 WL 4126710 (D.N.J. 2019) ................................................................20

*Bussian v. DaimlerChrysler Corp.*,
   411 F.Supp.2d 614 (M.D.N.C. 2006).......................................................7, 21

*Campos v. Polaris, Inc.*,
   2024 WL 1816945 (C.D.Cal. 2024) .............................................................7

*Chapman v. Gen. Motors LLC*,
   531 F.Supp.3d 1257 (E.D.Mich. 2021) ......................................................12

*Cohen v. Subaru of America, Inc.*, 2
   022 WL 721307 (D.N.J. 2022) ....................................................................7

*Conejo v. JPMorgan Chase Bank*,
   2011 WL 6149246 (C.D.Cal. 2011) ...........................................................23

*Cycle & Marine Land, Inc. v. Polaris Sales, Inc.*,
   614 F.Supp.2d 782 (E.D.Mich. 2007) .........................................................4

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006).....................................................................................5

*Dairy, LLC v. Milk Moovement, Inc.*,
   2022 WL 2392622 (E.D.Cal. 2022)............................................................24

*Demaria v. Nissan N. Am., Inc.*,
   2016 WL 374145 (N.D.Ill. 2016) ...............................................................13

*Dinwiddie v. Suzuki Motor of Am.*, Inc.,
   111 F.Supp.3d 1202 (W.D.Okla. 2015).....................................................7, 22

*Droesser v. Ford Motor Co.*,
   2023 WL 2746792 (E.D.Mich. 2023)...........................................................6

*Ehrlich v. BMW of N. Am., LLC*,
   801 F.Supp.2d 908 (C.D.Cal. 2010)...........................................................20

*Elliott v. Gen. Motors LLC*,
   605 F.Supp.3d 937 (E.D.Mich. 2022) ........................................................15

*Ellis v. La.-Pac. Corp.*,
    699 F.3d 778 (4th Cir. 2012) ..........................................................................21

*Elmazouni v. Mylan, Inc.*,
    220 F.Supp.3d 736 (N.D.Tex. 2016) ...............................................................8

*Espineli v. Toyota Motor Sales, U.S.A., Inc.*,
    2019 WL 2249605 (E.D.Cal. 2019) ...............................................................19

*Flores v. FCA US LLC*,
    2021 WL 1122216 (E.D.Mich. 2021) ............................................................14

*Francis v. Mead Johnson & Co.*,
    2010 WL 5313540 (D.Colo. 2010)..................................................................24

*Gant v. Ford Motor Co.*,
    517 F.Supp.3d 707 (E.D.Mich. 2021) ......................................................9, 22

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
    53 F.Supp.3d 943 (S.D.Tex. 2014) .................................................................24

*Glass v. BMW of N. Am., LLC*,
    2011 WL 6887721 (D.N.J. 2011) .....................................................................7

*Glob. Textile All., Inc. v. TDI Worldwide, LLC*,
    2018 WL 2721987 (N.C.Sup. 2018)................................................................18

*Gravina Siding & Windows Co. v. Gravina*,
    2022 WL 1417336 (Colo.App. 2022)..............................................................23

*Great Am. Emu Co., LLC v. E.J. McKernan Co.*,
    509 F.Supp.3d 528 (E.D.N.C. 2020) ..............................................................23

*Gregorio v. Ford Motor Co.*,
    522 F.Supp.3d 264 (E.D.Mich. 2021) ...........................................................15

*Hall v. Gen. Motors LLC*,
    2020 WL 1285636 (E.D.Mich. 2020) .......................................................7, 13

*Hampton v. Gen. Motors, LLC*,
    2022 WL 4538440 (E.D.Okla. 2022) .............................................................19

*Harmon v. Lenovo (United States) Inc.*,
　2024 WL 1741264 (S.D.Ill. 2024) ...................................................................10

*Harrison v. Gen. Motors, LLC*,
　2023 WL 348962 (E.D.Mich. 2023) .................................................................15

*Hawkins v. Shimano N. Am. Bicycle Inc.*,
　2024 WL 2105596 (C.D.Cal. 2024) .................................................................11

*Herremans v. BMW of N. Am., LLC*,
　2014 WL 5017843 (C.D.Cal. 2014) .................................................................17

*Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*,
　2013 WL 2285453 (E.D.Mich. 2013) ..............................................................11

*Hollenshead v. New Penn Fin., LLC*,
　447 F.Supp.3d 283 (E.D.Pa. 2020)...................................................................24

*Home Owners Ins. Co. v. ADT LLC*,
　109 F.Supp.3d 1000 (E.D.Mich. 2015) ............................................................11

*In re Chevrolet Bolt EV Battery Litig.*,
　633 F.Supp.3d 921 (E.D.Mich. 2022) ..............................................................14

*In re MyFord Touch*,
　46 F.Supp.3d 936 (N.D.Cal. 2014)......................................................................8

*In re Nickelodeon Consumer Priv. Litig.*,
　2014 WL 3012873 (D.N.J. 2014) .....................................................................24

*In re Parmalat*,
　383 F.Supp.2d 587 (S.D.N.Y. 2005) ................................................................21

*In re Shop-Vac Mktg. & Sales Pracs. Litig.*,
　2014 WL 3557189 (M.D.Pa. 2014).....................................................................8

*Johnson v. FCA US LLC*,
　555 F.Supp.3d 488 (E.D.Mich. 2021) ...................................................... 15, 23

*Johnson v. KB Home*,
　720 F.Supp,2d 1109 (D.Ariz. 2010) .................................................................24

*Johnson v. Nissan N. Am., Inc.*,
    2018 WL 905850 (N.D.Cal. 2018)................................................................10

*Kopel v. Kopel*,
    229 So.3d 812 (Fla. 2017)........................................................................25

*Leon v. Cont'l AG*,
    301 F.Supp.3d 1203 (S.D.Fla. 2017) ......................................................10

*Lewis v. Mercedes-Benz USA, LLC*,
    530 F.Supp.3d 1183 (S.D.Fla. 2021)......................................................24

*Lisowski v. Henry Thayer Co., Inc.*,
    501 F.Supp.3d 316 (W.D.Pa. 2020) ......................................................8, 9

*Loomis v. U.S. Bank Home Mortg.*,
    912 F.Supp.2d 848 (D.Ariz. 2012) ........................................................19

*Martis v. Grinnell Mut. Reinsurance Co.*,
    905 N.E.2d 920 (Ill.App. 2009)..............................................................24

*Matanky v. Gen. Motors LLC*,
    370 F.Supp.3d 772 (E.D.Mich. 2019)................................................ 17, 22

*Mayotte v. US Bank*,
    424 F.Supp.3d 1077 (D.Colo. 2019) ......................................................21

*McCabe v. Daimler AG*,
    948 F.Supp.2d 1347 (N.D.Ga. 2013)......................................................10

*McCracken v. R.J. Reynolds Tobacco Co.*,
    2018 WL 3130402 (E.D.Pa. 2018)..........................................................20

*McKee v. Gen. Motors LLC*,
    376 F.Supp.3d 751 (E.D.Mich. 2019) ......................................................6

*Mekertichian v. Mercedes–Benz U.S.A., L.L.C.*,
    807 N.E.2d 1165 (Ill.App. 2004)............................................................10

*Mercer v. Jaffe, Snider, Raitt & Heuer, P.C.*,
    713 F.Supp. 1019 (W.D.Mich. 1989)......................................................11

*Merch. One, Inc. v. TLO, Inc.*,
    2020 WL 248608 (S.D.Fla. 2020) ...............................................20

*Meyer v. Colavita USA Inc*.,
    2011 WL 13216980 (S.D.Fla. 2011) ........................................8, 9

*Mezibov v. Allen*,
    411 F.3d 712 (6th Cir. 2005) ...................................................5

*Miller v. Gen. Motors, LLC*,
    2018 WL 2740240 (E.D.Mich. 2018) .................................. 16, 23

*Naiman v. Alle Processing Corp.*, 2020 WL 6869412 (D.Ariz. 2020) ..................24

*Orthman v. Premiere Pediatrics, PLLC*,
    545 P.3d 124 (Okla.Civ.App. 2024) ..........................................25

*Pickens v. Mercedes-Benz USA, LLC*,
    2021 WL 5050289 (N.D.Ill. 2021) ............................................10

*Pistorio v. FCA US LLC*,
    2022 WL 141524 (E.D.Mich. 2022) ...........................................8

*Priebe v. Autobarn, Ltd.*,
    240 F.3d 584 (7th Cir. 2001) ...................................................7

*Randle v. City of Tulsa*,
    2024 WL 2949398 (Okla. 2024)................................................24

*Raymo v. FCA US LLC*,
    475 F.Supp.3d 680 (E.D.Mich. 2020) .......................................13

*Renfro v. Champion Petfoods USA, Inc*,
    25 F.4th 1293 (10th Cir. 2022)................................................19

*Republic Bank & Tr. Co. v. Bear Stearns & Co.*,
    683 F.3d 239 (6th Cir. 2012).................................................11

*Roe v. Ford Motor Co.*,
    2019 WL 3564589 (E.D.Mich. 2019) .......................................15

viii

*Schmidt v. Ford Motor Co.*,
    972 F.Supp.2d 712 (E.D.Pa. 2013) ............................................................8, 25

*Shearson/Am. Express, Inc. v. McMahon*,
    482 U.S. 220 (1987) ......................................................................................4

*Simon v. E. Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976) ........................................................................................5

*Smith v. Gen. Motors LLC*,
    988 F.3d 873 (6th Cir. 2021) ................................................................ 13, 15

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .........................................................................23

*Southwood v. Credit Card Sol.*,
    2016 WL 8710985 (E.D.N.C. 2016) ............................................................25

*Speier-Roche v. Volkswagen Grp. of Am. Inc.*,
    2014 WL 1745050 (S.D.Fla. 2014) ..............................................................24

*Stephens v. Target Corp.*,
    694 F.Supp.3d 1136 (D.Minn. 2023) ...........................................................9

*Studio 1220, Inc. v. Bank of America Corp.*,
    2022 WL 1617114 (9th Cir. 2022) ..............................................................19

*Tague v. Autobarn Motors, Ltd.*,
    914 N.E.2d 710 (Ill.App. 2009) ....................................................................7

*Taragan v. Nissan N.Am., Inc.*,
    2013 WL 3157918 (N.D.Cal. 2013) .............................................................18

*U.S. Tire-Tech, Inc. v. Boeran, B.V.*,
    110 S.W.3d 194 (Tex.App. 2003) .................................................................8

*United States v. Jurik*,
    943 F.Supp.2d 602 (E.D.N.C. 2013) ...........................................................24

*Vantage Learning (USA), LLC v. Edgenuity, Inc.*,
    246 F.Supp.3d 1097 (E.D.Pa. 2017) ............................................................23

*Walton v. Grammer Indus. Inc.*,
    2021 WL 4458761 (E.D.Mich. 2021) ...........................................................15

*White v. Gen. Motors*,
    2022 WL 3597161 (D.Colo. 2022) ..............................................................21

*Wilcox v. Hillcrest Mem'l Park of Dallas*,
    696 S.W.2d 423 (Tex.App. 1985) ................................................................9

*Willard v. Home Depot, U.S.A., Inc.*,
    2009 WL 4730644 (N.D.Fla. 2009) .............................................................8

*Williams v. Tesla, Inc.*,
    2022 WL 899847 (N.D.Cal. 2022) .............................................................22

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ...................................................................22

*Withers v. BMW of N. Am., LLC*,
    2021 WL 4204332 (W.D.N.C. 2021) .........................................................17

*Withrow v. FCA US LLC*,
    2021 WL 2529847 (E.D.Mich. 2021) ..........................................................6

## Statutes

15 U.S.C. § 2310(d)(3)(C) ...................................................................................6

49 U.S.C. §§ 30101–30170 ("TREAD Act")....................................................17

13 Pa. Cons. Stat. § 2607 cmt 4..........................................................................8

810 Ill. Comp. Stat. Ann. 5/2-607 cmt 4.............................................................8

Fla. Stat. § 672.607 cmt 4 ...................................................................................8

Okla. Stat. Ann. Tit. 15, § 754(2) .....................................................................22

Tex. Bus. & Com. Code Ann. § 2.607 cmt 4.......................................................8

**Rules**

Federal Rules of Civil Procedure, Rule 9(b)..................................................... 11, 19

Federal Rules of Civil Procedure, Rule12(b)(1).......................................................5

Federal Rules of Civil Procedure, Rule 12(b)(6).......................................................5

Consumer Arbitration Rules of the American Arbitration Association ...................4

**Treatises**

Restatement (Second) of Torts § 551......................................................................19

## ISSUES PRESENTED

1.  Should the Court compel arbitration of all claims asserted by Plaintiffs when: (i) the written warranties for their vehicles include a mandatory arbitration provision regarding "any dispute arising out of or relating to any aspect of the relationship between [them] and FCA US"; and (i) those arbitration agreements expressly incorporate the rules of the American Arbitration Association which delegate any disputes over "the existence, scope, or validity of the arbitration agreement" and "the arbitrability of any claim" to the arbitrator for decision?

    The Court should respond: "yes."

2.  Should the Court dismiss Plaintiffs' Magnuson-Moss Warranty Act claims when (i) Plaintiffs lack standing to assert their claims on a nationwide basis, (ii) the claims fail to satisfy the Act's jurisdictional requirement of at least 100 named plaintiffs in a class case, and (iii) the underlying state law claims fail?

    The Court should respond: "yes."

3.  Should the Court dismiss Plaintiffs' breach of implied warranty claims when (i) they have failed to plead facts showing their own vehicles were unmerchantable at the time of purchase, (ii) they have failed to plead facts showing the alleged defect has actually manifested in their own vehicles, (iii) they have failed to provide FCA US with the pre-suit notice statutorily required for such claims under Florida, Illinois, Pennsylvania, and Texas law, and (iv) Plaintiffs lack the privity required for such claims under Arizona, Florida, Illinois, and North Carolina law?

    The Court should respond: "yes."

4.  Should the Court dismiss Plaintiffs' state-law consumer protection statute claims when (i) Plaintiffs' averments lack the specificity Rule 9(b) requires, (ii) Plaintiffs fail to plead facts showing pre-sale knowledge of the purported defect, (iii) Plaintiffs fail to plead facts showing a duty to disclose, (iv) the economic loss doctrine bars their CCPA, NCUDTPA, and TDTPA claims, (v) the NCUDTPA claim requires allegations beyond a mere alleged failure to provide notice of a defect, and applies only to in-state purchases, (vi) the OCPA does not apply to transactions covered by other regulatory schemes,

and (vii) Plaintiffs fail to plead the facts required to show any violation of the UCL?

      The Court should respond: "yes."

5.     Should the Court dismiss Plaintiffs' claims for unjust enrichment when (i) the Plaintiffs' vehicles were sold with express warranties setting forth the parties' rights and responsibilities regarding the vehicles; (ii) California, Illinois, New Jersey, and Texas do not recognize "unjust enrichment" as a standalone cause of action; (iii) Plaintiffs have failed to plead a lack of adequate legal remedies, and (iv) no Plaintiff alleges they conferred a direct benefit on FCA US?

      The Court should respond: "yes."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Smith v. Gen. Motors LLC,* 988 F.3d 873, 885 (6th Cir. 2021)

*Bernardoni v. FCA US LLC*, 2024 WL 3103316, **3-4 (E.D.Mich. 2024)

*Droesser v. Ford Motor Co.*, 2023 WL 2746792, *19 (E.D.Mich. 2023)

*Gant v. Ford Motor Co.*, 517 F.Supp.3d 707, 717 (E.D.Mich. 2021)

*Hall v. Gen. Motors, LLC*, 2020 WL 1285636, *11 (E.D.Mich. 2020)

*McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751, 755 (E.D.Mich. 2019)

*Miller v. Gen. Motors, LLC*, 2018 WL 2740240, *13 (E.D.Mich. 2018)

*Beck v. FCA US LLC*, 273 F.Supp.3d 735, 762 (E.D.Mich. 2017)

## I.     INTRODUCTION

Plaintiffs filed this case after FCA US LLC publicly announced a NHTSA-supervised motor vehicle recall addressing a potential risk of fires (based on two field reports and five other "potentially" related incidents) in certain model-year 2021-23 Jeep Wrangler 4xe vehicles.[1]  Pointing to and relying on that recall, Plaintiffs assert various fraud, implied warranty, and unjust enrichment claims under ten states' laws.[2] But, the written warranties provided for Plaintiffs' vehicles require arbitration of such claims.  Plaintiffs have also failed to plead the facts required to show that FCA US knew of any defect in their vehicles when sold, precluding any fraud-based claim. And, their claims also fail for a host of additional reasons.  Thus, as explained herein, arbitration should be compelled, or the FAC should be dismissed.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     The Alleged Defect At Issue.

In mid-2023, FCA US received two field reports of fires in model-year 2021 Jeep Wrangler 4xe vehicles, and immediately opened an investigation.  *See* FAC, Exhibit 57, at p. 2 (PageID.1928).   Five other "potentially relat[ed]" fires were identified and investigated, so on November 16, 2023 FCA US initiated a voluntary

---

[1] The Jeep Wrangler 4xe is a type of plug-in hybrid electric vehicle ("PHEV"). *See* First Amended Class Action Complaint, ECF #18 ("FAC").

[2] *Id.* at ¶¶ 282-758 (PageID.850-957).

recall of model-year 2021-2023 Jeep Wrangler PHEV vehicles manufactured between September 2020 and March 2023.  *Id.* at pp. 2-3 (PageID.1928-29).[3]  Just one percent of the approximately 32,250 "potentially involved" vehicles in the recall are estimated to have a defect.  *Id.* at p. 1 (PageID.1927).

Under the recall, FCA US advised consumers "to refrain from recharging these vehicles and not to park them inside of buildings or structures, or near other vehicles" until they take their vehicles to a dealer for the recall repair, which involves installing a software update to the Battery Pack Control Module (BPCM) and the performance of a BPCM integrity procedure.  *See* FAC, Exhibit 58, at PageID.1964.  The updated software is designed to detect potential problems with the battery's condition, and the free recall repair includes installing the new software, using it to confirm the battery's condition, and replacing the battery if any issue is detected.  *Id.* at PageID.1931, 1964.

## B.   Plaintiffs' Allegations.

Plaintiffs' claims are all based on essentially the same rote allegations:  they (i) researched vehicles' features online, (ii) acquired them for their "hybrid vehicle" benefits, and (iii) are now "concerned about driving, charging, and parking" them.[4]

---

[3]At the time of each fire incident, the vehicles were parked and turned off, and seven were connected to chargers.  *See* ECF #1-2 (PageID.119).  The incidents caused "only vehicle and property damage," and none occurred while a vehicle was in operation or involved any accidents or injuries.  *Id.*; ECF #1-6 (PageID.396).

[4]*See* FAC, ¶¶ 20-21, 26-27, 33-34, 39-40, 45-46, 51-52, 57-58, 63, 68-69, 74-75, 80-81, 86-87, 92-93 (PageID.738-39, 741-42, 744-747, 749-752, 754-759, 761-

Each Plaintiff avers purchasing or leasing a model-year 2021 or 2023 Jeep Wrangler PHEV[5] from an "authorized FCA US dealer," or a "dealer," in the state under whose laws they bring their claims.

## C.   The Vehicles' Written Warranties.

FCA US provided a written warranty for each model-year 2021 Jeep Wrangler 4xe vehicle when sold new.  *See*, *generally*, Exhibit A (2021 Warranty Information – Wrangler 4xe); Exhibit B (2023 Warranty Information – Wrangler 4xe).   These warranties provide that "any dispute arising out of or relating to any aspect of the relationship between you and FCA US LLC will not be decided by a judge or jury but instead by a single arbitration administered by the American Arbitration Association (AAA) under its Consumer Arbitration Rules."  Ex. A, p. 5; Ex. B, p. 5 (emphasis omitted).  The warranties also provide a 3-year/36,000-mile Basic Limited Warranty and a High Voltage Battery Limited Warranty.  Ex. A, p. 11; Ex. B, pp. 10-11.

## D.   The Proposed Classes And Claims.

Plaintiffs assert a claim under the Magnuson-Moss Warranty Act ("MMWA") for a nationwide class comprised of those "who purchased or leased one or more 2021-2023 Jeep Wrangler 4xe 'Class Vehicles.'"  *See* FAC, ¶¶ 265-81 (PageID.845-850).

---

764, 766-769).  Plaintiff Natalia Liakhova alleges a fire incident in April 2024 for her vehicle.  *Id.* at ¶¶ 6, 64 (PageID.731, 757).

[5]Plaintiffs Liakhova and Liscano (only) aver leasing a model-year 2023 Jeep Wrangler 4xe.  *See* FAC, ¶¶ 62, 91 (PageID.756, 768).

For ten similarly defined state-based subclasses, Plaintiffs assert claims for violation of the consumer protection statutes in these states, as well as for breach of implied warranty and unjust enrichment. *Id.* at ¶¶ 255, 282-758 (PageID.841-42, 850-957).

## III.   <u>MOTION TO COMPEL ARBITRATION</u>

The Federal Arbitration Act, 9 U.S.C. §§ 1-16, establishes a "federal policy favoring arbitration," and requires courts "rigorously enforce arbitration agreements to arbitrate." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). Upon the showing of a written agreement to arbitrate and a dispute within the scope of the agreement, arbitration should be compelled. *See, e.g.*, *Cycle & Marine Land, Inc. v. Polaris Sales, Inc.*, 614 F.Supp.2d 782, 785 (E.D.Mich. 2007). Where the agreement provides for submission of gateway issues of arbitrability, scope, or enforceability to the arbitrator – or incorporates an arbitration forum's rules providing that such issues will be decided by the arbitrator – a court must compel arbitration and defer those issues to the arbitrator. *See, e.g.*, *Bernardoni v. FCA US LLC*, 2024 WL 3103316, **3-4 (E.D.Mich. 2024).

Here, the warranties for Plaintiffs' vehicles include a mandatory arbitration provision requiring they arbitrate "any dispute arising out of or relating to any aspect of the relationship between [them] and FCA US." *See* Ex. A, p. 5; Ex. B, p. 5. The agreement also provides such claims will be governed by the Consumer Arbitration Rules of the American Arbitration Association ("AAA") (*see id.*), which delegate

disputes over "the existence, scope, or validity of the arbitration agreement" as well as "the arbitrability of any claim" to the arbitrator.  *See* AAA Consumer Arbitration Rules, R-14 (available at https://adr.org/sites/default/files/Consumer%20Rules.pdf). Thus, since a written agreement to arbitrate the claims at issue in this case exists, the Court should compel arbitration, and allow the arbitrators to resolve any disputes over arbitrability or the merits of the claims.

### IV.   <u>MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)</u>

### A.   **The Governing Legal Standards.**

A lack of standing requires dismissal under Rule 12(b)(1), and "[a] plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006).  That a suit is brought as a class action "adds nothing to the question of standing." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quotation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must have "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice").

**B.     The MMWA Claim (Count I).**

Plaintiffs' MMWA claim fails for three reasons:

*First*, Plaintiffs assert a "nationwide" MMWA claim, but allege no injury in states other than where they reside or purchased their vehicles, and thus lack standing to bring any nationwide claim, or any claim under the laws of other states. *See*, *e.g.*, *McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751, 755 (E.D.Mich. 2019); *see also Withrow v. FCA US LLC*, 2021 WL 2529847, **5-11 (E.D.Mich. 2021).

*Second*, MMWA class claims require at least 100 named plaintiffs to satisfy the jurisdictional prerequisite. *See* 15 U.S.C. § 2310(d)(3)(C); *see also Droesser v. Ford Motor Co.*, 2023 WL 2746792, *19 (E.D.Mich. 2023). The class claims brought under the MMWA thus fail, and should be dismissed, because there are only 14 named plaintiffs in this case. *See* FAC, ¶¶ 19-96 (PageID.738-770).

*Third*, Plaintiffs' individual MMWA claims fail because they rise and fall with their underlying state-law implied warranty claims, *McKee*, 376 F.Supp.3d at 760, and those claims fail for the reasons explained below, *see* § IV.C, *infra*.

**C.     The Implied Warranty Claims (Counts II, VIII, X, XIV, XVI, XX, XXIII, XXV, XXIX, XXXI).**

**1.     No Lack Of Merchantability (All Counts).**

Despite Plaintiffs' rote allegations of being "concerned about driving, charging, and parking" their vehicles, *see* § II.B, *supra*, none but Liakhova assert a single *fact* suggesting they are unable to use or drive their vehicles, *see* FAC, ¶¶ 19-

96 (PageID.738-770). The prolonged use of Plaintiffs' vehicles without a problem means they cannot plead viable implied warranty claims as a matter of law.[6]

**2.      No Manifestation Of Defect (Counts VIII, XIV, XX, XXIII, XXV, XXIX, XXXI).**

California, Florida, New Jersey, North Carolina, Oklahoma, Pennsylvania, and Texas require a plaintiff plead facts showing the purported defect has actually manifested in their own vehicle—or is substantially certain to manifest—within the warranty period.[7] Since Plaintiffs fail to plead such facts, the implied warranty claims

---

[6]*See, e.g.*, *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 588 (7th Cir. 2001) (claim failed where plaintiff "had driven the Acura more than 30,000 miles," despite allegations he "believed it was 'dangerous to drive'"); *Beck v. FCA US LLC*, 273 F.Supp.3d 735, 759, 762 (E.D.Mich. 2017) (applying California law, dismissing claim because "there is no indication that … , despite the safety concerns, [plaintiff] has actually stopped driving his vehicle"); *Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, *2, 15 (D.N.J. 2011) (claim failed because, even if vehicle had safety defect and did not fulfill expectations, plaintiff drove it for many years/miles and never alleged it failed to provide minimum level of quality); *Bussian v. DaimlerChrysler Corp.*, 411 F.Supp.2d 614, 623-24 (M.D.N.C. 2006) (no claim where plaintiff drove vehicle for 2+ years and never alleged defect caused mechanical problems/accidents, rendered vehicle "inoperable," or he ever stopped driving or "lost faith" in vehicle); *Tague v. Autobarn Motors, Ltd.*, 914 N.E.2d 710, 722 (Ill.App. 2009) (no lack of merchantability where "plaintiff drove the vehicle over 14,000 miles [] within the first six months").

[7]**CA**, **FL**, **NJ**, **NC**, **PA**, **TX**: *Cohen v. Subaru of America, Inc.*, 2022 WL 721307, *9, 11 (D.N.J. 2022). **OK**: *Dinwiddie v. Suzuki Motor of Am.*, Inc., 111 F.Supp.3d 1202, 1209 (W.D.Okla. 2015); *see also Campos v. Polaris, Inc.*, 2024 WL 1816945, *3 (C.D.Cal. 2024) (dismissing claim where plaintiffs did not allege the potential defect "actually manifested in their vehicles"); *Hall v. Gen. Motors LLC*, 2020 WL 1285636, *11 (E.D.Mich. 2020) (a plaintiff "cannot state a viable … claim" where implied warranties expired before they sought service").

in Counts VIII, XIV, XX, XXIII, XXV, XXIX, and XXXI must be dismissed.

    **3.    Pre-Suit Notice (Counts XIV, XVI XXIX, XXXI).**

    Florida, Illinois, Pennsylvania, and Texas each require pre-suit notice of the purported breach from the plaintiff to the defendant manufacturer.[8]  Here, Plaintiffs assert FCA US "was provided" notice through (i) random online complaints by others; (ii) the filing of this action; and (iii) Plaintiffs' counsel's March 4, 2024 letter. *Id.* at ¶¶ 290, 411, 483, 506, 571, 612, 635, 699, 722 (PageID.852, 881, 896, 901, 915, 924, 929-930, 943, 948).  None of this suffices for the required pre-suit notice.

    But, online complaints clearly do not suffice for pre-suit notice because the law requires that the *plaintiff* inform the defendant.[9]  Nor is simply filing a complaint sufficient,[10] or sending a letter (as here) at the same time the complaint is filed—

---

    [8]**FL**: *Pistorio v. FCA US LLC*, 2022 WL 141524, *8 (E.D.Mich. 2022).  **IL**: *Barnett v. Schwan's Consumer Brands, Inc.*, 2023 WL 6216955, *3 (S.D.Ill. 2023). **PA**: *Schmidt v. Ford Motor Co.*, 972 F.Supp.2d 712, 718 (E.D.Pa. 2013).  **TX**: *Elmazouni v. Mylan, Inc.*, 220 F.Supp.3d 736, 746 (N.D.Tex. 2016).

    [9]**FL**: *Willard v. Home Depot, U.S.A., Inc.*, 2009 WL 4730644, *3 (N.D.Fla. 2009).  **IL**: *Barnett*, 2023 WL 6216955 at *3.  **PA**: *Lisowski v. Henry Thayer Co., Inc.*, 501 F.Supp.3d 316, 331 (W.D.Pa. 2020).  **TX**: *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201-02 (Tex.App. 2003).

    [10]**FL**: *Meyer v. Colavita USA Inc*., 2011 WL 13216980, *5 (S.D.Fla. 2011). **IL**: *Barnett*, 2023 WL 6216955, *3.  **PA**: *In re Shop-Vac Mktg. & Sales Pracs. Litig.*, 2014 WL 3557189, *8 (M.D.Pa. 2014).  **TX**: *In re MyFord Touch*, 46 F.Supp.3d 936, 978, (N.D.Cal. 2014).  If it did, it would entirely undermine the legislative purpose of the notice requirement, *i.e.*, to open "the way for normal settlement through negotiation." *See*, *e.g.*, Fla. Stat. § 672.607 cmt 4; 810 Ill. Comp. Stat. Ann. 5/2-607 cmt 4; 13 Pa. Cons. Stat. § 2607 cmt 4; Tex. Bus. & Com. Code Ann. § 2.607 cmt 4.

indeed, courts agree that such tactics fundamentally undermine the entire point of requiring pre-suit notice, which is to promote settlement before a case is filed.[11]

And, in New Jersey, where the warranty itself contains a pre-suit requirement (as here), courts strictly enforce it.  *See Miller v. Samsung Elecs. Am., Inc.*, 2015 WL 3965608, *15 (D.N.J. 2015); *see also* Exhibit A, p. 23.  But the Wadleighs (like the other Plaintiffs) failed to plead or provide that notice.  *See*, *generally*, FAC.

### 4.    Lack of Privity (Counts II, XIV, XVI, XXIII).

The Arizona, Florida, Illinois, and North Carolina claims also require privity.[12]  Plaintiffs admit they lack it, *id.* at ¶¶ 19, 25, 32, 50, 56, 62, 73 (PageID.738, 740-741, 743, 751, 753-54, 756, 761) (showing purchases from third parties), and instead try to rely on exceptions to the rule, *id.* at ¶¶ 288, 481, 504, 610 (PageID.852, 895, 900-901, 923-994).  But Arizona and North Carolina recognize no exceptions to the privity requirement at all, and while Florida and Illinois recognize some exceptions, Plaintiffs fail to adequately plead any.[13]

---

[11] **FL**: *Meyer*, 2011 WL 13216980 at *5.  **IL**: *Stephens v. Target Corp.*, 694 F.Supp.3d 1136, 1147 (D.Minn. 2023).  **PA**: *Lisowski*, 2021 WL 1185924 at *3.  **TX**: *Wilcox v. Hillcrest Mem'l Park of Dallas*, 696 S.W.2d 423, 424 (Tex.App. 1985).  *See also* ECF #16-8 (PageID.716) (letter received 3/4/24, *i.e.*, the day suit was filed).

[12] **AZ**: *Factor LLC v. Precision Extraction Corp.*, 2022 WL 580878, *5 (D.Ariz. 2022).  **FL**: *Inouye v. Adidas Am., Inc.*, 2023 WL 2351654, *7 (M.D.Fla. 2023).  **IL**: *Voelker v. Porsche Cars N. Am.*, 353 F.3d 516, 525-26 (7th Cir. 2003).  **NC**: *Blackman v. Boston Whaler, Inc.*, 649 F.Supp.3d 142, 149-50 (E.D.N.C. 2023).

[13] *Gant v. Ford Motor Co.*, 517 F.Supp.3d 707, 717 (E.D.Mich. 2021) (lack of privity is "an *insurmountable* bar" in Arizona and North Carolina) (emphasis added).

*Direct Dealings*: In Florida, conclusory averments of direct dealings are insufficient, especially where a plaintiff fails to name his vehicle's direct seller. *See Leon v. Cont'l AG*, 301 F.Supp.3d 1203, 1223 (S.D.Fla. 2017). But that is precisely what Plaintiffs do. *See* FAC, ¶¶ 50, 56, 481 (PageID.751, 753-754, 895). And, in Illinois, the exception "does not extend to goods mass-produced and sold at retail to a third-party who is not a beneficiary of the manufacturer-seller contract." *Harmon v. Lenovo (United States) Inc.*, 2024 WL 1741264, *5 (S.D.Ill. 2024). Liakhova admits she purchased her mass-produced vehicle through a dealer. *See* FAC, ¶¶ 62-66, 504 (PageID.756-758, 900-901).

*Agency*: Florida and Illinois both recognize an agency exception but require far more than the conclusory assertions Plaintiffs make. *Compare Brisson v. Ford Motor Co.*, 602 F.Supp.2d 1227, 1232 (M.D.Fla 2009) *and Pickens v. Mercedes-Benz USA, LLC*, 2021 WL 5050289, *3 (N.D.Ill. 2021) (dealer *not* an agent for manufacturer absent "more than a routine dealer relationship"), *with* FAC, *generally*.

*Third-Party Beneficiary*: Florida and Illinois do **not** recognize a third-party beneficiary exception when consumers assert implied warranty claims against manufacturers, as is the case here. *See, e.g., Johnson v. Nissan N. Am., Inc.*, 2018 WL 905850, *5 (N.D.Cal. 2018); *McCabe v. Daimler AG*, 948 F.Supp.2d 1347, 1362 (N.D.Ga. 2013); *Mekertichian v. Mercedes–Benz U.S.A., L.L.C.*, 807 N.E.2d 1165, 1169 (Ill.App. 2004).

10

<u>*Inherent Danger*</u>:   Similarly, "there is no 'dangerous instrumentality' exception for implied warranty claims under Florida [or] Illinois … law." *Hawkins v. Shimano N. Am. Bicycle Inc.*, 2024 WL 2105596, *19 n.7 (C.D.Cal. 2024).

## D.   The Fraud-Based Consumer Protection Claims (Counts III, V, VI, VII, XI, XIII, XVII, XIX, XXII, XXVI, XXVIII, XXXII).

Plaintiffs bring fraud-based consumer protection claims under the laws of their home states.  Each is based on essentially identical, generic allegations of unspecified misrepresentations and omissions concerning the purported defect.  These claims fail.

### 1.   Rule 9(b) (All Counts).

To survive dismissal, Plaintiffs must plead *facts* detailing FCA US's allegedly fraudulent statements, and they must identify the who, what, when, where, why, and how for each.  *See*, *e.g.*, *Home Owners Ins. Co. v. ADT LLC*, 109 F.Supp.3d 1000, 1008-09 (E.D.Mich. 2015).  Rule 9(b) applies equally to the omission-based claims and requires allegations that "detail the omissions made, state the person responsible for the failure to speak, provide the context in which the omissions were made, and explain how the omissions deceived [them]." *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*, 2013 WL 2285453, *28 (E.D.Mich. 2013); *see also Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 255-56 (6th Cir. 2012).

That this case is a class action changes nothing.  The individual named plaintiffs' claims must *each independently* satisfy Rule 9(b).  *Mercer v. Jaffe, Snider, Raitt & Heuer, P.C.*, 713 F.Supp. 1019, 1026 (W.D.Mich. 1989) (dismissal where

complaint did "not contain a significant portion of the who, what, when, and where of each individual plaintiff's alleged defrauding by ... defendants").  And although states' consumer protection statutes vary in their specific requirements, "all at a minimum require deceptive conduct, reliance, and causation to be pled with the same level of particularity required by [Rule] 9(b)."  *Chapman v. Gen. Motors LLC*, 531 F.Supp.3d 1257, 1300 (E.D.Mich. 2021).

The problem here is simple:  the FAC has allegations regarding *exemplar* advertisements, brochures, manuals, press releases, public statements, and doorjamb stickers, *see* FAC, ¶¶ 100-34 (PageID.771-790), but not one Plaintiff claims encountering, *much less relying upon*, any of those materials, *id.* at ¶¶ 19-96 (PageID.738-770).  And, furthermore, the averments about what Plaintiffs did see simply assert exposure and reliance in a conclusory fashion and fail to specify any *facts* about *what* was seen, when, or how they conveyed anything actually false.  *Id.* at ¶¶ 20, 26, 33, 39, 45, 51, 57, 63, 68, 74, 80, 86, 92 (PageID.738, 741, 744, 746, 749, 751, 754, 756, 758, 761, 763-774, 768).

The omission-based claims fare no better.  Such claims require allegations about *when*, *where*, and *how* the purportedly omitted information could have been revealed to each Plaintiff such that they would have seen it.  *See*, *e.g.*, *supra*.  But, here, Plaintiffs only imply disclosure could have occurred in things they never reviewed, *e.g.*, brochures, buying guides, unspecified commercials and other

marketing.  *See* FAC, ¶¶ 114-118, 124, 130 (PageID.779-783, 787, 789).

These shortcomings alone warrant dismissal of the fraud-based claims.

### 2.      No Pre-Sale Knowledge (All Counts).

Fraud claims require pleaded *facts* showing the defendant had knowledge of the alleged defect *before* the plaintiff's purchase.  *See*, *e.g.*, *Raymo v. FCA US LLC*, 475 F.Supp.3d 680, 707 (E.D.Mich. 2020); *Demaria v. Nissan N. Am., Inc.*, 2016 WL 374145, *11 (N.D.Ill. 2016); *see also Ambrose v. Gen. Motors LLC*, 2022 WL 3701946, *19 (E.D.Mich. 2022); *Hall*, 2020 WL 1285636, *3.  As the Sixth Circuit has explained, allegations that just suggest a "manufacturer could have theoretically known about the flaw" are "not enough" to avoid dismissal.  *Smith v. Gen. Motors LLC*, 988 F.3d 873, 884 (6th Cir. 2021).  Nor are "[m]ere assertions" about "routine testing" or "customer feedback" sufficient.  *Id.* at 884-86.  Rather, "concrete factual allegations" and real "evidence" of pre-sale knowledge are required.  *Id.* at 886.

Here, Plaintiffs vaguely assert that FCA US "knew or should have known" of the defect before they purchased their own vehicles.[14]  *See, e.g.*, FAC, p. 67 & ¶¶

---

[14]Plaintiffs' vehicle purchases are pleaded as:

**2021:**  Frisch (May 18, 2021); Kreb (September 8, 2021); May (October 29, 2021); Park (May 7, 2021); Perkal (May 28, 2021); Perrera (December 4, 2021); Otto (October 8, 2021); the Wadleighs (July 5, 2021).  *See* FAC, ¶¶ 19, 25, 38, 44, 56, 67, 73 (PageID.738, 740, 746, 748, 753, 758, 761, 763).

**2022:**  Berns (December 30, 2022); Liakhova (September 17, 2022).  *See id.* at ¶¶ 62, 85 (PageID.756, 766).

249, 273, 318, 393, 445 (PageID.796, 837, 847, 858, 876, 888).  But none of what they point to is remotely sufficient to establish pre-sale knowledge.

*Alleged "Risks"*:  Courts agree that generalized "risk" allegations just like those here fall short of showing knowledge.  *Compare* FAC, ¶¶ 149-65 (PageID.796-803), *with In re Chevrolet Bolt EV Battery Litig.*, 633 F.Supp.3d 921, 956-958 (E.D.Mich. 2022);[15] *see also Flores v. FCA US LLC*, 2021 WL 1122216, *22 (E.D.Mich. 2021) ("If such allegations were sufficient, every plaintiff alleging a product to be defective could show pre-sale knowledge of a defect simply by criticizing the design of the product as being obviously defective.").

*NHTSA "Warnings"*:  "General awareness in the automotive industry that lithium-ion batteries may pose a fire risk is not enough to establish knowledge of a defect."  *In re Chevy Bolt*, 633 F.Supp.3d at 956.  For this same reason, generalized warnings from NHTSA about "lithium ion batteries"—without any ***specific*** mention of FCA US-manufactured vehicles or the specific high-voltage battery systems in the subject vehicles, *see* FAC, ¶¶ 166-85 (PageID.803-810)—obviously cannot

---

**2023:**  Liscano (April 19, 2023); Stueve (November 24, 2023, *i.e.*, after the recall); Vasquez (September 15, 2023).  *See id.* at ¶¶ 32, 50, 91 (PageID.743, 751, 768).

[15]While the court found plaintiffs ultimately pled knowledge, this was *only* because Chevrolet had "sent two engineers … to inspect the owner's charger" *and* had "purchased the [vehicle] from the owner's insurance company … presumably in order to carefully examine it and thoroughly investigate the fire's cause" before the plaintiffs' vehicle purchases.  *In re Chevy Bolt*, 633 F.Supp.3d at 957-58.

suffice to establish pre-sale knowledge.

*"Rigorous Pre-Launch Testing"*:   Pre-production testing is "a disfavored way" of trying to show a manufacturer's knowledge.  *Harrison v. Gen. Motors, LLC*, 2023 WL 348962, *4 (E.D.Mich. 2023).  And it is *never* sufficient absent "specific allegations about the *results* of the tests" (*i.e.*, "should have known" allegations do not suffice).  *Smith*, 988 F.3d at 884–85 (emphasis added).[16]  But that is all the FAC proffers.

*NHTSA Consumer Complaints*:  Plaintiffs cite *two* complaints to NHTSA— one from 2024 (long after any of Plaintiffs' purchases) and another involving "a non-recalled 2024" vehicle that is not at issue.  *See* FAC, ¶¶ 198-99 (PageID.817-18).  But, obviously, such *post*-sale reports cannot plausibly support *pre*-sale knowledge and, in any event, such a small number of complaints is irrelevant to knowledge.  *See Gregorio v. Ford Motor Co*., 522 F.Supp.3d 264, 281 (E.D.Mich. 2021) (36 complaints over nine years insufficient); *Roe v. Ford Motor Co*., 2019 WL 3564589, *7 (E.D.Mich. 2019) (14 complaints over three years insufficient).

*Battery Fire Issues In Other Manufacturers' Vehicles*:  Allegations relating to high-voltage batteries that Samsung manufactured and that were installed in *other*

---

[16]*See also Elliott v. Gen. Motors LLC,* 605 F.Supp.3d 937, 945 (E.D.Mich. 2022); *Walton v. Grammer Indus. Inc.*, 2021 WL 4458761, *6 (E.D.Mich. 2021); *Johnson v. FCA US LLC*, 555 F.Supp.3d 488, 507-08 (E.D.Mich. 2021).

manufacturers' vehicles obviously say nothing of FCA US's knowledge of the defect alleged in the subject vehicles. *See* FAC, ¶¶ 200-213 (PageID.818-825). Indeed, Plaintiffs plead no facts to show the batteries and systems were the same, or any factual details to support such an inference. As one court aptly explained:

> [t]he connection between [a manufacturer's] knowledge of a safety defect and various recalls by *different ... manufacturers* of [components] from [even] the "same supplier" … is tenuous at best, and Plaintiff makes no attempt to bridge the gap between [these] recalls and [the manufacturer]'s alleged knowledge of a safety defect.

*Miller v. Gen. Motors, LLC,* 2018 WL 2740240, *13 (E.D.Mich. 2018) (emphasis added). That a large battery manufacturer like Samsung has sold various batteries, at various times, for various automobile manufacturers to use in building different vehicles cannot reasonably support knowledge of any defect.

Furthermore, Plaintiffs' averments about knowledge from fire incidents in certain Chrysler Pacifica PHEVs (and not others) say nothing about pre-sale knowledge for the subject vehicles because, among other things, (i) the averments say nothing about *what* particular defect caused any fire in the Chrysler Pacifica PHEVs, *see* FAC, ¶ 202 (PageID.820), (ii) the number of purported fires in Chrysler Pacifica PHEVs is numerically insignificant (*compare id.*, *with supra*), and (iii) the allegations about a similarity of design are, at best, scant, *compare* FAC, ¶ 204 (PageID.821) (alleging only that both types of vehicles have "two electric motors … of a similar size and capacity and … location"), *with Matanky v. Gen. Motors LLC*, 370 F.Supp.3d 772,

792-93 (E.D.Mich. 2019) (complaints about model-year 2015 and 2016 vehicles did *not* support knowledge about problems with 2017 model-year vehicles where "design changes" were present between vehicles).[17]

Because Plaintiffs have failed to plead the facts required to establish pre-sale knowledge of the alleged defect, dismissal is required.

### 3.    No Duty to Disclose (All Counts except XVII).

Plaintiffs acknowledge their omission-based claims require a duty to disclose and try to suggest that one existed here based on (i) exclusive/superior knowledge; (ii) intentional/active concealment; (iii) partial misleading representations; or (iv) a violation of the TREAD Act.  *See* FAC, ¶¶ 307, 335, 433, 467, 525, 556, 596, 653, 685, 739 (PageID.856, 862-863, 885, 892, 905, 911, 920, 933, 939, 952-953).  But these bases do not trigger a duty to disclose in many of the states at issue, and, even where they do, Plaintiffs plead insufficient facts to invoke them.

*Exclusive and/or superior knowledge* can trigger a duty to disclose, but only in California and North Carolina.[18]  Yet, Plaintiffs have failed to plead even pre-sale

---

[17]The Chrysler Pacifica PHEVs and the subject vehicles have different batteries. *Id.* at ¶¶ 200, 203 (PageID.818, 821) (Chrysler Pacificas have "a 16-kWh HV battery" and the subject vehicles have a "17 kwh high-voltage lithium-ion battery pack[]").  Essentially, if Plaintiffs' allegations sufficed, manufacturers would be presumed to have pre-sale knowledge for nearly any defect with any similarly functioning component from any supplier in any other vehicle.

[18]*See, e.g.*, *Withers v. BMW of N. Am., LLC*, 2021 WL 4204332, *5-7 (W.D.N.C. 2021); *Herremans v. BMW of N. Am., LLC*, 2014 WL 5017843, *11 (C.D.Cal. 2014).

17

knowledge, let alone exclusive or superior knowledge.  *See* § IV.D.2., *supra*.

<u>Intentional or active concealment</u> can trigger a duty to disclose, but only in California and North Carolina.[19]  But even for these states, a plaintiff must plead *affirmative* acts of *active* concealment—mere omissions do not suffice.[20]  Here, Plaintiffs' claims are based on FCA US's alleged *omissions* and *in*action, and they plead nothing remotely resembling any "affirmative concealment."  *See*, *e.g.*, FAC, ¶¶ 248-250 (PageID.837-840).

For instance, Plaintiffs say FCA US made false promises of safety, dependability, high-performance, and certain features/attributes in unspecified "marketing materials."  *Id.* at ¶ 250 (PageID.839).  But Plaintiffs offer *no* specifics about the "marketing materials" they supposedly saw, making it impossible to conclude that FCA US affirmatively acted to conceal the purported defect from the Plaintiffs, such that it would trigger a duty to disclose.  *See* § III.E.1, *supra*.

Moreover, Plaintiffs contend that "when members of the Class brought their Class Vehicles to FCA [US] complaining of [the defect]," FCA US "denied and continues to deny any knowledge of or responsibility for [it]."  *See* FAC, ¶ 250 (PageID.838).  But no Plaintiff actually alleges anything like that happening to them.

---

[19]*Id.*

[20]**CA**: *Taragan v. Nissan N.Am., Inc.*, 2013 WL 3157918, *7 (N.D.Cal. 2013).  **NC**: *Glob. Textile All., Inc. v. TDI Worldwide, LLC*, 2018 WL 2721987, *6 (N.C.Sup. 2018).

*Id.* at ¶¶ 19-96 (PageID.738-770).   And, although they assert the subject vehicles "failed the recall procedure in unexpectedly high numbers," *id.* at ¶ 220 (PageID.827), Plaintiffs rely on a third-party online poll with a sample size of just 13 respondents conducted after Plaintiffs' vehicle purchases. *See id.* at ¶¶ 19-96, 220 & n.94 (PageID.738-770, 827); *see also* ECF #18-54 (PageID.1906).

Lastly, even when Plaintiffs contend the recall was "inherently insufficient" and "deficiently executed," they never suggest FCA US launched the recall to purposefully conceal the alleged defect.  *Id* at ¶ 219 (PageID.827).[21]

*Misleading partial statements* can trigger a duty to disclose in Arizona, California, Colorado, and Oklahoma.[22]   Even so, the FAC sets forth no such representation ever made to any Plaintiff.  *See* § IV.D.1, *supra*.

*The TREAD Act* obviously cannot be invoked to trigger a duty to disclose without explaining *what* duties FCA US had under the statute and *how* it violated them, as Rule 9(b) requires.  Plaintiffs instead plead only by tautology.  *See* FAC, ¶¶ 307,

---

[21]In California, "active concealment based on denial of the defect or free repairs" is unavailable where plaintiffs "have not sufficiently alleged defendants had pre-sale knowledge of the defect." *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, 2019 WL 2249605, *8 (E.D.Cal. 2019).  Such is the case here.  *See* § III.E.2, *supra*.

[22]**AZ**: *Loomis v. U.S. Bank Home Mortg.*, 912 F.Supp.2d 848, 857 (D.Ariz. 2012); Restatement (Second) of Torts § 551.  **CA**: *Renfro v. Champion Petfoods USA, Inc*, 25 F.4th 1293, 1303 (10th Cir. 2022).  **CO**: *Studio 1220, Inc. v. Bank of America Corp.*, 2022 WL 1617114, *1 (9th Cir. 2022).  **OK**: *Hampton v. Gen. Motors, LLC*, 2022 WL 4538440, *6 (E.D.Okla. 2022).

335, 433, 467, 525, 556, 596, 653, 685, 739 (PageID.856, 862-863, 885, 892, 905, 911, 920, 933, 939, 952-953).  The act thus triggers no relevant duty to disclose for the purpose of Plaintiffs' fraud claims.

*An inability to reasonably discover a defect and defendant's knowledge thereof* does ***not*** trigger a duty to disclose for CLRA claims, contrary to Plaintiffs' allegations.  *Compare* FAC, ¶ 335(b)-(c) (PageID.862-863) (invoking such basis as a duty), *with Ehrlich v. BMW of N. Am., LLC*, 801 F.Supp.2d 908, 914, 916 (C.D.Cal. 2010) (ignoring plaintiffs' contention that inability to reasonably discover the defect and defendant's knowledge thereof triggered such duty).

Florida, New Jersey, Pennsylvania, and Texas, on the other hand, either (i) impose a duty to disclose *only* if there is a fiduciary-like relationship of trust/confidence, (ii) have not recognized a duty to disclose in an arms-length transaction, or (iii) both.[23]  Plaintiffs have not claimed any such a relationship existed or that their sales transactions were anything but arms-length.

The omission-based claims should thus be dismissed for lack of duty to disclose.

### 4.   The Economic Loss Doctrine (Counts XI, XXII, XXXII).

The economic loss doctrine bars CCPA, NCUDTPA, and TDTPA claims

---

[23]**FL**: *Merch. One, Inc. v. TLO, Inc*., 2020 WL 248608, *6-7 (S.D.Fla. 2020). **NJ**: *Brown v. Hyundai Motor Am*., 2019 WL 4126710, *8 (D.N.J. 2019).  **PA**: *McCracken v. R.J. Reynolds Tobacco Co*., 2018 WL 3130402, *5 (E.D.Pa. 2018). **TX**: *Adams v. Nissan N. Am., Inc*., 2018 WL 2338871, *5-6, 11 (S.D.Tex. 2018).

where the only injury alleged is economic loss or damage to the product itself, and the transaction is already covered by a written or implied warranty.[24]  Since that is all that Plaintiffs allege here, Counts XI, XXII, XXXII should be dismissed.

### 5.   Lack Of "Egregious Or Aggravating Circumstances" And "In-State Injuries" Required For NCUDTPA Claim (Count XXII).

The NCUDTPA claim also fails because it requires "egregious or aggravating circumstances," and allegations that a manufacturer "fail[ed] to give … notice[] about [an] allegedly defective [product]" do not suffice.  *Compare Ellis v. La.-Pac. Corp.*, 699 F.3d 778, 787-88 (4th Cir. 2012), *with* FAC, ¶¶ 587-603 (PageID.918-921).  It also comes up short because the statute "applies only where the plaintiff has suffered in-state injuries," *In re Parmalat*, 383 F.Supp.2d 587, 603 (S.D.N.Y. 2005), and the FAC fails to plead where Perrera purchased his vehicle and thereby suffered the alleged overpayment damages.  *See id.* at ¶¶ 73, 600 (PageID.761, 921).

### 6.   The OCPA Is Inapplicable To Regulated Activities (Count XXVI).

The OCPA specifically exempts from its purview any "[a]ctions or transactions

---

[24]**CO**: *Mayotte v. US Bank*, 424 F.Supp.3d 1077, 1091 (D.Colo. 2019) (doctrine applies to CCPA claims); *see also White v. Gen. Motors*, 2022 WL 3597161, *9 (D.Colo. 2022) (doctrine applies to bar claims based on allegations "defendant omitted material facts related to the Class Vehicles" because "duty of care being sued upon was memorialized the warranty").  **NC**: *Bussian*, 411 F.Supp.2d at 627 (claims barred where "only damage alleged is damage to the product itself" so the fraud allegations "are intertwined with the … warranty claims").  **TX**: *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F.Supp.3d 440, 469-70 (N.D.Tex. 2015) (claims for economic losses based on misrepresentations leading to purchase are "governed by contract law, not the DTPA," and barred by the economic loss rule).

regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States." Okla. Stat. Ann. Tit. 15, § 754(2); *see also Dinwiddie v. Suzuki Motor of Am., Inc.*, 111 F.Supp.3d 1202, 1216 (W.D.Okla. 2015). And, courts in this District agree that such limiting language in a consumer protection statute precludes any claim based on the sale of automobiles, which is subject to such a regulatory scheme. *See, e.g.*, *Gant v. Ford Motor Co.,* 517 F.Supp.3d 707, 719-20 (E.D.Mich. 2021); *Matanky*, 370 F.Supp.3d at 799-800. Thus, for this reason too, Count XXVI must be dismissed.

### 7.  No Violation Of The UCL (Count VI).

Kreb's conclusory allegations of "unfair" or "unlawful" conduct under California's UCL are legally inadequate.[25] Since Plaintiffs plead no actionable "fraudulent" prong claim, *see* § IV.E.1-3, *supra*, any "unfair" and "unlawful" prong claim also fails. *See*, *e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.5 (9th Cir. 2012); *Williams v. Tesla, Inc.*, 2022 WL 899847, *5 (N.D.Cal. 2022). Nor do Plaintiffs plead any facts tying Kreb's UCL claim to any legislative policy, anti-competitive behavior, or conduct that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," which is required to state an "unfair" prong claim. *Conejo v. JPMorgan Chase Bank*, 2011 WL 6149246, *5

---

[25]*See* FAC, ¶¶ 346-62 (PageID.856-860). FCA US addresses the claim under the UCL's "fraud" prong with the other fraud-based claims. *See* § IV.D.1-3, *supra*.

(C.D.Cal. 2011). No "unlawful" prong claim is possible either, since Plaintiffs have not established any independent violation of law. *See*, *e.g.*, *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1077 (E.D.Cal. 2012); *Brios v. Wells Fargo Bank*, 737 F.Supp.2d 1018, 1033 (N.D.Cal. 2010). And, to state any claim under the UCL at all, Kreb needed to plead facts showing that he has no adequate legal remedies (since the UCL authorizes only equitable relief), but he has failed to do so. *See, e.g.*, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844-45 (9th Cir. 2020); *see also* FAC, ¶¶ 346-62 (PageID.856-860).

**E.   The Unjust Enrichment Claims (Counts IV, IX, XII, XV, XVIII, XXI, XXIV, XXVII, XXX, XXXIII).**

Plaintiffs' unjust enrichment claims fail for at least four reasons:

*Express Contract Bars Claims (All Counts)*:   Courts agree that unjust enrichment claims fail where, as here, a written warranty or other contract exists to set the parties' expectations and allocate their responsibilities regarding the subject matter of the transaction. *See, e.g.*, *Johnson*, 555 F.Supp.3d at 505-06 ("a vehicle purchaser cannot maintain an unjust enrichment claim where there is an express warranty that governs the same subject matter as his unjust enrichment claims"); *Miller*, 2018 WL 2740240 at *15 (similar).[26]  There can be no dispute that Plaintiffs'

---

[26]*See also, e.g.*, *Gravina Siding & Windows Co. v. Gravina*, 2022 WL 1417336, *45-46 (Colo.App. 2022); *Great Am. Emu Co., LLC v. E.J. McKernan Co.*, 509 F.Supp.3d 528, 538 (E.D.N.C. 2020); *Vantage Learning (USA), LLC v. Edgenuity, Inc.*, 246 F.Supp.3d 1097, 1100 (E.D.Pa. 2017); *Speier-Roche v.*

vehicles were sold with a written warranty. *See*, *generally*, Exhibit A; Exhibit B; *see also, e.g.*, FAC, at ¶ 250(d) (PageID.839) & PageID.1357. Accordingly, the unjust enrichment claims in Counts IV, IX, XII, XV, XVIII, XXI, XXIV, XXVII, XXX, and XXXIII should be dismissed.

*No Standalone Claim (Counts IX, XVIII, XXI, XXXIII)*: California, Illinois, New Jersey, and Texas do not recognize unjust enrichment as a standalone claim.[27]

*Adequate Remedy At Law (All Counts)*: Unjust enrichment claims fail where plaintiffs fail to allege they lack an adequate remedy at law.[28] Plaintiffs offer not even a conclusory allegation to that effect, nor could they as their many statutory and contract claims show adequate legal remedies do *exist* and would be available if Plaintiffs could plead a viable claim. *See, generally,* FAC.

*No Direct Benefit (Counts IV, XV, XXIV, XXVII, XXX)*: In Arizona, Florida, North Carolina, Oklahoma, and Pennsylvania, a plaintiff must plead they conferred

---

*Volkswagen Grp. of Am. Inc.*, 2014 WL 1745050, *8 (S.D.Fla. 2014); *Johnson v. KB Home*, 720 F.Supp.2d 1109, 1122 (D.Ariz. 2010).

[27]**CA**: *Dairy, LLC v. Milk Moovement, Inc.*, 2022 WL 2392622, *8 (E.D.Cal. 2022). **IL**: *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920 (Ill.App. 2009). **NJ**: *In re Nickelodeon Consumer Priv. Litig.*, 2014 WL 3012873, *19 (D.N.J. 2014). **TX**: *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F.Supp.3d 943, 961 (S.D.Tex. 2014).

[28]**AZ**: *Naiman v. Alle Processing Corp.*, 2020 WL 6869412, *4 n.3 (D.Ariz. 2020). **CO**: *Francis v. Mead Johnson & Co.*, 2010 WL 5313540, *9 (D.Colo. 2010). **FL**: *Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183, 1235 (S.D.Fla. 2021). **NC**: *United States v. Jurik*, 943 F.Supp.2d 602, 613 (E.D.N.C. 2013). **OK**: *Randle v. City of Tulsa*, 2024 WL 2949398, *7 (Okla. 2024). **PA**: *Hollenshead v. New Penn Fin., LLC*, 447 F.Supp.3d 283, 293 (E.D.Pa. 2020).

a *direct* benefit upon the defendant.[29]   But Plaintiffs proffer only a conclusory allegation that FCA US "received and retained a benefit from Plaintiffs" because it "benefitted from selling, leasing, and distributing the Class Vehicles."   *See* FAC, ¶¶ 320, 491, 620, 667, 707 (PageID.858, 898, 925, 936, 945) (emphasis added). There is no allegation of a *direct* benefit conferred on FCA US, and Plaintiffs plead they purchased their vehicles from third-party dealerships.   *Id.* at ¶¶ 19, 25, 32, 38, 44, 50, 57, 62, 67, 73, 79, 85, 91 (PageID.738, 740, 743, 746, 748, 753, 751, 756, 758, 761, 763, 766, 768).

## V.   **CONCLUSION**

This Court should compel arbitration or, at a minimum, dismiss all claims asserted in Plaintiffs' First Amended Complaint.

**KLEIN THOMAS LEE & FRESARD**

|  |  |
|---|---|
|  | By: */s/ Stephen A. D'Aunoy* |
| Fred J. Fresard (P43694) | Stephen A. D'Aunoy (MO/54961) |
| Ian K. Edwards (P82021) | Scott H. Morgan (MO/61853) |
| 101 W. Big Beaver Rd., Ste 1400 | 100 N. Broadway, Ste 1600 |
| Troy, Michigan  48084 | St. Louis, Missouri  63102 |
| Tel:  (602) 935-8300 | Tel:  (314) 888-2970 |
| fred.fresard@kleinthomaslaw.com | steve.daunoy@kleinthomaslaw.com |
| ian.edwards@kleinthomaslaw.com | scott.morgan@kleinthomaslaw.com |

*Attorneys for Defendant FCA US LLC*

---

[29]**AZ**: *Baker v. Trans Union LLC*, 2008 WL 2329099, *2 (D.Ariz. 2008).  **FL**: *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017).  **NC**: *Southwood v. Credit Card Sol.*, 2016 WL 8710985, *15 (E.D.N.C. 2016).  **OK**: *Orthman v. Premiere Pediatrics, PLLC*, 545 P.3d 124, 136 (Okla.Civ.App. 2024).  **PA**: *Schmidt*, 972 F.Supp.2d at 721.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*/s/ Stephen A. D'Aunoy*