# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| GARY FRISCH, TAMMY OTTO, ROBERT STUEVE, STEFANI CARTER, BRIAN KREB, KANON SPACKMAN, THOMAS TEGER, EVE PARK, DONALD MOORE, RICHARD PERKAL, HARRY VASQUEZ, NATALIIA LIAKHOVA, DAKEN SHANE FEE, KERRY JOHNSTON AND TRACY LECTKA, KIM AIELLO, CHRISTOPHER PUMILL, CHRISTOPHER WADLEIGH, KEVIN FREEDMAN, HEIDI WALKER, DAVID PERRERA, SHERYL REID, ERIN MAY, JONATHAN MCCRARY, DENNIS BERNS, JONATHAN LISCANO, DANIEL KONGOS, and ASHLEY LANDES on behalf of themselves and all those similarly situated, | Case No. 2:24-cv-10546<br><br>Hon. Brandy R. McMillion |
| Plaintiffs, | |
| v. | |
| FCA US, LLC, | |
| Defendant. | |

## PLAINTIFFS' MOTION FOR
## APPOINTMENT OF INTERIM CO-LEAD COUNSEL

Plaintiffs respectfully move the Court for an order appointing The Miller Law Firm, P.C. "Miller Law"), Lieff Cabraser Heimann & Bernstein, L.L.P. ("LCHB"), Lockridge, Grindal, Nauen, P.L.L.P. ("Lockridge"), and Slack Davis Sanger, LLP ("Slack Davis") as Interim Co-Lead Counsel pursuant to Fed. R. Civ. P. 23(g). Plaintiffs also request that the Court apply this Order and appointment to any other case filed in or transferred to this District that involves the same subject matter and alleged defect as this lawsuit.

As detailed in Plaintiffs' Brief in Support of this Motion, the proposed appointment pursuant to Rule 23(g)(3) would promote the orderly and efficient management of this litigation and would ensure that prosecution of the case is led by counsel that are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

On December 20, 2024, counsel for Plaintiffs conferred with counsel for Defendant regarding the relief requested in this Motion, which the Defendant opposes.

DATED: January 3, 2025                    Respectfully submitted,

/s/ E. Powell Miller
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
**THE MILLER LAW FIRM PC**
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200

epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

Roger N. Heller
Phong-Chau G. Nguyen
Nicholas W. Lee
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheller@lchb.com
pgnguyen@lchb.com
nlee@lchb.com

John R. Davis
**SLACK DAVIS SANGER, LLP**
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
Telephone: (512) 795-8686
jdavis@slackdavis.com

Robert K. Shelquist
Craig S. Davis
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
rkshelquist@locklaw.com
csdavis@locklaw.com

*Proposed Interim Co-Lead Counsel*

Todd M. Friedman
Adrian R. Bacon
Meghan E. George
**LAW OFFICES OF
TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, Suite 340

Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com

*Additional Counsel for Plaintiffs and the
Class*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GARY FRISCH, TAMMY OTTO,
ROBERT STUEVE, STEFANI
CARTER, BRIAN KREB, KANON
SPACKMAN, THOMAS TEGER, EVE
PARK, DONALD MOORE, RICHARD
PERKAL, HARRY VASQUEZ,
NATALIIA LIAKHOVA, DAKEN
SHANE FEE, KERRY JOHNSTON
AND TRACY LECTKA, KIM AIELLO,
CHRISTOPHER PUMILL,
CHRISTOPHER WADLEIGH, KEVIN
FREEDMAN, HEIDI WALKER,
DAVID PERRERA, SHERYL REID,
ERIN MAY, JONATHAN MCCRARY,
DENNIS BERNS, JONATHAN
LISCANO, DANIEL KONGOS, and
ASHLEY LANDES on behalf of
themselves and all those similarly
situated,

        Plaintiffs,

    v.

FCA US, LLC,

        Defendant.

Case No. 2:24-cv-10546

Hon. Brandy R. McMillion

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR
## APPOINTMENT OF INTERIM CO-LEAD COUNSEL

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................1

II.    BACKGROUND ...................................................................................2

III.   ARGUMENT...........................................................................................4

    A.     Proposed Interim Co-Lead Class Counsel Will Ensure This Litigation is Conducted Effectively and Efficiently. .............................................4

    B.     Proposed Interim Co-Lead Class Counsel Satisfy Rule 23(g). .............6

        1.     Proposed Interim Co-Lead Class Counsel Already Performed Substantial Work to Identify and Investigate Plaintiffs' Claims. ........................................................................................6

        2.     Proposed Interim Co-Lead Counsel are Experienced in Complex Litigation and Automotive Defect Class Actions and Possess Extensive Knowledge of the Applicable Law. ..............8

            a.     Miller Law ..................................................................8

            b.     LCHB..........................................................................13

            c.     Lockridge...................................................................16

            d.     Slack Davis ................................................................19

        3.     Proposed Interim Co-Lead Class Counsel Have the Resources Necessary to Effectively Prosecute this Litigation. ..................21

        4.     Proposed Interim Co-Lead Class Counsel Have Demonstrated Their Willingness to Work Together to Resolve This Litigation. ......................................................................................22

IV.    CONCLUSION.......................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Baker v. Saint-Gobain Performance Plastics Corp.*,
  2016 WL 4028974 (N.D.N.Y. July 27, 2016) ...................................................... 22

*Gamboa v. Ford Motor Co.*,
  381 F. Supp. 3d 853 (E.D. Mich. 2019) ............................................................... 5

*Harrison v. Gen. Motors, LLC*,
  2022 WL 1515535 (E.D. Mich. May 13, 2022) .................................................... 7

*In re Flagstar December 2021 Data Security Incident Litig.*,
  2023 WL 3632709 (E.D. Mich. May 24, 2023) .................................................... 5

*In re Packaged Ice Litig.*,
  2009 WL 1518428 (E.D. Mich. June 1, 2009) ...................................................... 6

*In re Terazosin Hydrochloride*,
  220 F.R.D. 672 (S.D. Fla. 2004) .......................................................................... 5

*Nowak v. Ford Motor Co.*,
  240 F.R.D. 355 (E.D. Mich. 2006) ....................................................................... 5

*Tolmasoff v. Gen. Motors, LLC*,
  2016 WL 3548219 (E.D. Mich. June 30, 2016) .................................................... 5

**Other Authorities**

2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 9.35 (3d ed. 1992) ............................................................................................................ 5
Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005) ............................................................................................................ 5
MANUAL FOR COMPLEX LITIG. (FOURTH) § 10.22 (2005) ...................................... 22
MANUAL FOR COMPLEX LITIG. (FOURTH) § 10.224 (2005) .................................... 22
MANUAL FOR COMPLEX LITIG. (FOURTH) § 21.11 (2004) ........................................ 1
MANUAL FOR COMPLEX LITIG. (FOURTH) § 21.272 (2005) .................................... 22
MANUAL FOR COMPLEX LITIG. (FOURTH) § 22.62 (2005) ........................................ 4
Moore's Federal Practice § 23.120[3][a] (2007) ....................................................... 7

- iii -

**Rules**

Fed. R. Civ. P. 23(g) ...................................................................................6

Fed. R. Civ. P. 23(g)(1)(A) .....................................................................4, 5

Fed. R. Civ. P. 23(g)(1)(A)(i) ....................................................................6

Fed. R. Civ. P. 23(g)(1)(A)(ii) ...................................................................8

Fed. R. Civ. P. 23(g)(1)(A)(iv) .................................................................21

Fed. R. Civ. P. 23(g)(1)(B) .........................................................................5

Fed. R. Civ. P. 23(g)(2).................................................................................4

Fed. R. Civ. P. 23(g)(3).............................................................................1, 4

## <u>INDEX OF MOST CONTROLLING AUTHORITIES</u>

Fed. R. Civ. P. 23(g)

*Gamboa v. Ford Motor Co.*,
   381 F. Supp. 3d 853 (E.D. Mich. 2019)

*Harrison v. Gen. Motors, LLC*,
   2022 WL 1515535 (E.D. Mich. May 13, 2022)

*Tolmasoff v. Gen. Motors, LLC*,
   2016 WL 3548219 (E.D. Mich. June 30, 2016)

## <u>ISSUE PRESENTED</u>

**Issue**: Should the Court grant the motion appointing Proposed Interim Co-Lead Counsel as set forth in this Motion since all Plaintiffs' counsel have reached consensus regarding this proposed appointment, Proposed Interim Co-Lead Counsel have significant experience in automotive defect class actions, satisfy Rule 23(g), and have demonstrated the ability to work cooperatively in the best interests of the putative class?

**Answer:**    Yes.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs respectfully request an entry of an Order appointing the following firms as Interim Co-Lead Class Counsel: The Miller Law Firm, P.C. ("Miller Law"); Lieff Cabraser Heimann & Bernstein, L.L.P. ("LCHB"), Lockridge, Grindal, Nauen, P.L.L.P. ("Lockridge"), and Slack Davis Sanger, LLP ("Slack Davis") (collectively, "Proposed Interim Co-Lead Counsel"). Plaintiffs also request that the Court apply this Order and appointment to any other case filed in or transferred to this District that involves the same subject matter and alleged defect as this lawsuit.

## I.    INTRODUCTION

Fed. R. Civ. P. 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating interim class counsel is essential because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004).

This Court should appoint Proposed Interim Co-Lead Counsel. Doing so will allow counsel to coordinate discovery, depositions, and motion practice. It will also allow counsel to employ experts, meet deadlines, and otherwise efficiently prosecute this litigation.

Plaintiffs' proposal allows for the vast experience of the Proposed Interim Co-Lead Counsel to work cooperatively and employ their depth of talent, significant experience, and resources towards a successful outcome for all Plaintiffs and putative class members. Counsel for all firms in the two cases that have been filed agree that this leadership structure is appropriate.

Proposed Interim Co-Lead Counsel will make strategic and tactical decisions relating to the prosecution of the litigation, including assigning work to additional Plaintiffs' counsel, as needed. They will also create work groups to spearhead specific tasks, such as client management (including defensive discovery), fact investigation, motions to dismiss, affirmative discovery, and class certification briefing. Furthermore, they will manage and supervise all work, including collecting and reviewing time submissions on an ongoing basis to ensure that the case is prosecuted in an efficient and cost-effective manner.

## II.    BACKGROUND

This class action litigation concerns an alleged defect in over 150,000 Jeep "4xe" plug-in hybrid electric vehicles equipped with a 400-volt, 17-kwh high voltage battery ("HV Battery") that can suddenly catch on fire while charging. (the "Fire Risk Defect"). The affected vehicles include Model Year 2020-2024 Jeep Wrangler 4xe and Model Year 2022-2024 Jeep Grand Cherokee 4xe plug-in hybrid electric vehicles (the "Class Vehicles") that were designed, manufactured, marketed, and

sold by Defendant.

In November 2023, FCA recalled approximately 32,000 Jeep Wrangler 4xe vehicles (the "2023 Recall") and instructed consumers to refrain from parking their vehicles indoors or near other vehicles because of the fire risk. Plaintiffs filed the instant case on March 4, 2024, and it was the first-filed case related to the Fire Risk Defect in the Class Vehicles. During the briefing on Defendant's Motion to Dismiss, FCA announced a second recall (the "2024 Recall"), that expanded the recall population to over 150,000 vehicles, including the Jeep Grand Cherokee 4xe. At the time, no remedy had been announced for the 2024 Recall. Plaintiffs recently filed their Second Amended Complaint to address the intervening 2024 Recall and additional factual developments.

Prior to filing the Second Amended Complaint, Plaintiffs in this District became aware of one other case regarding the Fire Risk Defect in the Class Vehicles, *Thomas Teger v. FCA US LLC*, Case No. 2:24-cv-04570 (C.D. Cal.), filed by the Law Offices of Todd Friedman, P.C. Counsel for Plaintiffs in both cases worked cooperatively to include Plaintiff Teger in the Second Amended Complaint and proceed with litigation in this District. At the time of the filing of this motion, counsel for Plaintiffs are not aware of any other filed cases involving the same Fire Risk Defect but the likelihood of additional cases being filed is high given the recent recall announcement and additional factual developments that continue to become

public.

### III.   ARGUMENT

**A.   Proposed Interim Co-Lead Class Counsel Will Ensure This Litigation is Conducted Effectively and Efficiently.**

In complex class actions such as this, "[e]arly organization of the counsel who have filed the various cases transferred or consolidated for pretrial purposes is a critical case-management task." MANUAL FOR COMPLEX LITIG. (FOURTH) § 22.62 (2005). Federal Rule of Civil Procedure 23(g)(3) allows the court to designate "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Interim lead class counsel must represent the interests of the class. Fed. R. Civ. P. 23(g)(2). Exercise of this authority is especially warranted where, as here, it is "necessary to protect the interests of the putative class." *Id.* at advisory comm. note to 2003 amendment.

In selecting interim lead class counsel, the Court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).[1] In addition to the four "must" factors in Rule 23(g)(1)(A), a court also

---

[1] Courts in this District have determined that the considerations established in

"may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ." Fed. R. Civ. P. 23(g)(1)(B). Indeed, "it is now almost standard practice for the court to issue an order at an early stage, defining the responsibilities of . . . lead counsel and the organization of the plaintiffs' attorneys." 2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 9.35 (3d ed. 1992).

No single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the applicants' relative strengths. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); Charles Alan Wright, et al., *Federal Practice and Procedure* § 1802.3 (3d ed. 2005). But courts have found that the proposed lead counsel's knowledge, experience, and service as lead counsel in prior cases is particularly persuasive. *See Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 361 (E.D. Mich. 2006) (citing *In re Terazosin Hydrochloride,* 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel)); *In re Flagstar December 2021 Data Security Incident Litig.*, 2023 WL 3632709, at *2 (E.D. Mich. May 24, 2023); *In re Packaged Ice Litig.*, 2009 WL

---

Rule 23(g)(1), which govern the appointment of post-certification class counsel, apply equally to the decision on whom to designate as interim class counsel. *See Tolmasoff v. Gen. Motors, LLC*, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019).

1518428, at *3 (E.D. Mich. June 1, 2009).

Proposed Interim Co-Lead Counsel satisfy all of the considerations set forth in Rule 23(g) and should be appointed as requested herein**.** Due to the size and complexity of this case, these considerations weigh even more heavily in favor of appointing interim class counsel at this early stage of the litigation. Moreover, there are no competing requests for leadership, as all counsel for the two cases that have been filed agree that Proposed Interim Co-Lead Counsel are qualified and their appointment would be in the best interests of Plaintiffs and the putative class.

**B.    Proposed Interim Co-Lead Class Counsel Satisfy Rule 23(g).**

Proposed Interim Co-Lead Class Counsel Miller Law, LCHB, Lockridge, and Slack Davis have already done significant work to identify and investigate the claims in this action. As described further below, each of the proposed Co-Lead firms has extensive experience litigating complex automotive and other product defect class actions. They also possess a thorough understanding of the applicable case law, and are committed to dedicating the resources necessary to resolve this litigation efficiently and effectively.

### 1.    Proposed Interim Co-Lead Class Counsel Already Performed Substantial Work to Identify and Investigate Plaintiffs' Claims.

Proposed Interim Co-Lead Class Counsel have already taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). One factor a court may consider is whether an attorney has

undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort." Moore's Federal Practice § 23.120[3][a] (2007); *see Harrison v. Gen. Motors, LLC*, 2022 WL 1515535, at *2 (E.D. Mich. May 13, 2022) (appointing as interim class counsel the firms that did "substantial work to identify and investigate Plaintiffs' claims, as demonstrated in the complaint and amended complaint."). The Proposed Co-Leads have done just that.

The Proposed Co-Leads have extensively investigated the alleged Defect, the Defendant, and the facts alleged in the Complaint. This included *inter alia* a thorough review of Defendant's advertising and marketing materials, Defendant's representations regarding the safety of its vehicles, the pending recalls and NHTSA investigation documents, extensive research regarding published complaints, and other factual investigation.  The Proposed Co-Leads' investigation led to the filing of the first complaint asserting these claims.

This work did not stop with the filing of the Complaint. Proposed Interim Co-Lead Class Counsel have also coordinated pretrial matters, including informal consolidation of cases and the timing of Defendant's response to the complaint. If the appointment request as detailed herein is approved, Miller Law, LCHB, Lockridge, Slack Davis will continue to coordinate to litigate this case efficiently and effectively. And they have the resources to do so, as proven by their experience successfully litigating large and costly auto defect and other product defect class

actions.

**2.      Proposed Interim Co-Lead Counsel are Experienced in Complex Litigation and Automotive Defect Class Actions and Possess Extensive Knowledge of the Applicable Law.**

Miller Law, LCHB, Lockridge, and Slack Davis all have extensive experience prosecuting automotive and other product defect class actions and other complex litigation, and they have demonstrated their deep knowledge of consumer protection and other applicable law. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii). Below is a summary of their experience.

**a.      Miller Law**

Miller Law has extensive experience litigating complex class actions throughout the United States and, particularly, in the Eastern District of Michigan, where it has litigated more than 600 class and commercial cases. Miller Law has established a national reputation and is ranked Tier 1 in Detroit for Commercial Litigation by U.S. News, Best Lawyers. Miller Law has continuously prosecuted class/mass actions since 1994, recovering more than $10 billion dollars for victims of fraud and abuse, and is proud of obtaining a rare achievement in class action practice: three separate cases of 100% net cash recovery for class members, plus attorneys' fees, paid by the defendants. *See* Exhibit 1, Miller Law Firm Resume. E. Powell Miller and Dennis A. Lienhardt will be the two Miller Law partners overseeing this case on behalf of Miller. Law.

In 2024, all 18 of Miller Law's partners were named Top Lawyers by DBusiness and 22 Miller Law attorneys were named Super Lawyers or Rising Stars by *Super Lawyers* magazine. E. Powell Miller was named as a Top 10 attorney, and four other Miller Law partners were named Top 100 attorneys in Michigan. In fact, *Super Lawyers Magazine* has recognized Mr. Miller as Michigan's number one ranked attorney in 2020, as well as one of Michigan's Top 10 lawyers every year from 2009 to 2022.

Miller Law has served as lead or co-lead counsel in numerous complex national class actions or has had a substantial role in the prosecution of those cases. A sample of noteworthy cases include having served as:

- Co-Lead Counsel in *In re AIG 2008 Securities Litigation*, No. 1:08-cv-04772 (S.D.N.Y.), which was successfully settled in 2015 for $970.5 million, the highest securities settlement in the United States in 2015;

- Co-Lead Class Counsel and Lead Trial Counsel in *City of Farmington v. Wells Fargo Bank*, No. 0:10-cv-04372 (D. Minn.), which was resolved on the weekend before trial for $62.5 million;

- Special Trial Counsel in the antitrust class action, *Cason-Merendo. v. VHS of Michigan, Inc.*, No. 2:06-cv-15601 (E.D. Mich.) (Rosen, J.) (final judgment entered on Jan. 27, 2016), which resulted in a $42 million recovery after the *in limine* arguments;

- Lead Counsel in the first successful national dietary supplement class action, *Gasperoni v. Metabolife International, Inc.*, No. 2:00-cv-71255 (E.D. Mich.) (Cohn, J.) (final judgment entered on March 15, 2001);

- Co-Lead Counsel in *In re: Refrigerant Compressors Antitrust Litigation*, No. 2:09-md-2042 (MDL) (E.D. Mich.) (Cox, J.), with a

successful $30 million settlement;

- A member of the Plaintiffs' Steering Committee and the first in the country to initiate *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, No. 2:17-md-02785 (D. Kan.) (Oct. 17, 2017), which recovered more than $600 million for class members.

- Interim Liaison Counsel to the end-payor plaintiffs, who have recovered more than $1 billion in settlements to date in the *In re: Automotive Parts Antitrust Litig.*, No. 2:12-md-2311 (MDL) (E.D. Mich.) (Battani, J. and Cox, J.);

- Co-Lead Counsel in *Wood v. FCA US LLC*, No. 5:20-cv-11054 (E.D. Mich.) (Levy, J.) (judgment entered on December 1, 2022), which settled for more than $108 million in benefits for the class prior to motion practice;

- Associate Counsel in *N.Y. Teachers Retirement System v. General Motors Company*, No. 4:14-cv-11191 (E.D. Mich.) (Parker, J.) (judgment entered on May 19, 2016), which settled for $300 million;

- Co-Lead Counsel in *Persad v. Ford Motor Co.*, No. 2:17-cv-12599 (E.D. Mich.) (Berg, J.) (judgment entered on December 30, 2021), which settled for more than $42 million in class benefits; and

- Co-Lead Counsel in *Schreiber v. Mayo Found. for Med. Educ. & Rsch.*, No. 2:22-cv-188 (W.D. Mich.) (Jarbou, J.) (judgement entered on May 29, 2024), which settled for $52.5 million).

Miller Law, and Mr. Miller specifically, currently serve as appointed class counsel in many other cases that are currently pending, including MDL cases centralized in this District and multi-state automotive defect class actions.[2]

---

[2] Lead Counsel and Chair of the Plaintiffs' Steering Committee in *In re FCA US*

In a recent order appointing Mr. Miller as interim lead counsel, Judge White

ruled:

> [Powell] Miller's reputation in this district is first-rate. As one judge
> recently stated: "[E]verything Mr. Miller said, I have basically firsthand
> experience. The guy's in this court all the time. I have appointed him
> lead counsel in [multi-district litigation]. My colleagues appoint him
> lead counsel all the time. He's one of the absolute leading lights of the
> Michigan bar. He treats everybody great. His work is first class."

*In re A-Line Staffing Sols. Data Sec. Incident Litig.*, 2024 WL 4925275, at *2

(E.D. Mich. Nov. 21, 2024) (White, J.) (citing Tr., *Drugich v. McLaren Health Care*

*Corp.*, No. 2:23-cv-12520 (E.D. Mich. Feb. 27, 2024) (Leitman, J.)).

Other courts agree, the Honorable Thomas L. Ludington appointed Miller in

a data breach class action and held, "given his familiarity with Michigan practice

_____

*LLC Monostable Electric Gearshift Litig.*, No. 2:16-md-02744 (MDL) (E.D. Mich.)
(Lawson, J.); Co-Lead Counsel in *In re: General Motors Corp. Air Conditioning
Marketing and Sales Practices Litigation*, No. 2:18-md-02818 (MDL) (E.D. Mich.)
(Leitman, J.); Co-Lead Counsel in *In re Chrysler Pacifica Fire Recall Prods. Liab.
Litig.*, No. 2:22-cv-03040 (MDL) (E.D. Mich.) (Lawson, J.); Co-Lead Counsel in *In
re Ford Super Duty Roof Crush Litig.*, No. 4:22-cv-12079 (McMillion, J.); Co-Lead
Counsel in *Fox v. County of Saginaw*, No. 1:19-cv-11887 (E.D. Mich.) (Ludington,
J.); Co-Lead Counsel in *In re Chevrolet Bolt EV Battery Litig.*, No. 2:20-cv-13256
(Berg, J.); PSC Member in *Speerly v. General Motors, LLC*, No. 2:19-cv-11044
(Lawson, J.); Co-Lead Counsel in *Drugich v. McLaren Health Care Corp.*, No. 2:23-
cv-12520 PageID.226 (E.D. Mich.) (Leitman, J.); Interim Co-Lead Counsel in *In re
Doxim, Inc. Data Security Incident Litig.*, No. 2:24-cv-11550 PageID.169 (E.D.
Mich.) (Berg, J.); Sole Class Counsel in *In re: Henry Ford Health System Data Sec.
Litig.*, No. 23-11736 PageID.760 (E.D. Mich.) (Drain, J.); Chair of Class Counsel in
*In re: Wright & Filippis, LLC Data Sec. Breach Litig.*, No. 22-cv-12908
PageID.2975 (E.D. Mich.) (Cox, J.).

and his extensive experience litigating class actions in this District[,]" finding that "[h]e has invested significant time in the case, has extensive class-action experience, knows the applicable law, and is resourced to represent the class." *Pratt v. KSE Sportsman Media, Inc.*, 2023 WL 5500832, at *5 (E.D. Mich. Aug. 25, 2023) (Ludington, J.).

Mr. Miller also has extensive trial experience, including a 14-0-1 record in cases tried to a bench or jury verdict. Mr. Miller has previously served as Co-Chair of the ABA Sub-Committee for Multi-District Class Action Litigation, Co-President of the Detroit Chapter of the Federal Bar Association Antitrust and Securities Committees, and on the Executive Committee for the Wayne State University Law School Board of Visitors. One of Mr. Miller's proudest accomplishments is receiving the Cook-Friedman Civility Award from the Federal Bar Association.

The Miller Law class action department has numerous other experienced litigators, including Mr. Lienhardt, who has been named a *Michigan Super Lawyer Rising Star* from 2022-2024, a DBusiness Top Lawyer in the field of Product Liability, and "One to Watch" by *Best Lawyers in America*. Mr. Lienhardt has litigated dozens of automotive defect class actions in this District and nationwide and has assisted Miller Law in litigating cases through trial, achieving class certification, and obtaining settlements valued at more than $700 million. In January 2025, Mr. Miller and Mr. Lienhardt will serve as Adjunct Professors for the

inaugural Class Actions and Multidistrict Litigations course at Wayne State University Law School.

Miller Law is headquartered in Rochester, Michigan, just 7 miles from FCA US's headquarters and only short drives to the both the Detroit and Flint federal courthouses. If appointed Interim Co-Lead Counsel, these locations will ensure efficiency and cost-savings in future pre-trial proceedings and discovery as depositions of Defendant and its employees will likely be conducted within miles of Miller Law's offices.

### b.  LCHB

Lieff Cabraser Heimann & Bernstein, LLP (LCHB) is one of the largest law firms in the United States to represent only plaintiffs. The AV-rated firm has over 125 attorneys, and maintains offices in San Francisco, New York, Nashville, and Munich, Germany. LCHB has a national reputation for successfully prosecuting complex class actions, and it has been described by *The American Lawyer* as "one of the nation's premier plaintiffs' firms." *See* Exhibit 2, LCHB Firm Resume.

Over the past five decades, LCHB has served as Court-appointed Plaintiffs' Lead or Class Counsel in hundreds of state and federal coordinated, multi-district, and complex litigations throughout the United States, including many auto defect and safety class actions. Through these efforts, the firm has obtained many billions in verdicts and settlements for plaintiffs throughout the country. Some of the

pertinent auto defect class cases where LCHB has been appointed as lead counsel or serve as class counsel are listed below.

*In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, Case No. 3:15-MD-02672 (N.D. Cal.): LCHB served as the court-appointed Lead Counsel in litigation against Volkswagen, Audi, Porsche, and Bosch regarding allegations of emissions fraud and violations of related consumer protection claims in hundreds of thousands of vehicles throughout the country. The litigation culminated in a series of settlements worth over $14.7 billion, which included vehicle buybacks, environmental remediation, and other consumer benefits. This historic result is one of the largest consumer class action settlements in American history.

*In re: Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs., & Prods. Liab. Litig.*, Case No. 17-MD-2777-EMC (N.D. Cal.): Similar to the Volkswagen emissions litigation, LCHB served as the court-appointed Lead Counsel in a nationwide class action against FCA and Bosch regarding alleged emissions cheating in over 100,000 Ram 1500 and Jeep Cherokee "EcoDiesel" vehicles sold in the United States from late 2013 through 2016. After fierce litigation, LCHB secured final approval of a $307.5 million settlement for the class, which provided eligible owners and lessees with substantial cash payments and a comprehensive extended warranty following the completion of a government-mandated emissions

modification to the affected vehicles.

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, Case No. 19-MD-2905-JAK (C.D. Cal.): LCHB currently serves as one of the court-appointed Co-Lead Counsel in a nationwide class action against FCA and various other automotive manufacturers and component suppliers regarding an alleged defect in the airbag control units installed in millions of vehicles across the United States. The plaintiffs allege that this safety defect can cause the vehicles' airbags and seat belt pre-tensioners to fail during a collision. Although the litigation is ongoing, several of the automotive manufacture defendants have agreed to settle the plaintiffs' claims.

These cases are representative of LCHB's success in auto defect cases. The primary LCHB attorneys in this matter are Roger N. Heller, Phong-Chau G. Nguyen, and Nick W. Lee. These attorneys are all in good standing, licensed to practice law in the State of California, and admitted to practice before this Court. Roger N. Heller is a partner in LCHB's San Francisco office and the Chair of LCHB's Consumer Protection practice group. Mr. Heller is one of the country's leading class action attorneys in the field of consumer protection, and has successfully represented large classes in numerous consumer cases, including cases involving consumer banking, credit cards, false advertising, and insurance practices. Phong-Chau G. Nguyen is a partner in LCHB's San Francisco office who specializes in consumer and defective product cases, particularly defective automobiles. He was a central part of the

leadership team in each of the cases identified above, and managed the day-to-day litigation of those cases from inception through settlement. Nick Lee is an associate attorney in LCHB's San Francisco office. He was a member of the trial team for the first and only bellwether case tried in *In re: Juul Labs, Inc. Mktg., Sales Pracs. & Prods. Liab. Litig.*, Case No. 3:19-md-2913-WHO (N.D. Cal.), which led to a $235 million global settlement, and earned the 2024 "Consumer Attorney of the Year Award" from the Consumer Attorneys of California (CAOC).

### c. Lockridge

Lockridge Grindal Nauen PLLP ("LGN"), has been in existence for over 40 years and has numerous attorneys who in the past have served and through today serve as lead counsel, PSC members, and liaison counsel appointments and supportive roles leading and participating on committees to MDL and consolidated litigation. These appointments are in both federal and state courts prosecuting antitrust, securities, data privacy, consumer fraud, and product liability claims. LGN is based in Minneapolis and has offices in Boston and Chicago. *See* Exhibit 3, Lockridge Firm Resume.

Rob Shelquist, who will have primary case responsibility, has been actively involved in researching, briefing, and arguing complex legal issues such as motions to dismiss, Daubert motions, summary judgment motions, class certification motions, and trial practice motions and presenting trial testimony for decades. He

has a track record of working with co-counsel in MDL and consolidated proceedings in a variety of roles including lead counsel, Executive Committee member, Plaintiff Steering Committee member, Liaison Counsel, or as a member of a discovery, or law team member. Significantly, he has been one of the trial counsel for two national class actions tried to verdict.

Mr. Shelquist's experience spans a number of product liability categories and a wide range of fact patterns concerning consumer protection. He has prosecuted vehicle defect cases in the past and is currently serving on the PSC in *In re: FCA US LLC Monostable Electronic Gearshift Litigation*, No.: 2:16-md-02744 (E.D. Mich.) before Judge Lawson. His leadership roles in medical device litigation includes *In Re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, MDL 08-1905 (D. Minn.) (Liaison Counsel); *In Re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 05-1708 (D. Minn.) (Trial Team); and *In Re Medtronic, Inc., Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 05-1726 (D. Minn.) (Trial Team). These cases raised issues related to preemption, the FDA approval process, the sufficiency of clinical trial data, the timing and extrapolated analysis from Med Watch reporting forms, general and specific causation, and the damages models for those suffering bodily injury and those who suffered economic loss. The trial team work involved the mock jury process helping to shape claims presentation, discovery, and case themes.

Mr. Shelquist's experience in medical pharmaceutical litigation includes *In Re Aredia and Zometa Prods. Liab. Litig.*, MDL 06-1760 (M.D. Tenn.) (Plaintiffs' Steering Committee), *In Re Baycol Prods. Litig.*, MDL No. 1431 (D. Minn.) (Discovery and Briefing Committees), and *In Re Meridia Prods. Liab. Litig.*, MDL 1481 (N.D. Ohio) (Co-Chair Discovery Committee). Each of those cases centered on the FDA drug approval process including clinical trial design, clinical trial reporting, FDA committee meetings and analysis leading to approval, the Med Watch process (the types of side effects reported, the sufficiency of the investigation, company responses, and the timely reporting of the root cause analysis), as well as the consideration and timing of warnings, black box warnings, and withdrawal/recall. In one of the cases I had primary responsibility for the FDA expert to review reports, to prepare the expert for depositions, and to defend the depositions.

He also has extensive experience leading and prosecuting general product liability cases in *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, MDL 1817 (E.D. Pa.) (Co-Lead Counsel), *In Re IKO Roofing Shingle Prods. Liab. Litig.*, MDL No. 2104 (C.D. Ill.) (Co-Lead Counsel), *In Re Kitec Plumbing Sys. Prods. Liab. Litig.*, MDL No. 2098 (N.D. Tex.) (Co-Lead Counsel), *George v. Uponor Corp., et al.*, No. 12-249 (D. Minn.) (Co-Lead Counsel), and *Wright, et al. v. Owens Corning*, MDL No. 1567 (W.D. Pa) (Co-Lead Counsel). and briefing class certification motions.

Mr. Shelquist also has relevant experience in a number of cases seeking compensation for persons injured by fraudulent practices related to herbicides, GMO traits, banking, food labeling, and data tracking and commercial use. Two of the leadership positions were in cases involving certified multi-state or national classes tried to a jury verdict. The first, *Peterson v. BASF Corp.*, tried in Minnesota state court, Mr. Shelquist was second chair and class counsel to a 49-state class of farmers which resulted in a verdict affirmed on appeal. *Peterson* involved primary jurisdiction, preemption, federal and state regulatory schemes, and prosecuting claims under state consumer fraud statutes. The second was an antitrust action where Mr. Shelquist was lead subclass counsel to an action involving a product tried to verdict.

### d.    Slack Davis

Slack Davis Sanger LLP ("Slack Davis") is qualified to serve as Interim Co-Lead Class Counsel. Slack Davis is a preeminent AV-rated, nationally recognized civil litigation law firm. Founded in 1993, the firm has three offices, nine attorneys, and a highly-skilled legal support staff with special expertise in managing complex cases. The firm litigates cases throughout the country in both federal and state courts. Slack Davis has recovered hundreds of millions of dollars for the clients it has represented. *See* Exhibit 4, Slack Davis Firm Resume.

John R. Davis is a Partner at Slack Davis. Mr. Davis manages Slack Davis's

class action and whistleblower practices and is a devoted specialist when it comes to federal court class action litigation. From 2018-2024, Mr. Davis has been named to Super Lawyers® Texas Rising Stars in the practice area of Class Action/Mass Torts, the only Austin-based lawyer to receive such recognition for several of those years.

Mr. Davis has been court-appointed as class counsel and/or as MDL leadership counsel in numerous cases. Mr. Davis was appointed class counsel in *Grigson v. Farmers Group, Inc*., No. 1:17-cv-88 (W.D. Tex.), which involved a personal auto insurance class settlement recovery fund of $52 million including attorney's fees and costs. In its Final Approval Order, the Hon. U.S. District Judge Lee Yeakel found that Mr. Davis and class counsel "vigorously litigated this case" and "adequately represented the class." *Id.* at Dkt. No. 206. Mr. Davis was also appointed to the Plaintiffs' Executive Committee in the *In re Valsartan, Losartan, and Irbesartan Products Liability Litigation*, No. 1:19-md-2875 (D.N.J.) (Kugler, J.), and was also appointed by Hon. U.S. District Judge Robert Kugler as Class Counsel for the multi-state consumer economic loss claims involved in the MDL involving defective pharmaceutical products. *Id.* at Dkt. No. 2261, at 17 (finding that "John R. Davis, Esq. [] has the requisite experience from both this MDL, and from past experience with other class action matters … to represent the named class members acceptably")). Earlier in his career before joining Slack Davis, Mr. Davis

spent several years as a federal judicial law clerk at the federal district court level and several more years at Kanner & Whiteley, LLC, a class action boutique law firm in New Orleans, Louisiana, where Mr. Davis successfully prosecuted several additional class action and other complex litigation matters.

Mr. Davis has continuously been an attorney in good standing licensed to practice law in the States of Alabama (2010), Louisiana (2012), California (2015), and Texas (2016). Mr. Davis is admitted to practice before this Court in this proceeding, and is counsel of record for Plaintiffs.

Since this lawsuit was filed, Mr. Davis has worked with co-counsel for Plaintiffs to diligently represent and protect the Plaintiffs and the rights of the putative class members. Mr. Davis and Slack Davis are willing, able, and dedicated to committing the necessary resources, including labor and expenses, to vigorously litigate this matter on behalf of the Plaintiffs named herein and the putative class members until this case reaches a final determination.

### 3. Proposed Interim Co-Lead Class Counsel Have the Resources Necessary to Effectively Prosecute this Litigation.

Proposed Interim Co-Lead Class Counsel stand ready to dedicate the resources necessary to represent and protect the interests of the putative class through rigorous motion practice, discovery, class certification, and trial. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). They have demonstrated their dedication and commitment in the many complex cases discussed above. They will bring the same

resources and commitment to ensure the successful prosecution of this case.

> ### 4. Proposed Interim Co-Lead Class Counsel Have Demonstrated Their Willingness to Work Together to Resolve This Litigation.

The most common and desirable means of selecting class counsel is "private ordering." MANUAL FOR COMPLEX LITIG. (FOURTH) § 21.272 (2005). Under this model, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id.*; *see Baker v. Saint-Gobain Performance Plastics Corp.*, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (interim counsel's "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations) (internal quotations omitted; citing MANUAL FOR COMPLEX LITIG. (FOURTH) § 10.224 (2005)). Plaintiffs' efforts to coordinate their activities among themselves should be encouraged. MANUAL FOR COMPLEX LITIG. (FOURTH) § 10.22 (2005).

Through cooperative discussions, all counsel agreed that Proposed Interim Co-Lead Counsel would effectively incorporate the skills and experience of all counsel while still allowing the litigation to proceed efficiently. Counsel for all Plaintiffs agree to this structure and support it.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order appointing the Miller Law Firm, P.C. ("Miller Law"); Lieff Cabraser

Heimann & Bernstein, L.L.P. ("LCHB"); Lockridge, Grindal, Nauen, P.L.L.P. ("Lockridge"), and Slack Davis Sanger, LLP ("Slack Davis") as Interim Co-Lead Class Counsel. Plaintiffs also request that the Court order that all other cases filed in or transferred to this District, that involve common questions of law and/or fact and are consolidated or otherwise coordinated with this case, be subject to this Order of Appointment.

DATED: January 3, 2025                    Respectfully submitted,

                                          */s/ E. Powell Miller*
                                          E. Powell Miller (P39487)
                                          Dennis A. Lienhardt (P81118)
                                          Dana E. Fraser (P82873)
                                          **THE MILLER LAW FIRM PC**
                                          950 W. University Drive, Suite 300
                                          Rochester, MI 48307
                                          Telephone: (248) 841-2200
                                          epm@millerlawpc.com
                                          dal@millerlawpc.com
                                          def@millerlawpc.com

                                          Roger N. Heller
                                          Phong-Chau G. Nguyen
                                          Nicholas W. Lee
                                          **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                          275 Battery Street, 29th Floor
                                          San Francisco, CA 94111
                                          Telephone: (415) 956-1000
                                          rheller@lchb.com
                                          pgnguyen@lchb.com
                                          nlee@lchb.com

                                          John R. Davis
                                          **SLACK DAVIS SANGER, LLP**

- 23 -

6001 Bold Ruler Way, Suite 100
Austin, TX 78746
Telephone: (512) 795-8686
jdavis@slackdavis.com

Robert K. Shelquist
Craig S. Davis
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
rkshelquist@locklaw.com
csdavis@locklaw.com

*Proposed Interim Co-Lead Counsel*

Todd M. Friedman
Adrian R. Bacon
Meghan E. George
**LAW OFFICES OF
TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com

*Additional Counsel for Plaintiffs and the
Class*

- 24 -

## <u>CERTIFICATE OF SERVICE</u>

On January 3, 2025, Plaintiffs filed the foregoing Motion through the Court's

CM/ECF system, which will provide service to all counsel of record.

Dated: January 3, 2025                    *<u>/s/ E. Powell Miller</u>*
                                          E. Powell Miller

- 25 -