## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

GARY FRISCH, *et al.*, on behalf of themselves and all those similarly situated,

      Plaintiffs,

*v.*

FCA US LLC,

      Defendant.

Case No.:  2:24-cv-10546-BRM-KGA

Hon. Brandy R. McMillion

Magistrate Judge Kimberly G. Altman

### DEFENDANT FCA US LLC'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

Defendant FCA US LLC respectfully moves this Court to compel arbitration of the claims asserted in Plaintiffs' Second Amended Class Action Complaint, *see* ECF #30, or to dismiss those claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

In support of its motion, FCA US incorporates herein by reference its accompanying Brief in Support.

Pursuant to E.D. Mich. L.R. 7.1(a), on January 9, 2025, there was a conference between attorneys during which counsel for FCA US LLC explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Dated:  January 13, 2025                 Respectfully submitted,

                                         **KLEIN THOMAS LEE & FRESARD**

                                         By:  /s/ *Stephen A. D'Aunoy*
                                             Stephen A. D'Aunoy (MO/54961)
                                             Scott H. Morgan (MO/61853)
                                             100 N. Broadway, Suite 1600
                                             St. Louis, Missouri  63102
                                             Tel:  (314) 888-2970
                                             steve.daunoy@kleinthomaslaw.com
                                             scott.morgan@kleinthomaslaw.com

                                             *-and-*

                                             Fred Fresard (P43694)
                                             Ian Edwards (P82021)
                                             101 W. Big Beaver Road, Suite 1400
                                             Troy, Michigan  48084
                                             Tel:  (248) 509-9270
                                             fred.fresard@kleinthomaslaw.com
                                             ian.edwards@kleinthomaslaw.com

                                             *Counsel for Defendant FCA US LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GARY FRISCH, *et al.*, on behalf of themselves and all those similarly situated,<br><br>　　　Plaintiffs,<br><br>*v.*<br><br>FCA US LLC,<br><br>　　　Defendant. | Case No.:  2:24-cv-10546-BRM-KGA<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Kimberly G. Altman |

---

### FCA US LLC'S BRIEF IN SUPPORT OF ITS
### MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS
### PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT
### PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

---

### KLEIN THOMAS LEE & FRESARD

Fred J. Fresard (P43694)　　　　Stephen A. D'Aunoy (MO/54961)
Ian K. Edwards (P82021)　　　　Scott H. Morgan (MO/61853)
101 W. Big Beaver Rd., Ste 1400　100 N. Broadway, Ste 1600
Troy, Michigan  48084　　　　　St. Louis, Missouri  63102
Tel:  (602) 935-8300　　　　　　Tel:  (314) 888-2970
fred.fresard@kleinthomaslaw.com　steve.daunoy@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com　scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS............................................................................ i

TABLE OF AUTHORITIES .................................................................. iii

ISSUES PRESENTED........................................................................... xiii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................xv

I.  INTRODUCTION ..............................................................................1

II.  RELEVANT FACTUAL BACKGROUND ........................................................1

    A.  The Alleged Defect. ....................................................................1

    B.  Plaintiffs' Allegations. ..................................................................2

    C.  The Vehicles' Written Warranties......................................................3

    D.  The Proposed Classes And Claims. .....................................................3

III.  MOTION TO COMPEL ARBITRATION........................................................4

IV.  MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6) .................5

    A.  The Governing Legal Standards..........................................................5

    B.  The MMWA Claim (Count I). ..........................................................5

    C.  The Implied Warranty Claims (Counts II, VIII, X, XIV, XVI, XX, XXIII, XXVI, XXIX, XXXIII, XXXV, XXXIX, XLI, XLV, XLVIII, L, LIII). ...............................................................6

        1.  Merchantability (All Counts)..................................................6

        2.  Manifestation Of Defect (Counts VIII, XIV, XXIII, XXVI, XXXV, XLI, XLVIII, L). ..............................................7

        3.  Pre-Suit Notice (Counts XIV, XVI, XLVIII, L)............................8

4.    Lack of Privity (Counts II, XIV, XVI, XXXV, XXXIX, XLV, LIII). ................................................................................ 9

D.    The Fraud-Based Consumer Protection Claims (Counts III, V, VI, VII, XI, XIII, XVII, XIX, XXII, XXV, XXVIII, XXXI, XXXII, XXXIV, XXXVII, XXXVIII, XLII, XLIV, XLVII, LI, LIV) ............ 11

1.    Rule 9(b) (All Counts). ................................................ 11

2.    No Pre-Sale Knowledge (All Counts). .......................... 13

3.    No Duty to Disclose (All Counts except XVII). ............ 17

4.    The Economic Loss Doctrine (Counts XI, XXXIV, LI). ............ 21

5.    Lack Of "Egregious Or Aggravating Circumstances" And "In-State Injuries" Required For NCUDTPA Claim (Count XXXIV). ................................................................ 21

6.    The OCPA Is Inapplicable To Regulated Activities (Count XLII). ................................................................ 22

7.    No Violation Of The UCL (Count VI). .......................... 22

E.    The Unjust Enrichment Claims (Counts IV, IX, XII, XV, XVIII, XXI, XXIV, XXVII, XXX, XXXVI, XL, XLIII, XLVI, XLIX, LII, LV). .23

V.  CONCLUSION ................................................................ 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. Nissan N. Am., Inc.*,
   2018 WL 2338871 (S.D.Tex. 2018) ................................................................20

*Altman v. PNC Mortg.*,
   850 F.Supp.2d 1057 (E.D.Cal. 2012) .............................................................23

*Ambrose v. Gen. Motors LLC*,
   2022 WL 3701946 (E.D.Mich. 2022) ..............................................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...........................................................................................5

*Baker v. Trans Union LLC*,
   2008 WL 2329099 (D.Ariz. 2008) ...................................................................25

*Barnett v. Schwan's Consumer Brands, Inc.*,
   2023 WL 6216955 (S.D.Ill. 2023) .....................................................................8

*BCC Merch. Sols., Inc. v. Jet Pay, LLC*,
   129 F.Supp.3d 440 (N.D.Tex. 2015) ...............................................................21

*Beck v. FCA US LLC*,
   273 F.Supp.3d 735 (E.D.Mich. 2017) ...............................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...........................................................................................5

*Bernardoni v. FCA US LLC*,
   2024 WL 3103316 (E.D.Mich. 2024) ................................................................4

*Bite Tech Inc. v. X2 Impact, Inc.*,
   2012 WL 13018749 (W.D.Wash. 2012) ...........................................................19

*Blackman v. Boston Whaler, Inc.*,
   649 F.Supp.3d 142 (E.D.N.C. 2023) .................................................................9

*Brios v. Wells Fargo Bank*,
   737 F.Supp.2d 1018 (N.D.Cal. 2010) .............................................................23

*Brisson v. Ford Motor Co.*,
   602 F.Supp.2d 1227 (M.D.Fla 2009) ...................................................................10

*Brown v. Hyundai Motor Am.*,
   2019 WL 4126710 (D.N.J. 2019) ........................................................................20

*Bussian v. DaimlerChrysler Corp.*,
   411 F.Supp.2d 614 (M.D.N.C. 2006) ............................................................ 7, 21

*Campos v. Polaris, Inc.*,
   2024 WL 1816945 (C.D.Cal. 2024) .......................................................................7

*Chapman v. Gen. Motors LLC*,
   531 F.Supp.3d 1257 (E.D.Mich. 2021) ................................................................12

*Cohen v. Subaru of America, Inc.*,
   2022 WL 721307 (D.N.J. 2022) .............................................................................7

*Conejo v. JPMorgan Chase Bank*,
   2011 WL 6149246 (C.D.Cal. 2011) .....................................................................23

*Cycle & Marine Land, Inc. v. Polaris Sales, Inc.*,
   614 F.Supp.2d 782 (E.D.Mich. 2007) ....................................................................4

*Dack v. Volkswagen Group of America*,
   565 F.Supp.3d 1135 (W.D.Mo. 2021) ....................................................................7

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006) ...............................................................................................5

*Dairy, LLC v. Milk Moovement, Inc.*,
   2022 WL 2392622 (E.D.Cal. 2022) ......................................................................24

*Demaria v. Nissan N. Am., Inc.*,
   2016 WL 374145 (N.D.Ill. 2016) .........................................................................13

*Dinwiddie v. Suzuki Motor of Am.*, Inc.,
   111 F.Supp.3d 1202 (W.D.Okla. 2015) ......................................................... 7, 22

*Droesser v. Ford Motor Co.*,
   2023 WL 2746792 (E.D.Mich. 2023) .....................................................................6

iv

*Ehrlich v. BMW of N. Am., LLC*,
   801 F.Supp.2d 908, 914 (C.D.Cal. 2010) ............................................................21

*Elliott v. Gen. Motors LLC*,
   605 F.Supp.3d 937 (E.D.Mich. 2022).................................................................15

*Ellis v. La.-Pac. Corp.*,
   699 F.3d 778 (4th Cir. 2012) ..............................................................................21

*Elmazouni v. Mylan, Inc.*,
   220 F.Supp.3d 736 (N.D.Tex. 2016) ....................................................................8

*Espineli v. Toyota Motor Sales, U.S.A., Inc.*,
   2019 WL 2249605 (E.D.Cal. 2019).....................................................................19

*Factor LLC v. Precision Extraction Corp.*,
   2022 WL 580878 (D.Ariz. 2022) ..........................................................................9

*Flores v. FCA US LLC*,
   2021 WL 1122216 (E.D.Mich. 2021)...................................................................14

*Francis v. Mead Johnson & Co.*,
   2010 WL 5313540 (D.Colo. 2010).......................................................................24

*Gant v. Ford Motor Co.*,
   517 F.Supp.3d 707 (E.D.Mich. 2021)............................................................. 9, 22

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
   53 F.Supp.3d 943 (S.D.Tex. 2014) ......................................................................24

*Glass v. BMW of N. Am., LLC*,
   2011 WL 6887721 (D.N.J. 2011)...........................................................................7

*Glob. Textile All., Inc. v. TDI Worldwide, LLC*,
   2018 WL 2721987 (N.C.Sup. 2018).....................................................................18

*Gravina Siding & Windows Co. v. Gravina*,
   2022 WL 1417336 (Colo.App. 2022)....................................................................24

*Great Am. Emu Co., LLC v. E.J. McKernan Co.*,
   509 F.Supp.3d 528 (E.D.N.C. 2020) ...................................................................24

*Gregorio v. Ford Motor Co.*,
   522 F.Supp.3d 264 (E.D.Mich. 2021)....................................................15

*Hall v. Gen. Motors LLC*,
   2020 WL 1285636 (E.D.Mich. 2020)............................................... 7, 13

*Hampton v. Gen. Motors, LLC*,
   2022 WL 4538440 (E.D.Okla. 2022) ....................................................19

*Harmon v. Lenovo (United States) Inc.*,
   2024 WL 1741264 (S.D.Ill. 2024) .........................................................10

*Harrison v. Gen. Motors, LLC*,
   2023 WL 348962 (E.D.Mich. 2023)....................................................15

*Hartley v. Sig Sauer, Inc.*,
   2019 WL 11639620 (W.D.Mo. 2019) ....................................................18

*Hawkins v. Shimano N. Am. Bicycle Inc.*,
   2024 WL 2105596 (C.D.Cal. 2024) ......................................................11

*Herremans v. BMW of N. Am., LLC*,
   2014 WL 5017843 (C.D.Cal. 2014)........................................................18

*Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*,
   2013 WL 2285453 (E.D.Mich. 2013)....................................................11

*Hollenshead v. New Penn Fin., LLC*,
   447 F.Supp.3d 283 (E.D.Pa. 2020) ......................................................24

*Home Owners Ins. Co. v. ADT LLC*,
   109 F.Supp.3d 1000 (E.D.Mich. 2015)..................................................11

*In re Chevrolet Bolt EV Battery Litig.*,
   633 F.Supp.3d 921 (E.D.Mich. 2022)....................................................14

*In re MyFord Touch*,
   46 F.Supp.3d 936 (N.D.Cal. 2014) ........................................................8

*In re Nickelodeon Consumer Priv. Litig.*,
   2014 WL 3012873 (D.N.J. 2014)..........................................................24

*In re Parmalat*,
  383 F.Supp.2d 587 (S.D.N.Y. 2005) ...................................................22

*In re Shop-Vac Mktg. & Sales Pracs. Litig.*,
  2014 WL 3557189 (M.D.Pa. 2014) .....................................................8

*Inouye v. Adidas Am., Inc.*,
  2023 WL 2351654 (M.D.Fla. 2023) ....................................................9

*JL v. New Mex. Dept. of Health*,
  165 F.Supp.3d 1048 (D.N.M. 2016) ...................................................20

*Johnson v. FCA US LLC*,
  555 F.Supp.3d 488 (E.D.Mich. 2021)........................................... 15, 23

*Johnson v. KB Home*,
  720 F.Supp,2d 1109 (D.Ariz. 2010) ...................................................24

*Johnson v. Nissan N. Am., Inc.*,
  2018 WL 905850 (N.D.Cal. 2018) ......................................................10

*Kopel v. Kopel*,
  229 So.3d 812 (Fla. 2017) .................................................................25

*Leon v. Cont'l AG*,
  301 F.Supp.3d 1203 (S.D.Fla. 2017).................................................10

*Lewis v. Mercedes-Benz USA, LLC*,
  530 F.Supp.3d 1183 (S.D.Fla. 2021) .................................................24

*Lisowski v. Henry Thayer Co., Inc.*,
  501 F.Supp.3d 316 (W.D.Pa. 2020).....................................................8

*Loomis v. U.S. Bank Home Mortg.*,
  912 F.Supp.2d 848 (D.Ariz. 2012) .....................................................19

*Martell v. Gen. Motors LLC*,
  492 F.Supp.3d 1131 (D.Or. 2020) ......................................................20

*Martis v. Grinnell Mut. Reinsurance Co.*,
  905 N.E.2d 920 (Ill.App. 2009) ..........................................................24

*Matanky v. Gen. Motors LLC*,
370 F.Supp.3d 772 (E.D.Mich. 2019) ...................................................... 17, 20, 22

*Mayotte v. US Bank*,
424 F.Supp.3d 1077 (D.Colo. 2019) ......................................................... 21

*McCabe v. Daimler AG*,
948 F.Supp.2d 1347 (N.D.Ga. 2013) ....................................................... 10

*McCracken v. R.J. Reynolds Tobacco Co.*,
2018 WL 3130402 (E.D.Pa. 2018) ........................................................... 20

*McKee v. Gen. Motors LLC*,
376 F.Supp.3d 751 (E.D.Mich. 2019) ....................................................... 6

*Mekertichian v. Mercedes–Benz U.S.A., L.L.C.*,
807 N.E.2d 1165 (Ill.App. 2004) ............................................................ 10

*Mercer v. Jaffe, Snider, Raitt & Heuer, P.C.*,
713 F.Supp. 1019 (W.D.Mich. 1989) ...................................................... 11

*Merch. One, Inc. v. TLO, Inc.*,
2020 WL 248608 (S.D.Fla. 2020) ........................................................... 20

*Meyer v. Colavita USA Inc.*,
2011 WL 13216980 (S.D.Fla. 2011) ........................................................ 8

*Mezibov v. Allen*,
411 F.3d 712 (6th Cir. 2005) ................................................................. 5

*Miller v. Gen. Motors, LLC*,
2018 WL 2740240 (E.D.Mich. 2018) ....................................................... 16, 24

*Miller v. Samsung Elecs. Am., Inc.*,
2015 WL 3965608 (D.N.J. 2015) ............................................................ 9

*Naiman v. Alle Processing Corp.*,
2020 WL 6869412 (D.Ariz. 2020) ........................................................... 24

*Orthman v. Premiere Pediatrics, PLLC*,
545 P.3d 124 (Okla.Civ.App. 2024) ........................................................ 25

*Perry v. Ethicon, Inc.*,
2022 WL 912214 (S.D.Ohio 2022) ........................................................9

*Pickens v. Mercedes-Benz USA, LLC*,
2021 WL 5050289 (N.D.Ill. 2021) ......................................................10

*Pistorio v. FCA US LLC*,
2022 WL 141524 (E.D.Mich. 2022) ......................................................8

*Priebe v. Autobarn, Ltd.*,
240 F.3d 584 (7th Cir. 2001) ................................................................7

*Randle v. City of Tulsa*,
2024 WL 2949398 (Okla. 2024) ..........................................................24

*Randleman v. Fid. Nat. Title Ins. Co.*,
465 F.Supp.2d 812 (N.D.Ohio 2006) ..................................................20

*Raymo v. FCA US LLC*,
475 F.Supp.3d 680 (E.D.Mich. 2020) ................................................13

*Renfro v. Champion Petfoods USA, Inc*,
25 F.4th 1293 (10th Cir. 2022) ............................................................19

*Republic Bank & Tr. Co. v. Bear Stearns & Co.*,
683 F.3d 239 (6th Cir. 2012) ..............................................................11

*Rodriguez v. Ford Motor Co.*,
596 F.Supp.3d 150 (N.D.Ill. 2022) ....................................................20

*Roe v. Ford Motor Co.*,
2019 WL 3564589 (E.D.Mich. 2019) ..................................................15

*Schmidt v. Ford Motor Co.*,
972 F.Supp.2d 712 (E.D.Pa. 2013) ................................................ 8, 25

*Shearson/Am. Express, Inc. v. McMahon*,
482 U.S. 220 (1987) ..............................................................................4

*Simon v. E. Ky. Welfare Rights Org.*,
426 U.S. 26 (1976) ................................................................................5

*Smith v. Gen. Motors LLC*,
    988 F.3d 873 (6th Cir. 2021) ......................................................................... 13, 15

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .........................................................................23

*Southwood v. Credit Card Sol.*,
    2016 WL 8710985 (E.D.N.C. 2016) ..............................................................25

*Speier-Roche v. Volkswagen Grp. of Am. Inc.*,
    2014 WL 1745050 (S.D.Fla. 2014) ................................................................24

*Stephens v. Target Corp.*,
    694 F.Supp.3d 1136 (D.Minn. 2023)................................................................8

*Studio 1220, Inc. v. Bank of America Corp.*,
    2022 WL 1617114 (9th Cir. 2022) .................................................................19

*Tague v. Autobarn Motors, Ltd.*,
    914 N.E.2d 710 (Ill.App. 2009) .......................................................................7

*Taragan v. Nissan N.Am., Inc.*,
    2013 WL 3157918 (N.D.Cal. 2013) ...............................................................18

*U.S. Tire-Tech, Inc. v. Boeran, B.V.*,
    110 S.W.3d 194 (Tex.App. 2003)......................................................................8

*United States v. Jurik*,
    943 F.Supp.2d 602 (E.D.N.C. 2013) ..............................................................24

*Vantage Learning (USA), LLC v. Edgenuity, Inc.*,
    246 F.Supp.3d 1097 (E.D.Pa. 2017) ..............................................................24

*Voelker v. Porsche Cars N. Am.*,
    353 F.3d 516 (7th Cir. 2003)............................................................................9

*Walton v. Grammer Indus. Inc.*,
    2021 WL 4458761 (E.D.Mich. 2021)..............................................................15

*White v. Gen. Motors*,
    2022 WL 3597161 (D.Colo. 2022)..................................................................21

*Wilcox v. Hillcrest Mem'l Park of Dallas*,
   696 S.W.2d 423 (Tex.App. 1985)...................................................................8

*Willard v. Home Depot, U.S.A., Inc.*,
   2009 WL 4730644 (N.D.Fla. 2009) .............................................................8

*Williams v. Tesla, Inc.*,
   2022 WL 899847 (N.D.Cal. 2022) ............................................................23

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ..................................................................23

*Withers v. BMW of N. Am., LLC*,
   2021 WL 4204332 (W.D.N.C. 2021)........................................................18

*Withrow v. FCA US LLC*,
   2021 WL 2529847 (E.D.Mich. 2021)..........................................................6

*Wong v. American Honda Motor Co., Inc.*,
   2024 WL 612939 (9th Cir. 2024)................................................................9

*Woods v. Maytag Co.*,
   2010 WL 4314313, *16 (E.D.N.Y. 2010) .................................................19

*Wozniak v. Ford Motor Co.*,
   2019 WL 108845 (E.D.Mich. 2019)..........................................................19

**Statutes**

13 Pa. Cons. Stat. § 2607 cmt 4 .....................................................................8

15 U.S.C. § 2310(d)(3)(C) ...............................................................................6

810 Ill. Comp. Stat. Ann. 5/2-607 cmt 4..........................................................8

Federal Arbitration Act, 9 U.S.C. §§ 1-16

Fla. Stat. § 672.607 cmt 4 ................................................................................8

Okla. Stat. Ann. Tit. 15, § 754(2) ..................................................................22

Tex. Bus. & Com. Code Ann. § 2.607 cmt 4....................................................9

TREAD Act..........................................................................................17

**Rules**

Consumer Arbitration Rules of the American Arbitration Association ("AAA") 4, 5

Fed. R. Civ. P. 9(b) ......................................................................... 11, 20

Fed. R. Civ. P. 12(b)(1).......................................................................5

Fed. R. Civ. P. 12(b)(6).......................................................................5

**Treatises**

Restatement (Second) of Torts § 551 ...................................................19

## <u>ISSUES PRESENTED</u>

1. Should the Court compel arbitration of all claims asserted by Plaintiffs when: (i) the written warranties for their vehicles include a mandatory arbitration provision regarding "any dispute arising out of or relating to any aspect of the relationship between [them] and FCA US"; and (i) those arbitration agreements expressly incorporate the rules of the American Arbitration Association which delegate any disputes over "the existence, scope, or validity of the arbitration agreement" and "the arbitrability of any claim" to the arbitrator for decision?

   The Court should respond: "yes."

2. Should the Court dismiss Plaintiffs' Magnuson-Moss Warranty Act claims when (i) Plaintiffs lack standing to assert their claims on a nationwide basis, (ii) the claims fail to satisfy the Act's jurisdictional requirement of at least 100 named plaintiffs in a class case, and (iii) the underlying state law claims fail?

   The Court should respond: "yes."

3. Should the Court dismiss Plaintiffs' breach of implied warranty claims when (i) they have failed to plead facts showing their own vehicles were unmerchantable at the time of purchase, (ii) they have failed to plead facts showing the alleged defect has actually manifested in their own vehicles, (iii) they have failed to provide FCA US with the pre-suit notice statutorily required for such claims under Florida, Illinois, Pennsylvania, and Texas law, and (iv) Plaintiffs lack the privity required for such claims under Arizona, Florida, Illinois, and North Carolina law?

   The Court should respond: "yes."

4. Should the Court dismiss Plaintiffs' state-law consumer protection statute claims when (i) Plaintiffs' averments lack the specificity Rule 9(b) requires, (ii) Plaintiffs fail to plead facts showing pre-sale knowledge of the purported defect, (iii) Plaintiffs fail to plead facts showing a duty to disclose, (iv) the economic loss doctrine bars their CCPA, NCUDTPA, and TDTPA claims, (v) the NCUDTPA claim requires allegations beyond a mere alleged failure to provide notice of a defect, and applies only to in-state purchases, (vi) the OCPA does not apply to transactions covered by other regulatory schemes, and (vii) Plaintiffs fail to plead the facts required to show any violation of the

UCL?

      The Court should respond: "yes."

5.     Should the Court dismiss Plaintiffs' claims for unjust enrichment when (i) the Plaintiffs' vehicles were sold with express warranties setting forth the parties' rights and responsibilities regarding the vehicles; (ii) California, Illinois, New Jersey, and Texas do not recognize "unjust enrichment" as a standalone cause of action; (iii) Plaintiffs have failed to plead a lack of adequate legal remedies, and (iv) no Plaintiff alleges they conferred a direct benefit on FCA US?

      The Court should respond: "yes."

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Smith v. Gen. Motors LLC,* 988 F.3d 873, 885 (6th Cir. 2021)

*Bernardoni v. FCA US LLC*, 2024 WL 3103316, **3-4 (E.D.Mich. 2024)

*Droesser v. Ford Motor Co.*, 2023 WL 2746792, *19 (E.D.Mich. 2023)

*Gant v. Ford Motor Co.*, 517 F.Supp.3d 707, 717 (E.D.Mich. 2021)

*Hall v. Gen. Motors, LLC*, 2020 WL 1285636, *11 (E.D.Mich. 2020)

*McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751, 755 (E.D.Mich. 2019)

*Miller v. Gen. Motors, LLC*, 2018 WL 2740240, *13 (E.D.Mich. 2018)

*Beck v. FCA US LLC*, 273 F.Supp.3d 735, 762 (E.D.Mich. 2017)

# I. __INTRODUCTION__

Plaintiffs filed this case after FCA US LLC announced a NHTSA-supervised recall addressing a potential risk of fire in certain model-year ("MY") 2021-2023 Jeep Wrangler 4xe vehicles.[1]  When FCA US expanded the recall's scope to include MY 2020 and 2024 Jeep Wrangler 4xe vehicles, and MY 2022-2024 Jeep Grand Cherokee 4xe vehicles as well, Plaintiffs amended their pleadings to do the same.[2]  Plaintiffs assert fraud, implied warranty, and unjust enrichment claims under various states' laws.  All fail, however, because, among other things, they lack any *facts* showing pre-sale knowledge of the defect they allege.  That notwithstanding, the Court need not decide because Plaintiffs' written warranties require arbitration.

# II. __RELEVANT FACTUAL BACKGROUND__

## A.     __The Alleged Defect.__

In mid-2023, FCA US received two field reports of fires in MY 2021 Jeep Wrangler 4xe vehicles and immediately opened an investigation.  *See* SAC, Ex. 29 at p. 2 (PageID.4561).  Five other "potentially relat[ed]" fires were thereafter identified and investigated, and in November 2023 FCA US initiated a voluntary recall (known and numbered as NHTSA Recall No. 23V-787) of MY 2021-2023 Jeep Wrangler

---

[1]*See* Class Action Complaint, ECF #1; *see also*, *generally*, ECF #30-30.  The "4xe" designation refers to certain types of plug-in hybrid electric vehicles ("PHEVs").
[2]*See* Second Amended Class Action Complaint, ECF #30 ("SAC"); *see also*, *generally*, ECF #30-31.

PHEV vehicles.  *Id.* at pp. 2-3 (PageID.4561-4562).

In mid-2024, FCA US received field reports of fires in two non-recalled Jeep Wrangler 4xe vehicles as well as certain other Jeep Grand Cherokee 4xe vehicles, and in September 2024 FCA US expanded the scope of its remedy efforts to MY 2020-2024 Jeep Wrangler 4xe vehicles and MY 2022-2024 Jeep Grand Cherokee 4xe vehicles under NHTSA Recall No. 24V-720.  *See*, *e.g.*, SAC, Ex. 30 (PageID.4563). FCA US's high-voltage battery supplier informed FCA US that the cause of the fires was "separator damage … combined with other complex interactions within the [battery] cells."  *Id.* at p. 2 (PageID.4565).  Of the "potentially involved" vehicles, just one percent are estimated to present with such a condition.  *Id.* at p. 1 (PageID.4560).

FCA US advises consumers to "refrain from recharging" their vehicles and, "[o]ut of an abundance of caution," to "park away from structures or other vehicles" until having an FCA US-authorized dealer implement the recall remedy.  *Id.* at p. 2 (PageID.4565).   The remedy consists of installing updated software that detects potential problems with the PEHV's high-voltage battery's condition and, if it detects any anomaly, the battery is replaced.  *Id.* at p. 4 (PageID.4567).

**B.     Plaintiffs' Allegations.**

Each Plaintiff avers purchasing or leasing a MY 2021, 2022, 2023, or 2024 Jeep Wrangler PHEV or MY 2022 Jeep Grand Cherokee PHEV from an "authorized FCA US dealer," or simply a "dealer," in the state under whose laws they bring their

claims.[3]  Plaintiffs' claims are all based on essentially the same rote allegations: they (i) researched vehicles' features online, (ii) acquired them for their "hybrid vehicle" benefits, and (iii) are now "concerned about driving, charging, and parking" them.[4]

## C.    The Vehicles' Written Warranties.

FCA US provided written warranties for Plaintiffs' vehicles when sold new. *See*, *e.g.*, Exs. A, B, C, D, and E.  The warranty information booklets also provide a Basic Limited Warranty and a High-Voltage Battery Limited Warranty.  *See* Exs. A, B, and C at pp. 6-7, 11; Ex. D at pp. 6-7, 10-11; Ex. E at pp. 6, 10-11.

## D.    The Proposed Classes And Claims.

Plaintiffs assert a claim under the Magnuson-Moss Warranty Act ("MMWA") for a nationwide class comprised of those "who purchased or leased one or more [MY] 2020-2024 Jeep Wrangler 4xe and/or 2022-2024 Jeep Grand Cherokee 4xe plug-in hybrid electric vehicles."  *See* SAC, ¶¶ 403, 414 (PageID.3692, 3697).  For seventeen similarly defined state-based subclasses, Plaintiffs assert claims for violation of the

---

[3] *See* SAC, ¶¶ 30, 36, 44, 51, 58, 65, 70, 76, 83, 92, 99, 106, 111, 118, 123, 127, 132, 140, 145, 150, 157, 162, 169, 174, 181, 189, 194 (PageID.3516, 3518, 3521, 3525, 3528, 3531, 3533, 3536, 3539, 3543, 3546, 3549, 3551, 3554, 3557, 3559, 3561, 3564, 3566, 3569, 3572, 3574, 3577, 3579, 3582, 3585, 3588).
[4] *Id.* at ¶¶ 31, 37, 41, 45, 48, 52, 55, 59, 62, 66, 68, 71, 74, 77, 80, 84, 90, 93, 96, 100, 103, 106, 107, 112, 115, 119, 124, 128, 130, 133, 138, 141, 143, 146, 148, 151, 154, 158, 160, 163, 166, 170, 175, 178, 182, 185, 190, 195 (PageID.3516, 3518, 3520, 3522-3523, 3525, 3528, 3530, 3531, 3533-3535, 3536, 3538, 3540, 3542-3543, 3545-3546, 3548-3549, 3551, 3553-3554, 3557, 3559-3561, 3563-3564, 3566-3570, 3572-3574, 3576, 3578-3579, 3581, 3583-3584, 3586, 3588).

consumer protection statutes in these states, as well as for breach of implied warranty and unjust enrichment. *Id.* at ¶¶ 403, 430-1199 (PageID.3692, 3702-3876).

### III.  <u>MOTION TO COMPEL ARBITRATION</u>

The Federal Arbitration Act, 9 U.S.C. §§ 1-16, establishes a "federal policy favoring arbitration" and requires that courts "rigorously enforce arbitration agreements to arbitrate." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987).  Upon the showing of a written agreement to arbitrate and a dispute within the scope of the agreement, arbitration should be compelled. *See, e.g.*, *Cycle & Marine Land, Inc. v. Polaris Sales, Inc.*, 614 F.Supp.2d 782, 785 (E.D.Mich. 2007).  Where the agreement provides for submission of gateway issues of arbitrability, scope, or enforceability to the arbitrator—or incorporates an arbitration forum's rules providing that such issues will be decided by the arbitrator—a court must compel arbitration and defer those issues to the arbitrator. *See, e.g.*, *Bernardoni v. FCA US LLC*, 2024 WL 3103316, *3-4 (E.D.Mich. 2024).

Here, the warranties for Plaintiffs' vehicles include a mandatory arbitration provision requiring they arbitrate "any dispute arising out of or relating to any aspect of the relationship between [them] and FCA US." *See* Exs. A, B, C, D, and E at p. 5. The agreement also provides that the Consumer Arbitration Rules of the American Arbitration Association ("AAA") will govern such claims, *id.*, which delegate to the arbitrator disputes over "the existence, scope, or validity of the arbitration

agreement" and "the arbitrability of any claim," *see* AAA Consumer Arbitration Rules, R-14 (available at https://adr.org/sites/default/files/Consumer%20Rules.pdf). Because there is a written agreement to arbitrate, the Court should compel arbitration and allow the arbitrators to resolve any arbitrability or merits-related disputes.

## IV.  <u>MOTION TO DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)</u>

### A.  The Governing Legal Standards.

A lack of standing requires dismissal under Rule 12(b)(1), and "[a] plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006). That a suit is brought as a class action "adds nothing to the question of standing." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must have "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice").

### B.  The MMWA Claim (Count I).

Plaintiffs' MMWA claim fails for three reasons:

*First*, Plaintiffs assert a "nationwide" MMWA claim, but allege no injury in states other than where they reside or purchased their vehicles, and thus lack standing to bring any nationwide claim or any claim under the laws of other states. *See*, *e.g.*, *McKee v. Gen. Motors LLC*, 376 F.Supp.3d 751, 755 (E.D.Mich. 2019); *Withrow v. FCA US LLC*, 2021 WL 2529847, *5-11 (E.D.Mich. 2021).

*Second*, MMWA class claims require at least 100 named plaintiffs to satisfy the jurisdictional prerequisite. *See* 15 U.S.C. § 2310(d)(3)(C); *see also Droesser v. Ford Motor Co.*, 2023 WL 2746792, *19 (E.D.Mich. 2023). There are less than 100 named plaintiffs in this case, *see* SAC at p. 1 (PageID.3491), and the Court should thus dismiss the MMWA claim, *id.* at ¶¶ 413-429 (PageID.3697-3701).

*Third*, Plaintiffs' individual MMWA claims fail because they rise and fall with their underlying state-law implied warranty claims, *McKee*, 376 F.Supp.3d at 760, and those claims fail for the reasons explained below, *see* § IV.C, *infra*.

## C.   The Implied Warranty Claims (Counts II, VIII, X, XIV, XVI, XX, XXIII, XXVI, XXIX, XXXIII, XXXV, XXXIX, XLI, XLV, XLVIII, L, LIII).

### 1.   Merchantability (All Counts).

Despite the rote allegations of being "concerned about driving, charging, and parking" their vehicles, *see* § II.B, *supra*, only Liakhova and McCrary assert a single *fact* suggesting they are unable to use or drive their vehicles, *see* SAC, ¶¶ 108, 171 (PageID.3550, 3578). The prolonged use of the subject vehicles without a problem

means Plaintiffs cannot adequately plead viable implied warranty claims.[5]

## 2.   Manifestation Of Defect (Counts VIII, XIV, XXIII, XXVI, XXXV, XLI, XLVIII, L).

California, Florida, Missouri, New Jersey, North Carolina, Oklahoma, Pennsylvania, and Texas require that a plaintiff plead facts showing the purported defect has actually manifested in their own vehicle—or is substantially certain to manifest—within the warranty period.[6]  Since Plaintiffs fail to plead such facts, the Court should dismiss the implied warranty claims in Counts VIII, XIV, XXVI, XXXV, XLI, XLVIII, and L.

---

[5]*See, e.g.*, *Beck v. FCA US LLC*, 273 F.Supp.3d 735, 759, 762 (E.D.Mich. 2017) (claim failed where there was no indication that "despite the safety concerns, [plaintiff] has actually stopped driving his vehicle"); *see also Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 588 (7th Cir. 2001) (claim failed where plaintiff "had driven the Acura more than 30,000 miles," despite allegations he "believed it was 'dangerous to drive'"); *Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, *2, 15 (D.N.J. 2011) (claim failed where, even if vehicle had safety defect and did not fulfill expectations, plaintiff drove it for many years/miles and never alleged it failed to provide minimum level of quality); *Bussian v. DaimlerChrysler Corp.*, 411 F.Supp.2d 614, 623-24 (M.D.N.C. 2006) (claim failed where plaintiff drove vehicle for 2+ years and never alleged defect caused mechanical problems/accidents or rendered vehicle "inoperable," or that he ever stopped driving or "lost faith" in vehicle); *Tague v. Autobarn Motors, Ltd.*, 914 N.E.2d 710, 722 (Ill.App. 2009) (claim failed where "plaintiff drove the vehicle over 14,000 miles [] within the first six months").

[6]**CA**, **FL**, **NJ**, **NC**, **PA**, **TX**: *Cohen v. Subaru of America, Inc*., 2022 WL 721307, *9, 11 (D.N.J. 2022). **MO**: *Dack v. Volkswagen Group of America*, 565 F.Supp.3d 1135, 1148 (W.D.Mo. 2021). **OK**: *Dinwiddie v. Suzuki Motor of Am*., Inc., 111 F.Supp.3d 1202, 1209 (W.D.Okla. 2015); *see also Campos v. Polaris, Inc.*, 2024 WL 1816945, *3 (C.D.Cal. 2024) (dismissing claim where plaintiffs did not allege the potential defect "actually manifested in their vehicles"); *Hall v. Gen. Motors LLC*, 2020 WL 1285636, *11 (E.D.Mich. 2020) (a plaintiff "cannot state a viable ... claim" where implied warranties expired before they sought service").

### 3.    Pre-Suit Notice (Counts XIV, XVI, XLVIII, L).

Florida, Illinois, Pennsylvania, and Texas each require pre-suit notice of the purported breach from the plaintiff to the defendant manufacturer.[7]  Plaintiffs assert FCA US had notice through (i) random online complaints by others; (ii) the filing of this action; and (iii) Plaintiffs' counsel's March 4, 2024 letter.  *Id.* at ¶¶ 633, 656, 1096, 1120 (PageID.3748, 3753, 3853, 3859).  None of this suffices.

Online complaints do not suffice for pre-suit notice here because the law requires that the *plaintiff* inform the defendant.[8]  Nor is simply filing a complaint sufficient, or sending a letter (as here) at the same time the complaint is filed— indeed, courts agree that such tactics fundamentally undermine the entire point of requiring pre-suit notice, which is to promote settlement before a case is filed.[9]

---

[7]**FL**: *Pistorio v. FCA US LLC*, 2022 WL 141524, *8 (E.D.Mich. 2022). **IL**: *Barnett v. Schwan's Consumer Brands, Inc.*, 2023 WL 6216955, *3 (S.D.Ill. 2023). **PA**: *Schmidt v. Ford Motor Co.*, 972 F.Supp.2d 712, 718 (E.D.Pa. 2013). **TX**: *Elmazouni v. Mylan, Inc.*, 220 F.Supp.3d 736, 746 (N.D.Tex. 2016).

[8]**FL**: *Willard v. Home Depot, U.S.A., Inc.*, 2009 WL 4730644, *3 (N.D.Fla. 2009). **IL**: *Barnett*, 2023 WL 6216955 at *3. **PA**: *Lisowski v. Henry Thayer Co., Inc.*, 501 F.Supp.3d 316, 331 (W.D.Pa. 2020). **TX**: *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201-02 (Tex.App. 2003).

[9]**FL**: *Meyer v. Colavita USA Inc*., 2011 WL 13216980, *5 (S.D.Fla. 2011). **IL**: *Barnett*, 2023 WL 6216955, *3; *Stephens v. Target Corp.*, 694 F.Supp.3d 1136, 1147 (D.Minn. 2023). **PA**: *Lisowski*, 2021 WL 1185924 at *3; *In re Shop-Vac Mktg. & Sales Pracs. Litig.*, 2014 WL 3557189, *8 (M.D.Pa. 2014). **TX**: *In re MyFord Touch*, 46 F.Supp.3d 936, 978 (N.D.Cal. 2014); *Wilcox v. Hillcrest Mem'l Park of Dallas*, 696 S.W.2d 423, 424 (Tex.App. 1985).  If it did, it would entirely undermine the legislative purpose of the notice requirement, *i.e.*, to open "the way for normal settlement through negotiation." *See*, *e.g.*, Fla. Stat. § 672.607 cmt 4; 810 Ill. Comp. Stat. Ann. 5/2-607 cmt 4; 13 Pa. Cons. Stat. § 2607 cmt 4; Tex. Bus. & Com. Code

And, in New Jersey, where the warranty itself contains a pre-suit requirement (as here), courts strictly enforce it.  *See*, *e.g.*, *Miller v. Samsung Elecs. Am.*, *Inc.*, 2015 WL 3965608, *15 (D.N.J. 2015); *see also* Exs. A and C, p. 23; Ex. E, p. 27. But the SAC fails to plead that notice for the Aiello, Pumill, and Wadleigh Plaintiffs. *See*, *e.g.*, SAC, ¶¶ 123-139, 790-800 (PageID.3556-3564, 3781-3784).

### 4.    Lack of Privity (Counts II, XIV, XVI, XXXV, XXXIX, XLV, LIII).

The Arizona, Florida, Illinois, North Carolina, Ohio, Oregon, and Washington claims also require privity.[10]  Plaintiffs concede they lack it, *id.* at ¶¶ 30, 36, 44, 83, 92, 99, 106, 150, 169, 194 (PageID.3515, 3518, 3521, 3539, 3543, 3546, 3549, 3569, 3578, 3588), and instead try to rely on exceptions to the rule, *id.* at ¶¶ 439, 631, 654, 917, 1163 (PageID.3704, 3747, 3752, 3812, 3869).  But Arizona and North Carolina recognize no exceptions to the privity requirement at all, and while Florida and Illinois recognize some, Plaintiffs fail to adequately plead any.[11]

*Direct Dealings*: In Florida, conclusory averments of direct dealings are

---

Ann. § 2.607 cmt 4; *see also* ECF #16-8 (PageID.716) (letter received 3/4/24, *i.e.*, the day suit was filed).

[10]**AZ**: *Factor LLC v. Precision Extraction Corp.*, 2022 WL 580878, *5 (D.Ariz. 2022). **FL**: *Inouye v. Adidas Am., Inc.*, 2023 WL 2351654, *7 (M.D.Fla. 2023). **IL**: *Voelker v. Porsche Cars N. Am.*, 353 F.3d 516, 525-26 (7th Cir. 2003). **NC**: *Blackman v. Boston Whaler, Inc.*, 649 F.Supp.3d 142, 149-50 (E.D.N.C. 2023). **OH**: *Perry v. Ethicon, Inc.*, 2022 WL 912214, *5-6 (S.D.Ohio 2022). **OR**, **WA**: *Wong v. American Honda Motor Co., Inc.*, 2024 WL 612939, *1 (9th Cir. 2024).

[11]*Gant v. Ford Motor Co.*, 517 F.Supp.3d 707, 717 (E.D.Mich. 2021) (lack of privity is "an *insurmountable* bar" in Arizona and North Carolina) (emphasis added).

insufficient, especially where, as here, a plaintiff fails to name the vehicle's direct seller. *See Leon v. Cont'l AG*, 301 F.Supp.3d 1203, 1223 (S.D.Fla. 2017); *see also* SAC, ¶¶ 83, 92, 99, 631 (PageID.3539, 3543, 3546, 3747). In Illinois, the exception "does not extend to goods mass-produced and sold at retail to a third-party who is not a beneficiary of the manufacturer-seller contract." *Harmon v. Lenovo (United States) Inc.*, 2024 WL 1741264, *5 (S.D.Ill. 2024). And Liakhova admits she purchased her mass-produced vehicle through a dealer. *See* SAC, ¶¶ 106, 654 (PageID.3549, 3752).

*Agency*: Florida and Illinois both recognize an agency exception but require far more than the conclusory assertions Plaintiffs make. *Compare Brisson v. Ford Motor Co.*, 602 F.Supp.2d 1227, 1232 (M.D.Fla 2009) *and Pickens v. Mercedes-Benz USA, LLC*, 2021 WL 5050289, *3 (N.D.Ill. 2021) (dealer *not* an agent for manufacturer absent "more than a routine dealer relationship"), *with* SAC, *generally*.

*Third-Party Beneficiary*: Florida and Illinois do *not* recognize a third-party beneficiary exception when consumers assert implied warranty claims against manufacturers, as is the case here. *See*, *e.g.*, *Johnson v. Nissan N. Am., Inc.*, 2018 WL 905850, *5 (N.D.Cal. 2018); *McCabe v. Daimler AG*, 948 F.Supp.2d 1347, 1362 (N.D.Ga. 2013); *Mekertichian v. Mercedes–Benz U.S.A., L.L.C.*, 807 N.E.2d 1165, 1169 (Ill.App. 2004).

*Inherent Danger*: Similarly, "there is no 'dangerous instrumentality' exception for implied warranty claims under Florida [or] Illinois … law." *Hawkins v. Shimano*

*N. Am. Bicycle Inc.*, 2024 WL 2105596, *19 n.7 (C.D.Cal. 2024).

**D.    The Fraud-Based Consumer Protection Claims (Counts III, V, VI, VII, XI, XIII, XVII, XIX, XXII, XXV, XXVIII, XXXI, XXXII, XXXIV, XXXVII, XXXVIII, XLII, XLIV, XLVII, LI, LIV).**

Plaintiffs bring fraud-based consumer protection claims under the laws of their home states.  Each is based on essentially identical, generic allegations of unspecified misrepresentations and omissions concerning the purported defect.  These claims fail.

**1.    Rule 9(b) (All Counts).**

To survive dismissal, Plaintiffs must plead *facts* detailing FCA US's allegedly fraudulent statements, and they must identify the who, what, when, where, why, and how for each.  *See*, *e.g.*, *Home Owners Ins. Co. v. ADT LLC*, 109 F.Supp.3d 1000, 1008-09 (E.D.Mich. 2015).  Rule 9(b) applies equally to the omission-based claims and requires allegations that "detail the omissions made, state the person responsible for the failure to speak, provide the context in which the omissions were made, and explain how the omissions deceived [them]."  *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Mich.*, 2013 WL 2285453, *28 (E.D.Mich. 2013); *see also Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 255-56 (6th Cir. 2012).

That Plaintiffs assert these claims in the context of a class action changes nothing.  The individual named plaintiffs' claims must *each independently* satisfy Rule 9(b).  *Mercer v. Jaffe, Snider, Raitt & Heuer, P.C.*, 713 F.Supp. 1019, 1026 (W.D.Mich. 1989) (dismissal where complaint did "not contain a significant portion

of the who, what, when, and where of each individual plaintiff's alleged defrauding by ... defendants"). And, although states' consumer protection statutes vary in their specific requirements, "all at a minimum require deceptive conduct, reliance, and causation to be pled with the same level of particularity required by [Rule] 9(b)." *Chapman v. Gen. Motors LLC*, 531 F.Supp.3d 1257, 1300 (E.D.Mich. 2021).

The SAC's deficiency is plain. It sets forth *exemplar* advertisements, brochures, manuals, press releases, public statements, and doorjamb stickers, *see* SAC, ¶¶ 204-249 (PageID.3592-3619), but no Plaintiff claims ever seeing, *much less relying upon*, any of those materials for their vehicle purchases, *id.* at ¶¶ 30-200 (PageID.3515-3590). Furthermore, Plaintiffs' allegations for what they do claim to see lack *facts* identifying what they saw, when or where they saw it, or how any of it conveyed anything actually false.[12]

The omission-based claims fare no better. Such claims require allegations about *when*, *where*, and *how* the purportedly omitted information could have been revealed to each Plaintiff such that they would have seen it. *See*, *e.g.*, *supra*. But Plaintiffs only surmise, in wholly conclusory fashion, that disclosure could have occurred in the same types of things they never reviewed, *e.g.*, brochures, buying

---

[12]*See* SAC, ¶¶ 31, 37, 45, 52, 59, 66, 71, 77, 84, 93, 100, 107, 112, 119, 124, 128, 133, 141, 146, 151, 158, 163, 170, 175, 182, 190, 195 (PageID.3516, 3518, 3522, 3525, 3528, 3531, 3534, 3536, 3540, 3543, 3546, 3550, 3551, 3554, 3557, 3559, 3561, 3564, 3567, 3569, 3572, 3574, 3578, 3579, 3583, 3586, 3588).

guides, unspecified commercials, and other marketing. *See* SAC, ¶¶ 234-245 (PageID.3611-3618). These shortcomings alone warrant dismissal.

### 2. No Pre-Sale Knowledge (All Counts).

Fraud claims require pleaded *facts* showing the defendant had knowledge of the alleged defect *before* the plaintiff's purchase. *See*, *e.g.*, *Raymo v. FCA US LLC*, 475 F.Supp.3d 680, 707 (E.D.Mich. 2020); *Demaria v. Nissan N. Am., Inc.*, 2016 WL 374145, *11 (N.D.Ill. 2016); *see also Ambrose v. Gen. Motors LLC*, 2022 WL 3701946, *19 (E.D.Mich. 2022); *Hall*, 2020 WL 1285636, *3. As the Sixth Circuit has explained, allegations that just suggest a "manufacturer could have theoretically known about the flaw" are "not enough" to avoid dismissal. *Smith v. Gen. Motors LLC*, 988 F.3d 873, 884 (6th Cir. 2021). Nor are "[m]ere assertions" about "routine testing" or "customer feedback" sufficient. *Id.* at 884-86. Rather, "concrete factual allegations" and real "evidence" of pre-sale knowledge are required. *Id.* at 886.

Here, Plaintiffs vaguely assert that FCA US "knew or should have known" of the defect before they purchased their own vehicles.[13] *See*, *e.g.*, SAC, pp. 70, 126

---

[13]**2021:** McCrary in Apr. 2021; Park, Frisch, Landes, and Perkal in May 2021; Wadleigh and Moore in July 2021; Kreb in Sep. 2021; Otto, Carter, and May in Oct. 2021; Perrera in Dec. 2021. *See* SAC, ¶¶ 30, 36, 51, 58, 76, 83, 92, 132, 150, 162, 169, 194 (PageID.3515, 3518, 3525, 3528, 3536, 3539, 3543, 3561, 3569, 3574, 3577, 3588). **2022**: Teger in Jan. 2022; Kongos in Apr. 2022; Liakhova in Sep. 2022; Pumill in Nov. 2022; Berns in Dec. 2022. *Id.* at ¶¶ 70, 106, 127, 174, 189 (PageID.3533, 3549, 3558, 3579, 3585). **2023**: Spackman in Jan. 2023; Liscano in Apr. 2023; Walker in Aug. 2023; Vasquez and Aiello in Sep. 2023; Reid and Stueve in Nov. 2023; Freedman in Dec. 2023); Johnston and Lectka (lease for

& ¶¶ 397, 421, 466, 543, 595 (PageID.3623, 3628, 3687, 3699, 3709, 3728, 3740). But what they point to stops short of showing pre-sale knowledge.

*Alleged* "*Risks*": Generalized "risk" allegations based on a possibility of harm in the event of an anomalous event or circumstance are wholly inadequate to show pre-sale knowledge. *Compare* SAC, ¶¶ 258-285 (PageID.3623-3636), *with In re Chevrolet Bolt EV Battery Litig.*, 633 F.Supp.3d 921, 956-958 (E.D.Mich. 2022);[14] *see also Flores v. FCA US LLC*, 2021 WL 1122216, *22 (E.D.Mich. 2021) ("If such allegations were sufficient, every plaintiff alleging a product to be defective could show pre-sale knowledge of a defect simply by criticizing the design of the product as being obviously defective.").

*NHTSA* "*Warnings*": "General awareness in the automotive industry that lithium-ion batteries may pose a fire risk is not enough to establish knowledge of a defect." *In re Chevy Bolt*, 633 F.Supp.3d at 956. For this same reason, generalized warnings from NHTSA about "lithium ion batteries"—without *any* mention of (i) FCA US-manufactured vehicles or the subject vehicles' specific high-voltage

---

model-year 2023 vehicle at unspecified point). *Id.* at ¶¶ 44, 65, 99, 111, 123, 140, 145, 157, 181 (PageID.3521, 3532, 3546, 3551, 3556, 3564, 3566, 3572, 3582). **2024**: Fee in Feb. 2024. *Id.* at ¶ 118 (PageID.3554).

[14]While the court found plaintiffs ultimately pled knowledge, this was only because Chevrolet had "sent two engineers … to inspect the owner's charger" and had "purchased the [vehicle] from the owner's insurance company … presumably in order to carefully examine it and thoroughly investigate the fire's cause" before the plaintiffs' vehicle purchases. *In re Chevy Bolt*, 633 F.Supp.3d at 957-58.

battery systems, or (ii) any indication of some specific shortcoming on FCA US's part, *see* SAC, ¶¶ 286-305 (PageID.3636-3643)[15]—obviously cannot suffice to establish pre-sale knowledge.

*Pre-release "Testing"*: Pre-production testing is "a disfavored way" of trying to show a manufacturer's knowledge. *Harrison v. Gen. Motors, LLC*, 2023 WL 348962, *4 (E.D.Mich. 2023). And it is *never* sufficient without "specific allegations about the *results* of the tests," *Smith*, 988 F.3d at 884-85 (emphasis added), *i.e.*, "should have known" allegations like those in the SAC do not suffice.[16]

*NHTSA Consumer Complaints*: The three NHTSA complaints Plaintiffs refer to post-date Plaintiffs' vehicle purchases, and just one pre-dates any Plaintiffs' purchase. *See* SAC, ¶¶ 323-326 (PageID.3652-3653); *see also* n.10, *supra*. But, obviously, *post*-sale reports cannot plausibly support *pre*-sale knowledge and, in any event, even a small number of complaints is irrelevant to knowledge. *See Gregorio v. Ford Motor Co.*, 522 F.Supp.3d 264, 281 (E.D.Mich. 2021) (thirty-six complaints over nine years insufficient); *Roe v. Ford Motor Co.*, 2019 WL 3564589, *7 (E.D.Mich. 2019) (fourteen complaints over three years insufficient).

---

[15]Plaintiffs construe quoted material taken from a NHTSA report as being about FCA US, but looking at the actual material shows it is not. *See* SAC, ¶ 293 n. 78 (citing ECF #30-3 (PageID.3914)).

[16]*See also Elliott v. Gen. Motors LLC,* 605 F.Supp.3d 937, 945 (E.D.Mich. 2022); *Walton v. Grammer Indus. Inc.*, 2021 WL 4458761, *6 (E.D.Mich. 2021); *Johnson v. FCA US LLC*, 555 F.Supp.3d 488, 507-08 (E.D.Mich. 2021).

*Battery Fire Issues In Other Manufacturers' Vehicles*: Allegations relating to high-voltage batteries that Samsung manufactured and that were installed in *other* manufacturers' vehicles obviously say nothing of FCA US's knowledge of the defect alleged in the subject vehicles.  *See* SAC, ¶¶ 334-348 (PageID.3657-3666). Indeed, Plaintiffs plead no facts to show either the batteries or their operational systems were the same, or any factual details to support such an inference.  As one court explained: "[t]he connection between [a manufacturer's] knowledge of a safety defect and various recalls by *different … manufacturers* of [components] from [even] the 'same supplier' … is tenuous at best, and Plaintiff makes no attempt to bridge the gap between [these] recalls and [the manufacturer]'s alleged knowledge of a safety defect." *Miller v. Gen. Motors, LLC,* 2018 WL 2740240, *13 (E.D.Mich. 2018) (emphasis added).  That a large battery manufacturer like Samsung has sold various batteries, at various times, for various automobile manufacturers to use in building different vehicles cannot reasonably support knowledge of any defect.

Furthermore, Plaintiffs' averments about knowledge from fire incidents in certain Chrysler Pacifica PHEVs (and not others) say nothing about pre-sale knowledge for the subject vehicles because, among other things, (i) the averments are silent as to *what* particular defect caused any fire in the Chrysler Pacifica PHEVs, *see* SAC, ¶ 336 (PageID.3658), (ii) the number of purported fires in Chrysler Pacifica PHEVs is numerically insignificant (*compare id.*, *with* ECF #30-66 (PageID.4946-

4948)), and (iii) the allegations about a similarity of design are, at best, scant, *compare* SAC, ¶¶ 338-339 (PageID.3660-3661) (alleging essentially that both types of vehicles have "two electric motors … of a similar size and capacity and … location"), *with Matanky v. Gen. Motors LLC*, 370 F.Supp.3d 772, 792-93 (E.D.Mich. 2019) (complaints about MY 2015 and 2016 vehicles did *not* support knowledge about problems with 2017 MY vehicles where "design changes" were present between vehicles).[17]  Because Plaintiffs have failed to plead the facts required to establish pre-sale knowledge of the alleged defect, their fraud-based claims should be dismissed.

### 3.    No Duty to Disclose (All Counts except XVII).

Plaintiffs acknowledge their omission-based claims require a duty to disclose and try to suggest that one existed here based on (i) exclusive/superior knowledge; (ii) intentional/active concealment; (iii) partial misleading representations; or (iv) a violation of the TREAD Act.  *See* SAC, ¶¶ 455, 483, 583, 617, 675, 738, 783, 861, 900, 939, 1012, 1082, 1137 (PageID.3707, 3714, 3737, 3744, 3757, 3770, 3780, 3798, 3808, 3818, 3834, 3849, 3863).  But these bases do not trigger a duty to disclose in many of the states at issue, and, even where they do, Plaintiffs plead insufficient

---

[17]The Chrysler Pacifica PHEVs and the subject vehicles have different batteries. *Id.* at ¶¶ 334, 338 (PageID.3657, 3660) (Pacifica PHEVs have "a 16-kWh HV battery" whereas the subject vehicles have a "17 kwh high-voltage lithium-ion battery pack[]").  If Plaintiffs' allegations sufficed, manufacturers would be presumed to have pre-sale knowledge for nearly any defect with any similarly functioning component from any supplier in any other vehicle.

facts to invoke them.

*Exclusive and/or superior knowledge* can trigger a duty to disclose, but only in California, Missouri, and North Carolina.[18]  Yet, the SAC fails to show even pre-sale knowledge, let alone exclusive or superior knowledge.  *See* § IV.D.2., *supra*.

*Intentional or active concealment* can trigger a duty to disclose, but only in California and North Carolina.[19]  Even for these states though, a plaintiff must plead *affirmative* acts of *active* concealment—mere omissions do not suffice.[20]  Here, Plaintiffs' claims are based on FCA US's alleged *omissions* and *in*action, and they plead nothing remotely resembling any "affirmative concealment."  *See, e.g.*, SAC, ¶¶ 396-398 (PageID.3686-3690).

For instance, Plaintiffs say FCA US made false promises of safety, dependability, high-performance, and certain features/attributes in unspecified "marketing materials."  *Id.* at ¶ 398 (PageID.3690).  But Plaintiffs offer *no* specifics about the "marketing materials" they supposedly saw, making it impossible to conclude that FCA US affirmatively acted to conceal the purported defect from the Plaintiffs, such that it would trigger a duty to disclose.  *See* § IV.D.1, *supra*.

---

[18]*See, e.g., Withers v. BMW of N. Am., LLC*, 2021 WL 4204332, *5-7 (W.D.N.C. 2021); *Hartley v. Sig Sauer, Inc*., 2019 WL 11639620, *7 (W.D.Mo. 2019).  *Herremans v. BMW of N. Am., LLC*, 2014 WL 5017843, *11 (C.D.Cal. 2014).
[19]*Id.*
[20]**CA**: *Taragan v. Nissan N.Am., Inc.*, 2013 WL 3157918, *7 (N.D.Cal. 2013). **NC**: *Glob. Textile All., Inc. v. TDI Worldwide, LLC*, 2018 WL 2721987, *6 (N.C.Sup. 2018).

Moreover, Plaintiffs contend that "when members of the Class brought their Class Vehicles to FCA [US] complaining of [the defect]," FCA US "denied and continues to deny any knowledge of or responsibility for [it]." *See* SAC, ¶ 398 (PageID.3689). But no Plaintiff actually alleges anything like that happening to them. *Id.* at ¶¶ 19-102 (PageID.2119-54). And, although they assert the subject vehicles "failed the recall procedure in unexpectedly high numbers," *id.* at ¶ 352 (PageID.3668), Plaintiffs rely on a third-party online forum poll with a sample size of just fourteen respondents conducted after Plaintiffs' vehicle purchases. *Id.* at ¶ 352, n.118 (PageID.3668); *see also* ECF #18-54 (PageID.1906). Lastly, even when Plaintiffs contend the recall was insufficient, they do not suggest FCA US launched the recall to purposefully conceal the alleged defect. See, *generally*, SAC.[21]

*Misleading partial statements* can trigger a duty to disclose in Arizona, California, Colorado, Missouri, New York, Oklahoma, and Washington.[22] But the

---

[21]In California, "active concealment based on denial of the defect or free repairs" is unavailable where plaintiffs "have not sufficiently alleged defendants had pre-sale knowledge of the defect." *Espineli v. Toyota Motor Sales, U.S.A., Inc.*, 2019 WL 2249605, *8 (E.D.Cal. 2019). Such is the case here. *See* § III.E.2, *supra*.

[22]**AZ**: *Loomis v. U.S. Bank Home Mortg.*, 912 F.Supp.2d 848, 857 (D.Ariz. 2012); Restatement (Second) of Torts § 551. **CA**: *Renfro v. Champion Petfoods USA, Inc*, 25 F.4th 1293, 1303 (10th Cir. 2022). **CO**: *Studio 1220, Inc. v. Bank of America Corp.*, 2022 WL 1617114, *1 (9th Cir. 2022). **MO**: *Wozniak v. Ford Motor Co.*, 2019 WL 108845, *3 n.5 (E.D.Mich. 2019). **NY**: *Woods v. Maytag Co.*, 2010 WL 4314313, *16 (E.D.N.Y. 2010). **OK**: *Hampton v. Gen. Motors, LLC*, 2022 WL 4538440, *6 (E.D.Okla. 2022). **WA**: *Bite Tech Inc. v. X2 Impact, Inc.*, 2012 WL 13018749, *2 (W.D.Wash. 2012).

SAC pleads no such representation ever made to any Plaintiff.  *See* § IV.D.1, *supra*.

Arizona, Florida, Illinois, Michigan, New Mexico, New Jersey, Ohio, Oregon, Pennsylvania, and Texas, on the other hand, either (i) impose a duty to disclose only if there is a *fiduciary-like relationship* of trust/confidence, (ii) have not recognized a duty to disclose in an arms-length transaction, or (iii) both.[23]  Plaintiffs have not claimed any such a relationship existed or that their sales transactions were anything but arms-length.

*The TREAD Act* obviously cannot be invoked to trigger a duty to disclose without explaining *what* duties FCA US had under the statute and *how* it violated them, as Rule 9(b) requires.  Plaintiffs instead plead only by tautology.  *See* SAC, ¶¶ 455, 483, 583, 617, 675, 783, 900, 1012, 1082, 1137 (PageID.3707, 3714, 3737, 3744, 3756, 3780, 3808, 3834, 3849, 3863).  The Act thus triggers no relevant duty to disclose for the purpose of Plaintiffs' fraud claims.

*An inability to reasonably discover a defect and defendant's knowledge*

---

[23]**AZ**: *Universal Inv. Co. v. Sahara Motor Inn, Inc.*, 619 P.2d 485, 487 (Az.App. 1980). **FL**: *Merch. One, Inc. v. TLO, Inc.*, 2020 WL 248608, *6-7 (S.D.Fla. 2020). **IL**: *Rodriguez v. Ford Motor Co.*, 596 F.Supp.3d 150, 1058 (N.D.Ill. 2022). **MI**: *Matanky v. Gen. Motors LLC*, 370 F.Supp.3d 772, 794 (E.D.Mich. 2019). **NM**: *JL v. New Mex. Dept. of Health*, 165 F.Supp.3d 1048, 1082-83 (D.N.M. 2016). **NJ**: *Brown v. Hyundai Motor Am.*, 2019 WL 4126710, *8 (D.N.J. 2019). **OH**: *Randleman v. Fid. Nat. Title Ins. Co.*, 465 F.Supp.2d 812, 822 (N.D.Ohio 2006). **OR**: *Martell v. Gen. Motors LLC*, 492 F.Supp.3d 1131, 1143 (D.Or. 2020). **PA**: *McCracken v. R.J. Reynolds Tobacco Co.*, 2018 WL 3130402, *5 (E.D.Pa. 2018). **TX**: *Adams v. Nissan N. Am., Inc.*, 2018 WL 2338871, *5-6, 11 (S.D.Tex. 2018).

*thereof* does *not* trigger a duty to disclose for CLRA claims, contrary to Plaintiffs'

allegations.  *Compare* SAC, ¶ 483(b)-(c) (PageID.3714), *with Ehrlich v. BMW of N.*

*Am., LLC*, 801 F.Supp.2d 908, 914, 916 (C.D.Cal. 2010).

### 4.    The Economic Loss Doctrine (Counts XI, XXXIV, LI).

The economic loss doctrine bars CCPA, NCUDTPA, and TDTPA claims

where the only injury alleged is economic loss or damage to the product itself, and

the transaction is already covered by a written or implied warranty.[24]  Since that is

all that Plaintiffs allege here, Counts XI, XXXIV, and LI should be dismissed.

### 5.    Lack Of "Egregious Or Aggravating Circumstances" And "In-State Injuries" Required For NCUDTPA Claim (Count XXXIV).

The NCUDTPA claim also fails because it requires "egregious or aggravating

circumstances," and allegations that a manufacturer "fail[ed] to give … notice[] about

[an] allegedly defective [product]" do not suffice.  *Compare Ellis v. La.-Pac. Corp.*,

699 F.3d 778, 787-88 (4th Cir. 2012), *with* SAC, ¶¶ 891-907 (PageID.3806-3810).  It

also comes up short because the statute "applies only where the plaintiff has suffered

---

[24]**CO**: *Mayotte v. US Bank*, 424 F.Supp.3d 1077, 1091 (D.Colo. 2019) (doctrine applies to CCPA claims); *see also White v. Gen. Motors*, 2022 WL 3597161, *9 (D.Colo. 2022) (doctrine applies to bar claims based on allegations "defendant omitted material facts related to the Class Vehicles" because "duty of care being sued upon was memorialized the warranty").  **NC**: *Bussian*, 411 F.Supp.2d at 627 (claims barred where "only damage alleged is damage to the product itself" so the fraud allegations "are intertwined with the … warranty claims").  **TX**: *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F.Supp.3d 440, 469-70 (N.D.Tex. 2015) (claims for economic losses based on misrepresentations leading to purchase are "governed by contract law, not the DTPA," and barred by the economic loss rule).

in-state injuries," *In re Parmalat*, 383 F.Supp.2d 587, 603 (S.D.N.Y. 2005), and the SAC fails to plead where Perrera purchased his vehicle and thereby suffered the alleged overpayment damages.  *See* SAC, ¶¶ 181, 904 (PageID.3582, 3809).

### 6. The OCPA Is Inapplicable To Regulated Activities (Count XLII).

The OCPA specifically exempts from its purview any "[a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States."  Okla. Stat. Ann. Tit. 15, § 754(2); *see also Dinwiddie v. Suzuki Motor of Am., Inc.*, 111 F.Supp.3d 1202, 1216 (W.D.Okla. 2015).  And, courts in this District agree that such limiting language in a consumer protection statute precludes any claim based on the sale of automobiles, which is subject to such a regulatory scheme.  *See, e.g.*, *Gant v. Ford Motor Co.*, 517 F.Supp.3d 707, 719-20 (E.D.Mich. 2021); *Matanky*, 370 F.Supp.3d at 799-800.  Thus, for this reason too, Count XLII must be dismissed.

### 7. No Violation Of The UCL (Count VI).

The California Plaintiffs' conclusory allegations of "unfair" or "unlawful" conduct under the UCL are legally inadequate.[25]  Since Plaintiffs plead no actionable "fraudulent" prong claim, *see* § IV.D.1-3, *supra*, any "unfair" and "unlawful" prong claim also fails.  *See*, *e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.5

---

[25]*See* FAC, ¶¶ 352-368 (PageID.2249-53).  FCA US addresses the claim under the UCL's "fraud" prong with the other fraud-based claims.  *See* § IV.D.1-3, *supra*.

(9th Cir. 2012); *Williams v. Tesla, Inc.*, 2022 WL 899847, \*5 (N.D.Cal. 2022).  Nor do Plaintiffs plead any facts tying the UCL claim to any legislative policy, anti-competitive behavior, or conduct that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," which is required to state an "unfair" prong claim.  *Conejo v. JPMorgan Chase Bank*, 2011 WL 6149246, \*5 (C.D.Cal. 2011).  No "unlawful" prong claim is possible either, since Plaintiffs have not established any independent violation of law.  *See*, *e.g.*, *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1077 (E.D.Cal. 2012); *Brios v. Wells Fargo Bank*, 737 F.Supp.2d 1018, 1033 (N.D.Cal. 2010).  And, to state any claim under the UCL at all, these Plaintiffs needed to aver *facts* showing they have no adequate legal remedies (since the UCL authorizes only equitable relief), *see, e.g.*, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844-45 (9th Cir. 2020), but they fail to do so, *see also* SAC, ¶¶ 496-512 (PageID.3717-3721).

### E. The Unjust Enrichment Claims (Counts IV, IX, XII, XV, XVIII, XXI, XXIV, XXVII, XXX, XXXVI, XL, XLIII, XLVI, XLIX, LII, LV).

Plaintiffs' unjust enrichment claims fail for at least four reasons:

*Express Contract Bars Claims (All Counts)*: Courts agree that unjust enrichment claims fail where, as here, a written warranty or other contract exists to set the parties' expectations and allocate their responsibilities regarding the subject matter of the transaction.  *See*, *e.g.*, *Johnson*, 555 F.Supp.3d at 505-06 ("a vehicle purchaser cannot maintain an unjust enrichment claim where there is an express

warranty that governs the same subject matter as his unjust enrichment claims"); *Miller*, 2018 WL 2740240 at *15 (similar).[26]  There can be no dispute that Plaintiffs' vehicles were sold with a written warranty.  *See*, *generally*, Exs. A, B, C, D, and E.

*No Standalone Claim* (Counts IX, XVIII, XXVII, LII): California, Illinois, New Jersey, and Texas do not recognize unjust enrichment as a standalone claim.[27]

*Adequate Remedy At Law* (All Counts): Unjust enrichment claims fail where plaintiffs fail to allege they lack an adequate remedy at law.[28]  Plaintiffs offer not even a conclusory allegation to that effect, nor could they as their many statutory and contract claims show adequate legal remedies *do* exist and would be available if Plaintiffs could plead a viable claim.

*No Direct Benefit* (Counts IV, XV, XXXVI, XLIII, XLIX): In Arizona,

---

[26]*See also, e.g.*, *Gravina Siding & Windows Co. v. Gravina*, 2022 WL 1417336, *45-46 (Colo.App. 2022); *Great Am. Emu Co., LLC v. E.J. McKernan Co.*, 509 F.Supp.3d 528, 538 (E.D.N.C. 2020); *Vantage Learning (USA), LLC v. Edgenuity, Inc.*, 246 F.Supp.3d 1097, 1100 (E.D.Pa. 2017); *Speier-Roche v. Volkswagen Grp. of Am. Inc.*, 2014 WL 1745050, *8 (S.D.Fla. 2014); *Johnson v. KB Home*, 720 F.Supp,2d 1109, 1122 (D.Ariz. 2010).

[27]**CA**: *Dairy, LLC v. Milk Moovement, Inc.*, 2022 WL 2392622, *8 (E.D.Cal. 2022). **IL**: *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920 (Ill.App. 2009).  **NJ**: *In re Nickelodeon Consumer Priv. Litig.*, 2014 WL 3012873, *19 (D.N.J. 2014). **TX**: *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F.Supp.3d 943, 961 (S.D.Tex. 2014).

[28]**AZ**: *Naiman v. Alle Processing Corp.*, 2020 WL 6869412, *4 n.3 (D.Ariz. 2020). **CO**: *Francis v. Mead Johnson & Co.*, 2010 WL 5313540, *9 (D.Colo. 2010). **FL**: *Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183, 1235 (S.D.Fla. 2021). **NC**: *United States v. Jurik*, 943 F.Supp.2d 602, 613 (E.D.N.C. 2013). **OK**: *Randle v. City of Tulsa*, 2024 WL 2949398, *7 (Okla. 2024). **PA**: *Hollenshead v. New Penn Fin., LLC*, 447 F.Supp.3d 283, 293 (E.D.Pa. 2020).

Florida, North Carolina, Oklahoma, and Pennsylvania, a plaintiff must confer a *direct* benefit upon the defendant.[29]  Plaintiffs proffer only a conclusory allegation that FCA US "received and retained a benefit from Plaintiffs" because it "benefitted from selling, leasing, and distributing the Class Vehicles."  *See* SAC, ¶¶ 468, 641, 924, 1026, 1104 (PageID.3710, 3750, 3814, 3837, 3855).  There is no allegation of a *direct* benefit conferred on FCA US, and Plaintiffs plead they purchased their vehicles from third-parties.  *See* § II.B., *supra*.

## V. <u>CONCLUSION</u>

This Court should compel arbitration or, at a minimum, dismiss all claims asserted in Plaintiffs' Second Amended Complaint.

**KLEIN THOMAS LEE & FRESARD**

|  |  |
|---|---|
|  | By:  *s/ Stephen A. D'Aunoy* |
| Fred J. Fresard (P43694) | Stephen A. D'Aunoy (MO/54961) |
| Ian K. Edwards (P82021) | Scott H. Morgan (MO/61853) |
| 101 W. Big Beaver Rd., Ste 1400 | 100 N. Broadway, Ste 1600 |
| Troy, Michigan  48084 | St. Louis, Missouri  63102 |
| Tel:  (602) 935-8300 | Tel:  (314) 888-2970 |
| fred.fresard@kleinthomaslaw.com | steve.daunoy@kleinthomaslaw.com |
| ian.edwards@kleinthomaslaw.com | scott.morgan@kleinthomaslaw.com |

*Attorneys for Defendant FCA US LLC*

---

[29]**AZ**: *Baker v. Trans Union LLC*, 2008 WL 2329099, *2 (D.Ariz. 2008). **FL**: *Kopel v. Kopel*, 229 So.3d 812, 818 (Fla. 2017). **NC**: *Southwood v. Credit Card Sol.*, 2016 WL 8710985, *15 (E.D.N.C. 2016). **OK**: *Orthman v. Premiere Pediatrics, PLLC*, 545 P.3d 124, 136 (Okla.Civ.App. 2024). **PA**: *Schmidt*, 972 F.Supp.2d at 721.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*s/ Stephen A. D'Aunoy*
