**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

GARY FRISCH, *et al.*, on behalf of themselves and all those similarly situated,

Plaintiffs,

*v.*

FCA US LLC,

Defendant.

Case No.: 2:24-cv-10546-BRM-KGA

Hon. Brandy R. McMillion

Magistrate Judge Kimberly G. Altman

**DEFENDANT FCA US LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL**

**KLEIN THOMAS LEE & FRESARD**

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
Tel: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

Stephen A. D'Aunoy (MO/54961)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste 1600
St. Louis, Missouri 63102
Tel: (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

# TABLE OF CONTENTS


TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

ISSUES PRESENTED ..... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..... iv

I. INTRODUCTION ..... 1

II. RELEVANT FACTUAL BACKGROUND ..... 1

III. ARGUMENT ..... 3

A. The Sought-After Appointments Are Premature. ..... 3

B. Four Separate "Interim Co-Lead Counsel" Firms Are Too Many. ..... 3

C. Any Appointment Beyond One Lead Counsel Should Be Made *After* The Court Resolves The Pending Motion To Arbitrate/Dismiss. ..... 6

V. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

## Cases

*Brooks v. Tapestry, Inc.*,
2022 WL 956872 (E.D.Cal. 2022) ....................................................6

*In re Remicade Antitrust Litig.*,
2018 WL 514501 (E.D.Penn. 2018)....................................................5

*In re ZF-TRW Airbag Control Units Products Liability Litigation,*
MDL No. 19-02905 (C.D.Cal. 2020) ....................................................6

*Millett v. Truelink, Inc.*,
2006 WL 8459857 (D.Del. 2006)....................................................5

*Teger v. FCA US LLC*,
Case No. 2:24-cv-04570 (C.D.Cal.) ....................................................2, 4

## ISSUES PRESENTED

1. Whether it is premature to appoint four separate law firms as "interim co-lead class counsel" when the parties have not finished briefing, and the Court has not ruled on, FCA US LLC's pending motion to arbitrate or dismiss?

   The Court should respond: "yes."

2. Whether the Court should appoint *four* separate law firms to the position of "interim co-lead class counsel"?

   The Court should respond: "no."

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Manual for Complex Litigation, Fourth, § 10.22

## I. INTRODUCTION

FCA US LLC does not generally oppose the appointment of *one* lead counsel for efficient communication and case management, but it opposes Plaintiffs' motion here because (i) it is premature (*i.e.*, the parties have not even fully briefed the pending motion to dismiss yet) and (ii) in any event, having *four* separate law firms as "interim co-lead class counsel" is an unworkable, unnecessary, and inefficient way to manage the proceedings and protect the putative class.[1]

## II. RELEVANT FACTUAL BACKGROUND

Plaintiffs base their fraud, implied warranty, and unjust enrichment claims on FCA US's recall of certain model-year 2020-2024 Jeep Wrangler 4xe vehicles and certain model-year 2022-2024 Jeep Grand Cherokee 4xe vehicles.[2] Just a few days ago, on January 13, 2025, FCA US responded to the SAC with its motion to compel the claims to arbitration or, alternatively, dismiss them.[3]

As it relates to the former, the written warranties that came with Plaintiffs' vehicles contain a mandatory arbitration provision requiring that the parties arbitrate "any dispute arising out of or relating to any aspect of the relationship between

---

[1] *See* Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel, ECF #31 ("Pl. Mtn.").

[2] *See* Second Amended Class Action Complaint, ECF #30 ("SAC").

[3] *See* Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint Pursuant to Rules 12(b)(1) and 12(b)(6), ECF #32, ("Motion to Arbitrate/Dismiss").

[them] and FCA US."[4] And, for the latter, the SAC lacks, among other things, any sufficient *factual* basis to support Plaintiffs' otherwise conclusory assertions of pre-sale knowledge, demonstrated unmerchantability, or some benefit that FCA US has unjustly retained.[5]

The four law firms seeking leadership appointments represent the twenty-eight named Plaintiffs,[6] and they assert that "the likelihood of additional cases being filed is high given the recent recall announcement and additional factual developments that continue to become public."[7] But FCA US announced its recall more than a year ago and then expanded it to include additional vehicles already several months ago in September 2024.[8] Aside from Plaintiffs' case, the only other case filed was the single plaintiff, copycat *Teger* action.[9]

---

[4] *See* Motion to Arbitrate/Dismiss, p. 4 (referring to Plaintiffs' written warranties at ECF ##32-1, 32-2, 32-3, 32-4, and 32-5).

[5] *See*, *generally*, Motion to Arbitrate/Dismiss. Plaintiffs' opposition brief is due February 17, 2025, and FCA US's reply is due March 10, 2025. *See* ECF #29.

[6] *See*, *e.g.*, SAC.

[7] *See* Pl. Mtn., pp. 3-4.

[8] *See* SAC, Ex. 29 at p. 2 (PageID.4561); *see also id.* at Ex. 30 (PageID.4563).

[9] Approximately three months after this matter was originally filed, Thomas Teger filed a copycat action in the Central District of California. *See Teger v. FCA US LLC*, Case No. 2:24-cv-04570 (C.D.Cal.), ECF #1. In that case, FCA US expressed its intent to seek transfer to this Court under the first-filed rule. *Id.* at ECF #19. Teger then dismissed his claims, *id.* at ECF #26, and shortly thereafter he reasserted them in the *Frisch* SAC.

## III. ARGUMENT

### A. The Sought-After Appointments Are Premature.

FCA US has moved to, *first*, arbitrate Plaintiffs' claims, or, *second*, dismiss them. *See* Motion to Arbitrate/Dismiss. Pending its determination on those issues, the Court may not even have Plaintiffs' claims before it, or there may be less Plaintiffs and less claims (because arbitration was compelled or claims were dismissed). Regardless, appointing the four-firm leadership structure Plaintiffs propose now—before the Court has decided how this case will be moving forward, if at all—will not bear any connection to the *actual*, *present* circumstances of the case, claims, or putative class.

### B. Four Separate "Interim Co-Lead Counsel" Firms Are Too Many.

Plaintiffs ask the Court for the collective appointment of four *entire firms* right now, and to that end Plaintiffs devote well over half of their motion to the credentials and qualifications of multiple lawyers from each firm, *see* Pl. Mtn., and attach nearly 150 pages of lengthy marketing material saying the same thing, *see id.* at Exs. 1-4.

Working their best attempted turn of phrase, Plaintiffs' counsel tells the Court that "*all counsel*" for the two cases filed "*agree*" that their appointments are in everyone's "best interests." *Id.* at p. 6 (emphasis added) (PageID.5150). Of course, "all counsel" refers to just five law firms, four of which are the very same ones

looking for the "co-lead counsel" appointment (and the fifth filed the single plaintiff, copycat *Teger* action).[10]

Quite plainly, the motion's clear focus is preemptively eliminating competition with other firms (and each other) *if*, in the future, any other firm would also seek a leadership role (or try to expand its current role). *See*, *e.g.*, *id.* at pp. 6-22 (PageID.5150-5166). Entirely absent from the motion is any mention, let alone an *explanation*, of (i) how all these firms would (or even could) efficiently and economically manage the litigation or (ii) why the putative class needs all four firms and their respective cadre of lawyers all acting as "co-lead counsel." *See*, *e.g.*, *id.* at pp. 4-6 (PageID.5148-5150).

Having four separate law firms and their various lawyers titled as "co-leaders" will only complicate the simplest tasks. Even this motion evidences a lack of efficiency and economy. There is just this one case, and Plaintiffs' counsel all agree to the proposed sharing of the "leadership" title. But they could have just as easily told FCA US of a designated lawyer or two who would act as the primary point of communication and thereby avoid the need for motion practice.

---

[10] Such self-serving arguments mean nothing, of course. It is like saying defense counsel in this case "all agree" that FCA US is well represented by its defense counsel.

Splitting up "interim co-lead counsel" between four different firms will undoubtedly result in multiple counsel engaging in overlapping tasks, reviewing the same things, and spending unnecessary time on coordination. *See*, *e.g.*, *In re Remicade Antitrust Litig.*, 2018 WL 514501, *2-3 (E.D.Penn. 2018) (appointing one firm as interim class counsel and one attorney as liaison counsel, finding that "[w]ith attorneys from three firms working on behalf of the proposed class, the PSC naturally runs a greater risk of increased costs, difficulties in managing the litigation, and efficiently delegating tasks"); *Millett v. Truelink, Inc.*, 2006 WL 8459857, *1-2 (D.Del. 2006) (concluding interim counsel was "not necessary" where there was no competition to handle the litigation and no "overlapping, duplicative, or competing class suits").

Not only that, but the proposed multi-firm structure creates the question of who FCA US is to turn to, negotiate with, and trust when commitments or obligations are at issue. Plaintiffs make no pledge to be bound by the representations of any lawyer (for instance, in seeking to be named "co-lead counsel," Lieff Cabraser attaches to the motion a list of apparently every attorney the firm employs, *see* Pl. Mtn. at Ex. 2 (PageID.5282-5294)) or even one firm. Indeed, *MDL proceedings* with far more cases and defendants have not gone so far. *See*, *e.g.*, *In re ZF-TRW Airbag Control Units Products Liability Litigation,* MDL No. 19-02905 (C.D.Cal.

2020), ECF ##68, 93 (appointing only two lead counsel in MDL proceedings with claims asserted against thirty separate defendants).

The appointment of *four* "co-lead class counsel" is clearly extremely excessive in this case with a single defendant. It is hard to imagine that anyone other than Plaintiffs' counsel benefits from the leadership structure they propose. The appointment of a *single* "lead counsel" who can speak on behalf of and bind all Plaintiffs going forward is the most efficient and economical way to bring these proceedings to a conclusion that is fair to all, will avoid conflict and the resulting ultimate involvement of this Court to resolve that conflict, and will protect the class. FCA US takes no position on who that should be.

### C. Any Appointment Beyond One Lead Counsel Should Be Made *After* The Court Resolves The Pending Motion To Arbitrate/Dismiss.

FCA US does not oppose the appointment of one lead counsel to act on behalf of all Plaintiffs. But, regardless of whether the Court makes one such appointment or multiple appointments, FCA US respectfully requests that it be made *after* the Court's ruling on the motion to arbitrate/dismiss, when the scope of any further proceedings is better defined and the Court can better assess what would be most appropriate.[11]

[11] Plaintiffs have not shown that other lawyers are competing to handle this litigation" or, beyond unsupported conjecture, that there are likely to be other related cases filed in this jurisdiction or any other. *See*, *e.g.*, *Brooks v. Tapestry, Inc.*, 2022 WL 956872, *1-2 (E.D.Cal. 2022) (denying motion to appoint interim counsel where

## V. CONCLUSION

For the reasons set forth herein, Defendant FCA US LLC respectfully requests that this Court deny Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel without prejudice (i) as premature and (ii) to be re-filed following the outcome of FCA US's Motion to Arbitrate/Dismiss. Alternatively, the Court should deny the motion as presented, appointing instead one lawyer or their law firm as Plaintiffs' "interim lead counsel."

**KLEIN THOMAS LEE & FRESARD**

By: *s/ Stephen A. D'Aunoy*

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
Tel: (602) 935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

Stephen A. D'Aunoy (MO/54961)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste 1600
St. Louis, Missouri 63102
Tel: (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*Attorneys for Defendant FCA US LLC*

plaintiff "ha[d] not shown interim counsel is necessary to protect the interests of the putative class" and where there was "no indication rival cases might exist that might justify appoint[ment]").

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*s/ Stephen A. D'Aunoy*