UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GARY FRISCH, TAMMY OTTO, ROBERT STUEVE, STEFANI CARTER, BRIAN KREB, KANON SPACKMAN, THOMAS TEGER, EVE PARK, DONALD MOORE, RICHARD PERKAL, HARRY VASQUEZ, NATALIIA LIAKHOVA, DAKEN SHANE FEE, KERRY JOHNSTON AND TRACY LECTKA, KIM AIELLO, CHRISTOPHER PUMILL, CHRISTOPHER WADLEIGH, KEVIN FREEDMAN, HEIDI WALKER, DAVID PERRERA, SHERYL REID, ERIN MAY, JONATHAN MCCRARY, DENNIS BERNS, JONATHAN LISCANO, DANIEL KONGOS, and ASHLEY LANDES on behalf of themselves and all those similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>FCA US, LLC,<br><br>   Defendant. | Case No. 2:24-cv-10546<br><br>Hon. Brandy R. McMillion |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
<u>APPOINTMENT OF INTERIM CO-LEAD COUNSEL</u>**

Defendant FCA US LLC's opposition to Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel (ECF No. 33) is akin to a fox guarding the henhouse.[1] FCA does not oppose the appointment of lead counsel in this case—instead, it seeks to dictate the timing and structure of any interim Co-Lead Counsel that it must face in this litigation for its own benefit. Plaintiffs' proposed four-firm leadership structure is neither premature nor inefficient, and it should hardly come as a surprise to FCA, given that counsel at The Miller Law Firm, P.C., Lieff Cabraser Heimann & Bernstein, LLP, Lockridge, Grindal, Nauen, P.L.L.P., and Slack Davis Sanger, LLP have collectively pushed FCA to move this case forward since it was first filed nearly a year ago. And while over 150,000 Class Vehicles remain at risk of catching fire due to the alleged battery defect, FCA appears to be more focused on interfering with counsel's coordination efforts than it is with resolving the dangerous defect. The Court should reject FCA's self-serving objections to Plaintiffs' request.[2]

---

[1] *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981) ("[I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court . . . [w]hen it comes . . . to determining whether "the representative parties will fairly and adequately protect the interests of the class," . . . it is a bit like permitting a fox, although with pious countenance, to take charge of the chicken house."); *George v. China Auto. Sys., Inc.*, 2012 WL 3205062, at *16 (S.D.N.Y. Aug. 8, 2012) ("Although defendants' 'concerns' for plaintiffs' best interests is 'altruistic' indeed, courts typically do not credit objections to appointment of (co-)lead counsel by a defendant.").

[2] Notably, FCA does not dispute any firm's adequacy under Rule 23(g)(1), effectively conceding that the Proposed Interim Co-Lead Counsel have worked to

## A.     It is Appropriate to Appoint Interim Co-Lead Counsel at This Stage.

Courts in this district have routinely appointed interim class counsel during the early stages of a case, including before a motion to dismiss has been decided.[3] Indeed, this Court recently appointed interim lead counsel in *In re Ford Super Duty Roof-Crush Litigation*, No. 22-cv-12079 (E.D. Mich. Sept. 26, 2024), ECF No. 56, and rejected similar arguments that a leadership appointment was premature and unnecessary. As the Court aptly noted, "[a]lthough appointment of interim counsel is not required, doing so may be helpful in clarifying responsibility for protecting the interests of the class during precertification proceedings, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."[4] Such is the case here as well.

---

identify and investigate potential claims in the action, have the experience in handling these types of cases, possess the knowledge of the applicable law, and have the resources to represent the Class.

[3] *See, e.g.*, *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-md-02818 (E.D. Mich. Apr. 11, 2018) (Leitman, J.), ECF No. 13; *Weidman v. Ford Motor Co.*, No. 18-cv-12719 (E.D. Mich. Oct. 25, 2018) (Drain, J.), ECF No. 24; *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 22-cv-03040 (E.D. Mich. Oct. 17, 2022) (Lawson, J.), ECF No. 17; *Tolmasoff v. Gen. Motors, LLC*, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016) (Steeh, J.); *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 868 (E.D. Mich. 2019) (Hood, J.); *Lyman v. Ford Motor Co.*, 2022 WL 856393, at *11 (E.D. Mich. Mar. 22, 2022) (Drain, J.); *In re Chevrolet Bolt EV Battery Litig.*, No. 20-13256 (E.D. Mich. June 2, 2021) (Berg, J.), ECF No. 20.

[4] *Id.* at PageID.4033 (citing Manual for Complex Litig. § 21.11 (4th ed. 2004); Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (in many cases, "progress toward certification may require designation of interim counsel").

Establishing a leadership structure at this juncture is especially appropriate where there is "a number of overlapping, duplicative, or competing suits pending in other courts." Manual for Complex Litig. § 21.11 (4th ed. 2004). As FCA acknowledged, a similar action titled *Teger v. FCA US LLC* was filed in the Central District of California after this litigation commenced, creating the risk of duplicative litigation. *See* ECF No. 33, PageID.5536. Through the undersigned counsel's efforts, the plaintiff in *Teger* agreed to consolidate his claims with this case so it could be addressed in the same operative complaint, saving resources both here and in the Central District of California. And contrary to FCA's claims, *Teger* is not the only other case that has been filed. Just two weeks ago, a group of three other law firms filed a similar case in this district, titled *Paris v. FCA US, LLC*. *See* Ex. 1, Case No. 25-cv-10045. Again, due to undersigned counsel's efforts to manage this litigation and reduce duplicative and conflicting class actions, the *Paris* case was voluntarily dismissed on January 14, 2025. *Id.*, ECF No. 3. *Teger* and *Paris* are not outliers; so long as this case proceeds without a leadership structure, it is likely that other duplicative cases will be filed.[5]

From these filings, it is clear that FCA's recent five-fold expansion of the

---

[5] In fact, an additional law firm contacted undersigned counsel on January 15, 2025, regarding this litigation. Once again, through undersigned counsel's active case management efforts, that other firm chose, for now, not to file a duplicative case.

recall—growing from 32,000 vehicles to over 150,000 vehicles—has generated significant frustration from putative class members and substantial interest from other plaintiffs' firms. Absent Rule 23(g) appointment, nothing will prevent future copy-cat cases from being filed, and there is no guarantee that Plaintiffs' counsel can informally streamline those matters. FCA's request to delay appointment of interim lead counsel will invite uncertainty and future conflict between lawyers and even risks a "reverse auction" that could harm the putative class.[6] To avoid these future conflicts and generate efficiency, Plaintiffs urge the Court to heed the Rules Advisory Committee's recommendation and appoint interim class counsel.[7]

**B.   The Proposed Four-Firm Leadership Structure Will Continue to Manage this Case Efficiently and Effectively.**

FCA's arguments against the proposed leadership structure are inherently contradictory. On one hand, it claims that the proposed four-firm leadership structure is too restrictive and would shut the door on other potential counsel in this litigation by "preemptively eliminating competition with other firms" (ECF No. 33,

---

[6] *See Grainger v. Ottawa Cnty., Michigan*, 90 F.4th 507, 513 n.5 (6th Cir. 2024) ("A reverse auction occurs when the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." (internal quotation marks omitted)).

[7] Fed. R. Civ. P. 23, advisory committee note to 2003 amendment ("In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate. Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before [certification].").

PageID.5538). But on the other hand, FCA claims that having multiple firms in the leadership structure would be too unwieldy and confusing for FCA to handle.[8] *See id.* at PageID.5539. This inconsistency indicates that FCA's objections are likely more about stifling Plaintiffs' counsel efforts to steer this litigation than they are about a concern for efficiency.

Courts in this District and nationwide have commonly appointed multiple lead counsel to manage auto defect cases.[9] Similarly, Courts have also appointed multi-firm leadership structures that include five or more firms to serve as co-leads and a plaintiffs' steering committee.[10] It is neither unusual nor controversial to appoint

---

[8] FCA's feigned concern about dealing with multiple counsel would only be exacerbated if the Court were to defer appointing interim lead counsel, which would require FCA to obtain the consent of all current and future counsel to negotiate routine scheduling matters, a protective order, or any potential case resolution.

[9] *See, e.g.*, *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, Case No. 18-md-02818 (E.D. Mich.) (ECF No. 13, April 11, 2018) (Leitman, J.) (appointing four interim co-lead counsel); *Weidman v. Ford Motor Co.*, No. 18-cv-12719 (E.D. Mich. Oct. 25, 2018) (Drain, J.), ECF No. 24 (appointing four interim co-lead counsel); *McKinley v. Doxim, Inc.*, 2024 WL 4571405, at *2 (E.D. Mich. Oct. 24, 2024) (Berg, J.) (appointing four interim co-lead counsel); *In re Toyota Motor Corp. Unintended Accel. Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 8:10ML02151 (C.D. Cal.) (five court-appointed co-lead counsel); *In Re: Imprelis Herbicide Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 2284 (E.D. Pa.) (four court-appointed co-lead counsel,); *In re LG Front Loading Washing Mach. Class Action Litig.*, No. 08-51 (D. N.J.) (five court-appointed co-lead class counsel).

[10] *See, e.g.*, *In re Ford Super Duty*, ECF No. 56 (appointing two co-lead firms and three firms to the plaintiffs' steering committee); *Lyman*, 2022 WL 856393, at *11 (appointing two co-leads and four PSC members); *In re Chrysler Pacifica Fire*, No. 22-cv-03040 (E.D. Mich. Oct. 17, 2022) (Lawson, J.), ECF No. 17 (appointing two

multiple firms to lead a case, particularly where, as here, the firms have worked together cooperatively to manage the litigation. And despite FCA's desire to limit leadership appointments to single attorneys, courts can appoint law firms rather than specific attorneys to serve in the leadership roles, as this Court did in *In re Ford Super Duty*, No. 22-cv-12079, ECF No. 56. [11]

FCA's claim that it will somehow be unable to communicate with four co-lead counsel in this litigation lacks any credible basis. To the contrary, since this litigation commenced, FCA has interfaced with the four firms in the proposed leadership structure regarding various aspects of this litigation, without issue. To be clear, appointment of four co-lead counsel does not mean that all four firms would be handling the same tasks; the firms have and will continue to work together to divide tasks, allocate resources, and avoid redundancies. Appointing the proposed leadership structure simply formalizes the leadership role each firm has already performed for the past year. Courts encourage this "private ordering," where lawyers agree "who should be lead class counsel and the court approves the selection after a

---

co-leads and three PSC members); *In re Chevrolet Bolt*, No. 20-13256 (E.D. Mich. June 2, 2021) (Berg, J.), ECF No. 20 (appointing two co-leads and five PSC members). The same applies in the context of MDLs—FCA's reference to the appointment of two lead counsel in *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, MDL No. 19-2905 (C.D. Cal. 2020), ECF No. 33 at PageID.5540) ignores the court's additional appointment of a dozen PSC members.

[11] Plaintiffs have specifically identified in their Motion which attorneys from their firms will be handling this case. ECF No. 31, PageID.5152, 59-60, 63.

review to ensure that the counsel selected is adequate to represent the class interests." Manual for Complex Litigation § 21.272 (4th ed. 2004). This is "[b]y far the most common" method for selecting interim class counsel. *Id.*

At bottom, Plaintiffs' counsel, not FCA, are best positioned to determine the leadership structure that will serve Federal Rule of Civil Procedure 1's mandate to "secure the just, speedy, and inexpensive determination" of this litigation. Each of the firms possesses significant experience managing complex litigation, including automotive defect class actions, and they are each committed to dedicating the resources necessary to resolve this litigation efficiently and effectively. FCA does not contest these qualifications. Instead, FCA's self-serving objection as to how leadership should be structured appears to be an attempt to gain a litigation advantage. By solidifying each firm's leadership role now, the Court will avoid the chaos and uncertainty of duplicative litigation across different law firms, and allows the parties to focus their efforts on the crucial matter of litigating this case towards resolution.

DATED: January 24, 2025

Respectfully submitted,

*/s/ Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
**THE MILLER LAW FIRM PC**
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200

- 7 -

epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

Roger N. Heller
Phong-Chau G. Nguyen
Nicholas W. Lee
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheller@lchb.com
pgnguyen@lchb.com
nlee@lchb.com

John R. Davis
**SLACK DAVIS SANGER, LLP**
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
Telephone: (512) 795-8686
jdavis@slackdavis.com

Robert K. Shelquist
Craig S. Davis
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Ave., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
rkshelquist@locklaw.com
csdavis@locklaw.com

*Proposed Interim Co-Lead Counsel*

Todd M. Friedman
Adrian R. Bacon
Meghan E. George
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, Suite 340

- 8 -

        Woodland Hills, CA 91364
        Phone: 323-306-4234
        Fax: 866-633-0228
        tfriedman@toddflaw.com
        abacon@toddflaw.com
        mgeorge@toddflaw.com

        *Additional Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

On January 24, 2025, Plaintiffs filed the foregoing Reply through the Court's CM/ECF system, which will provide service to all counsel of record.

Dated: January 24, 2025                    */s/ Dennis A. Lienhardt*
                                           Dennis A. Lienhardt