# Exhibit 34



John R. Davis
Slack Davis Sanger, LLP
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
(512) 795-8686
jdavis@slackdavis.com

February 26, 2024

Addressee:
FCA US LLC
1000 Chrysler Dr., Auburn Hills, MI 48326

Re: *Jonathan Liscano et al. v. FCA US LLC et al.*,

To Whom It May Concern,

This letter serves as pre-suit notice and demand for corrective action on behalf of Plaintiffs Jonathan Liscano (Texas), Harry Vasquez (Florida), Dennis Berns (Pennsylvania), David Perrera (North Carolina), Robert Stueve (Texas), Jade and Christopher Wadleigh (New Jersey), Brian Kreb (California), Tammy Otto (Arizona), and Gary Frisch (Arizona), as well as all similarly situated individuals nationwide ("the putative class"), under the laws of all 50 states and territories ("the class jurisdictions").

Plaintiff provides this notice on behalf of the putative class for claims relating to Your[1] breaches of express warranty[2], Magnusson-Moss Warranty Act(15 U.S.C. § 2301 *et seq.*), implied

---

[1] You and Your are defined to include FCA US LLC, Stellantis N.V., as well as any affiliated entities.

[2] This includes or may include common law express warranty doctrine under the laws of the fifty states, the District of Columbia, and Puerto Rico, as well as the codification of state express warranty law including: Ala. Code § 7-2-313; Alaska Stat. § 45.02.313; Ariz. Rev. Stat. Ann. § 47-2313; Ark. Code. Ann. § 4-2-313; Cal. Com. Code § 2313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. Ann. § 42a-2-313; 6 Del. Code. § 2-313; D.C. Code. § 28:2-313; Fla. Stat. Ann. § 672.313; Ga. Code. Ann. § 11-2-313; Haw. Rev. Stat. § 490:2-313; Idaho Code § 28-2-313; 810 Ill. Comp. Stat. Ann. 5/2-313; Ind. Code Ann. § 26-1-2-313; Kan. Stat. Ann. § 84-2-313; Ky. Rev. Stat. Ann. § 355.2-313; 11 Me. Rev. Stat. Ann. § 2-313; Md. Code. Ann. § 2-313; Mass. Gen. Law Ch. 106 § 2-313; Mich. Comp. Laws Ann. § 440.2313; Minn. Stat. Ann. § 336.2-313; Miss. Code Ann. § 75-2-313; Mo. Rev. Stat. § 400.2-313; Mont. Code Ann. § 30-2-313; Nev. Rev. Stat. U.C.C. § 104.2313; N.H. Rev. Ann. § 382-A:2-313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. Ann. § 25-2-313; N.D. Stat. § 41-02-313; Ohio Rev. Code Ann. § 1302.26; Okla. Stat. tit. 12A § 2-313; Or. Rev. Stat. § 72.3130; 13 Pa. C.S. § 2313; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-313; S.C. Code Ann. § 36-2-313; S.D. Stat. § 57A-2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code Ann. § 2-313; Utah Code Ann. § 70A-2-313; Va. Code § 8.2-313; Vt. Stat. Ann. 9A § 2-313; W. Va. Code § 46-2-313; Wash. Rev. Code § 62A 2-313; Wis. Stat. Ann. § 402.313 and Wyo. Stat. § 34.1-2-313.



warranty (including per UCC 2-607(3)(a)[3], as well as violations of state consumer protection statutes[4], in connection with your November 22, 2023 recall of Jeep 4xe vehicles model years 2021-2024 (NHTSA Campaign Number 23V787000/FCA Recall 89A), which states that the "high voltage battery may fail internally and lead to a vehicle fire while parked or driving."

The recall advises the putative class "not to recharge their vehicles, and to park outside and away from structures, until they are repaired."

The effect of this recall is that Plaintiff and the putative class have been unable to derive the full and promised benefits of their vehicles, and apparently will continue to be so deprived for an indeterminate amount of time. These vehicles are demonstrably less valuable without the benefit of their plug-in hybrid battery.

In addition, consumers are required to spend excess money on fuel since they are deprived the benefit of using the car's more efficient PHEV battery.

---

[3] This includes or may include common law implied warranty doctrine under the laws of the fifty states, the District of Columbia, and Puerto Rico, as well as the codification of state implied warranty law including: Ala. Code § 7-2-314; Alaska Stat.§ 45.02.314; Ariz. Rev. Stat. Ann. § 47-2314; Ark. Code. Ann. § 4-2-314; Cal. Com. Code § 2314; Colo. Rev. Stat. § 4-2-314; Conn. Gen. Stat. Ann. § 42a-2-314; 6 Del. Code. § 2-314; D.C. Code. § 28:2-314; Fla. Stat. Ann. § 672.314; Ga. Code. Ann. § 11-2-314; Haw. Rev. Stat. § 490:2-314; Idaho Code § 28-2-314; 810 Ill. Comp. Stat. Ann. 5/2-314; Kan. Stat. Ann. § 84-2-314; Ky. Rev. Stat. Ann. § 355.2-314; 11 Me. Rev. Stat. Ann. § 2-314; Md. Code. Ann. § 2-314; Mass. Gen. Law Ch. 106 § 2-314; Mich. Comp. Laws Ann. § 440.2314; Minn. Stat. Ann. § 336.2-314; Miss. Code Ann. § 75-2-314; Mo. Rev. Stat. § 400.2-314; Mont. Code Ann. § 30-2-314; Nev. Rev. Stat. U.C.C. § 104.2314; N.H. Rev. Ann. § 382-A:2-314; N.J. Stat. Ann. § 12A:2-314; N.M. Stat. Ann. § 55-2-314; N.Y. U.C.C. Law § 2-314; N.C. Gen. Stat. Ann. § 25-2-314; N.D. Stat. § 41-02-314; Ohio Rev. Code Ann. § 1302.27; Okla. Stat. tit. 12A § 2-314; Or. Rev. Stat. § 72.3140; 13 Pa. C.S. § 2314; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-314; S.C. Code Ann. § 36-2-314; S.D. Stat. § 57A-2-314; Tenn. Code Ann. § 47-2-314; Tex. Bus. & Com. Code Ann. § 2-314; Utah Code Ann. § 70A-2-314; Va. Code § 8.2-314; Vt. Stat. Ann. 9A § 2-314; W. Va. Code § 46-2-314; Wash. Rev. Code § 62A 2-314; and Wyo. Stat. § 34.1-2-314.

[4] This includes or may include: Ala. Code § 8-19-1, et seq.; Alaska Stat. § 45.50.471, et seq.; Arizona Rev. Stat. § 44-1522, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. Prof. Code § 17200, et seq.; Cal. Civ. Code §§ 1750, et seq.; Cal. Bus. & Prof. Code §§ 17500, et seq.; Colo. Rev. Stat. § 6-1-105, et seq.; Conn. Gen. Stat. § 42-110b, et seq.; 6 Del. Code § 2511, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. § 501.201, et seq.; Ga. State 10-1-392, et seq.; Haw. Rev. Stat. § 480, et seq.; Idaho Code § 48-601, et seq.; 815 ILCS 505/1, et seq.; Ind. Code Ann. § 24-5-0.5.1, et seq.; Iowa Code Ann. § 714H, et seq.; Kan. Stat. § 50-623, et seq.; Ky. Rev. Stat. § 367.110, et seq.; La. Rev. Stat. § 51:1401, et seq. and alternatively La. Rev. Stat. Ann. § 9:2800.51, et seq.; 5 Me. Rev. Stat. § 207, et seq.; Md. Com. Law Code § 13-101, et seq.; Mass. Gen. L. Ch. 93A, et seq.; Mich. Stat. § 445.901, et seq.; Minn. Stat. § 325F.67, et seq.; Miss. Code Ann. § 75-24-1, et seq.; Vernon's Mo. Rev. Stat. § 407.0 10, et seq.; Mont. Code § 30-14-101, et seq.; Neb. Rev. Stat. § 59-1601, et seq.; Nev. Rev. Stat. § 598.0903, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8-1, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.Y. Gen. Bus. Law § 350, et seq.; N.C. Gen. Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15-01, et seq.; Ohio Rev. Stat. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 Pa. Stat. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1-1, et seq.; S.C. Code Laws § 39-5-10, et seq.; S.D. Code Laws § 37-24-1, et seq.; Tenn. Code § 47-18-101, et seq.; Tex. Bus. & Com. Code § 17.41, et seq.; Utah Code Ann. § 13-11-1, et seq.; Vt. Stat. Ann. Tit. 9, § 2451, et seq.; Va. Code § 59.1-196, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A-6-101, et seq.; Wis. Stat. § 100.20, et seq.; Wyo. Stat. § 40-12-100, et seq.; and 23 L.P.R.A. § 1001, et seq.

# Slack Davis Sanger

We hereby demand that Defendants (1) cease and desist from selling the Subject Vehicle Models until this issue is remedied, (2) make full restitution/compensation to all of the putative class members for their lost value, as well as payment of any consequential damages including but not limited to excess fuel charge allowances for each month the issue is not remedied, and (3) immediately provide putative class members with loaner vehicles, free of charge, that they can use until their vehicles' issues are remedied.

To be clear, Plaintiffs take the position that service of pre-suit notice of any kind is: futile given the current status of no repair being available; unnecessary given Defendants' prior knowledge of the basis for these claims given its November 2023 recall; and simply not required under applicable law.

We also demand that You preserve all documents and evidence that relate in any way to the subject vehicle models and the recall of same, including but not limited to:

1. All documents concerning or relating to the research and development of the Jeep Wrangler 4xe;
2. All documents concerning or relating to the research and development of the plug in hybrid powertrain for the Jeep Wrangler 4xe;
3. All documents concerning or relating to your decision to recall the Jeep Wrangler 4xe;
4. All complaints received by You or your affiliates or agents or dealers relating in any way to the Jeep Wrangler 4xe;
5. All documents concerning communications with regulators regarding your recall of of the Jeep Wrangler 4xe
6. All documents concerning or relating to your efforts to remedy the recall of the Jeep Wrangler 4xe;
7. All affected vehicles where the fire risk materialized that are in your possession custody and control;
8. All other documents in your possession, custody, or control that may reasonably be discoverable in future litigation against you regarding the recall of the Jeep Wrangler 4xe

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter. Please contact me right away if you wish to discuss an appropriate way to remedy this matter. If we do not hear from you promptly, we will take that as an indication that you are not interested in doing so.

Kind Regards,

John R. Davis
*Via certified Mail*