# Exhibit 37



John R. Davis
Slack Davis Sanger, LLP
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
(512) 795-8686
jdavis@slackdavis.com

November 23, 2024

**Via Email**

Scott Morgan
Klein Thomas Lee & Fresard
scott.morgan@kleinthomaslaw.com

Re: *Gary Frisch et al. v. FCA US LLC et al.*, 2:24cv10546 (E.D. Mich.)

Dear Scott,

I write on behalf of Plaintiffs in *Gary Frisch et al. v. FCA US LLC et al.*, 2:24cv10546 (E.D. Mich.) to further notify FCA US LLC of its continued breach of warranties and violations of the Magnusson-Moss Warranty Act (15 U.S.C. § 2301 et seq.) and state consumer protection statutes.

As you know, Plaintiffs have previously sent FCA multiple pre-suit demand letters. On or about February 26, 2024 ("the February 26 Letter"), we sent notification to FCA of the claims in this lawsuit and sought corrective action on behalf of Plaintiffs Jonathan Liscano (Texas), Harry Vasquez (Florida), Dennis Berns (Pennsylvania), David Perrera (North Carolina), Robert Stueve (Texas), Christopher Wadleigh (New Jersey), Brian Kreb (California), Tammy Otto (Arizona), and Gary Frisch (Arizona), as well as all similarly situated individuals nationwide ("the putative class"), under the laws of all 50 states and territories ("the class jurisdictions").

Plaintiffs likewise sent FCA a Notice of Violation of California Consumers Legal Remedies Act ("CLRA") Letter dated February 28, 2024 (the "February 28 Letter") on behalf of Brian Kreb, Stefani Carter, and other similarly situated California consumers.

In addition, Plaintiffs sent FCA another pre-suit demand letter on or about June 14, 2024 (the "June 14, 2024 Letter"), in advance of filing the First Amended Complaint, which was filed on June 27, 2024 (and a corrected version filed thereafter on August 23, 2024). The June 14 Letter



reiterated Plaintiffs' demands for corrective action on behalf of the then-existing named plaintiffs, and in addition, added such demands for Erin May (Oklahoma), Nataliia Liakhova (Illinois), Richard Perkal (Florida), and Eve Park (Colorado), and all similarly individuals.

Plaintiffs refer to and incorporate herein the substance of the February 26 letter, which is appended hereto as **Exhibit 1**, the February 28 Letter, which is appended hereto as **Exhibit 2**, and the June 14 Letter, which is appended hereto as **Exhibit 3**. Each of those letters articulated the legal and factual bases for plaintiffs' claims and invited FCA to engage with Plaintiffs on a potential resolution.

Although the February 26, February 28, and June 14 Letters already provided FCA with proper presuit notice on behalf of all putative class members, in an abundance of caution, we are sending this letter to provide further notice on behalf of additional plaintiffs who will be named in the forthcoming Second Amended Complaint that Plaintiffs plan to file by November 25, 2024. Those additional plaintiffs are: Kanon Spackman (California), Thomas Teger (California), Donald Moore (Florida), Kerry Johnston and Tracy Lectka (Michigan), Daken Shane Fee (Missouri), Christopher Pumill (New Jersey), Kim Aiello (New Jersey), Kevin Freeman (New Mexico), Heidi Walker (New York), Sheryl Reid (Ohio), Jonathan McCrary (Oregon), Daniel Kongos (Texas), and Ashley Landes (Washington). Like the other Plaintiffs identified in our previous letters, each of these individuals purchased or leased a Jeep Wrangler 4xe or Jeep Grand Cherokee 4xe plug-in hybrid electric vehicle at issue in this lawsuit[1] and suffered damages—including lost use and benefit of the bargain—as a result of the ongoing safety defect with their vehicles' battery.[2] And as with our prior presuit notice letters, these plaintiffs bring claims for violations of the Magnusson-Moss Warranty Act (15 U.S.C. § 2301 et seq.), breaches of implied warranty, and violations of state consumer protection statutes in connection with the battery defect in their Jeep 4xe vehicles.[3]

As we have conveyed to FCA prior to the filing of the lawsuit and with each successive demand letter, Plaintiffs are fully open to discussing and/or mediating toward a class resolution of their claims prior to, or even after, the filing of the Second Amended Complaint, and fully believe that

---

[1] Consistent with FCA's 95B Recall and the allegations of the forthcoming Second Amended Complaint, the Class Vehicles include model year 2020-2024 Jeep Wrangler 4xe PHEVs and 2022-2024 Jeep Grand Cherokee 4xe PHEVs per NHTSA Campaign Number 24V-720/FCA Recall 95B. Similar to NHTSA Campaign Number 23V-787/FCA Recall B9A, this recall includes a warning of a "high voltage battery that may fail internally" and a "risk of fire while parked or driven." It further advises that owners should "park their vehicles outside and away from structures and other vehicles" and to "not change unrepaired vehicles, because the risk of fire is higher in a charged battery and the risk of fire is reduced when the battery is depleted."

[2] Indeed, as we previously informed you, Nataliia Liakhova's 2023 Jeep Wrangler 4xe was totaled after it caught on fire while charging on April 17, 2024.

[3] Plaintiffs Kanon Spackman and Thomas Teger also provide notice of violations of the California Consumer Legal Remedies Act (CLRA) pursuant to Cal. Civ. Code § 1782(a) for the same grounds as articulated in our previous February 28, 2024 CLRA presuit notice letter, which is incorporated by reference here. Certified mail copies of this letter are forthcoming.



a swift resolution is in the best interests of FCA and Plaintiffs and Class Members. And as we noted in our May 10, 2024 correspondence, we are willing to work with FCA to arrange an inspection of Plaintiffs' Class Vehicles—including the additional plaintiffs identified in this letter—although FCA has not taken us up on that offer (nor any time we have notified FCA of a Named Plaintiff's disposition of their Class Vehicle). Also, FCA has not taken up our repeated invitations to discuss appropriate remedies to this matter, despite claiming in its motion to dismiss that it did not have information about Plaintiffs' claims and lacked an opportunity to avoid litigation.

Once again, I invite you to contact me and other counsel of record in this matter if FCA is interested in providing fair compensation to Plaintiffs and other Jeep customers who have been harmed from their purchase/lease of their defective fire-prone Jeep Wrangler 4xe or Grand Cherokee 4xe Class Vehicles.

Kind Regards,
John R. Davis
/s/ John R. Davis

# EXHIBIT 1



John R. Davis
Slack Davis Sanger, LLP
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
(512) 795-8686
jdavis@slackdavis.com

February 26, 2024

Addressee:
FCA US LLC
1000 Chrysler Dr., Auburn Hills, MI 48326

Re: *Jonathan Liscano et al. v. FCA US LLC et al.*,

To Whom It May Concern,

This letter serves as pre-suit notice and demand for corrective action on behalf of Plaintiffs Jonathan Liscano (Texas), Harry Vasquez (Florida), Dennis Berns (Pennsylvania), David Perrera (North Carolina), Robert Stueve (Texas), Jade and Christopher Wadleigh (New Jersey), Brian Kreb (California), Tammy Otto (Arizona), and Gary Frisch (Arizona), as well as all similarly situated individuals nationwide ("the putative class"), under the laws of all 50 states and territories ("the class jurisdictions").

Plaintiff provides this notice on behalf of the putative class for claims relating to Your[1] breaches of express warranty[2], Magnusson-Moss Warranty Act(15 U.S.C. § 2301 *et seq.*), implied

---

[1] You and Your are defined to include FCA US LLC, Stellantis N.V., as well as any affiliated entities.

[2] This includes or may include common law express warranty doctrine under the laws of the fifty states, the District of Columbia, and Puerto Rico, as well as the codification of state express warranty law including: Ala. Code § 7-2-313; Alaska Stat. § 45.02.313; Ariz. Rev. Stat. Ann. § 47-2313; Ark. Code. Ann. § 4-2-313; Cal. Com. Code § 2313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. Ann. § 42a-2-313; 6 Del. Code. § 2-313; D.C. Code. § 28:2-313; Fla. Stat. Ann. § 672.313; Ga. Code. Ann. § 11-2-313; Haw. Rev. Stat. § 490:2-313; Idaho Code § 28-2-313; 810 Ill. Comp. Stat. Ann. 5/2-313; Ind. Code Ann. § 26-1-2-313; Kan. Stat. Ann. § 84-2-313; Ky. Rev. Stat. Ann. § 355.2-313; 11 Me. Rev. Stat. Ann. § 2-313; Md. Code. Ann. § 2-313; Mass. Gen. Law Ch. 106 § 2-313; Mich. Comp. Laws Ann. § 440.2313; Minn. Stat. Ann. § 336.2-313; Miss. Code Ann. § 75-2-313; Mo. Rev. Stat. § 400.2-313; Mont. Code Ann. § 30-2-313; Nev. Rev. Stat. U.C.C. § 104.2313; N.H. Rev. Ann. § 382-A:2-313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. Ann. § 25-2-313; N.D. Stat. § 41-02-313; Ohio Rev. Code Ann. § 1302.26; Okla. Stat. tit. 12A § 2-313; Or. Rev. Stat. § 72.3130; 13 Pa. C.S. § 2313; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-313; S.C. Code Ann. § 36-2-313; S.D. Stat. § 57A-2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code Ann. § 2-313; Utah Code Ann. § 70A-2-313; Va. Code § 8.2-313; Vt. Stat. Ann. 9A § 2-313; W. Va. Code § 46-2-313; Wash. Rev. Code § 62A 2-313; Wis. Stat. Ann. § 402.313 and Wyo. Stat. § 34.1-2-313.



warranty (including per UCC 2-607(3)(a)[3], as well as violations of state consumer protection statutes[4], in connection with your November 22, 2023 recall of Jeep 4xe vehicles model years 2021-2024 (NHTSA Campaign Number 23V787000/FCA Recall 89A), which states that the "high voltage battery may fail internally and lead to a vehicle fire while parked or driving."

The recall advises the putative class "not to recharge their vehicles, and to park outside and away from structures, until they are repaired."

The effect of this recall is that Plaintiff and the putative class have been unable to derive the full and promised benefits of their vehicles, and apparently will continue to be so deprived for an indeterminate amount of time. These vehicles are demonstrably less valuable without the benefit of their plug-in hybrid battery.

In addition, consumers are required to spend excess money on fuel since they are deprived the benefit of using the car's more efficient PHEV battery.

---

[3] This includes or may include common law implied warranty doctrine under the laws of the fifty states, the District of Columbia, and Puerto Rico, as well as the codification of state implied warranty law including: Ala. Code § 7-2-314; Alaska Stat.§ 45.02.314; Ariz. Rev. Stat. Ann. § 47-2314; Ark. Code. Ann. § 4-2-314; Cal. Com. Code § 2314; Colo. Rev. Stat. § 4-2-314; Conn. Gen. Stat. Ann. § 42a-2-314; 6 Del. Code. § 2-314; D.C. Code. § 28:2-314; Fla. Stat. Ann. § 672.314; Ga. Code. Ann. § 11-2-314; Haw. Rev. Stat. § 490:2-314; Idaho Code § 28-2-314; 810 Ill. Comp. Stat. Ann. 5/2-314; Kan. Stat. Ann. § 84-2-314; Ky. Rev. Stat. Ann. § 355.2-314; 11 Me. Rev. Stat. Ann. § 2-314; Md. Code. Ann. § 2-314; Mass. Gen. Law Ch. 106 § 2-314; Mich. Comp. Laws Ann. § 440.2314; Minn. Stat. Ann. § 336.2-314; Miss. Code Ann. § 75-2-314; Mo. Rev. Stat. § 400.2-314; Mont. Code Ann. § 30-2-314; Nev. Rev. Stat. U.C.C. § 104.2314; N.H. Rev. Ann. § 382-A:2-314; N.J. Stat. Ann. § 12A:2-314; N.M. Stat. Ann. § 55-2-314; N.Y. U.C.C. Law § 2-314; N.C. Gen. Stat. Ann. § 25-2-314; N.D. Stat. § 41-02-314; Ohio Rev. Code Ann. § 1302.27; Okla. Stat. tit. 12A § 2-314; Or. Rev. Stat. § 72.3140; 13 Pa. C.S. § 2314; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-314; S.C. Code Ann. § 36-2-314; S.D. Stat. § 57A-2-314; Tenn. Code Ann. § 47-2-314; Tex. Bus. & Com. Code Ann. § 2-314; Utah Code Ann. § 70A-2-314; Va. Code § 8.2-314; Vt. Stat. Ann. 9A § 2-314; W. Va. Code § 46-2-314; Wash. Rev. Code § 62A 2-314; and Wyo. Stat. § 34.1-2-314.

[4] This includes or may include: Ala. Code § 8-19-1, et seq.; Alaska Stat. § 45.50.471, et seq.; Arizona Rev. Stat. § 44-1522, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. Prof. Code § 17200, et seq.; Cal. Civ. Code §§ 1750, et seq.; Cal. Bus. & Prof. Code §§ 17500, et seq.; Colo. Rev. Stat. § 6-1-105, et seq.; Conn. Gen. Stat. § 42-110b, et seq.; 6 Del. Code § 2511, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. § 501.201, et seq.; Ga. State 10-1-392, et seq.; Haw. Rev. Stat. § 480, et seq.; Idaho Code § 48-601, et seq.; Ind. Code Ann. § 24-5-0.5.1, et seq.; Iowa Code Ann. § 714H, et seq.; Kan. Stat. § 50-623, et seq.; Ky. Rev. Stat. § 367.110, et seq.; La. Rev. Stat. § 51:1401, et seq. and alternatively La. Rev. Stat. Ann. § 9:2800.51, et seq.; 5 Me. Rev. Stat. § 207, et seq.; Md. Com. Law Code § 13-101, et seq.; Mass. Gen. L. Ch. 93A, et seq.; Mich. Stat. § 445.901, et seq.; Minn. Stat. § 325F.67, et seq.; Miss. Code Ann. § 75-24-1, et seq.; Vernon's Mo. Rev. Stat. § 407.0 10, et seq.; Mont. Code § 30-14-101, et seq.; Neb. Rev. Stat. § 59-1601, et seq.; Nev. Rev. Stat. § 598.0903, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8-1, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.Y. Gen. Bus. Law § 350, et seq.; N.C. Gen. Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15-01, et seq.; Ohio Rev. Stat. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 Pa. Stat. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1-1, et seq.; S.C. Code Laws § 39-5-10, et seq.; S.D. Code Laws § 37-24-1, et seq.; Tenn. Code § 47-18-101, et seq.; Tex. Bus. & Com. Code § 17.41, et seq.; Utah Code Ann. § 13-11-1, et seq.; Vt. Stat. Ann. Tit. 9, § 2451, et seq.; Va. Code § 59.1-196, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A-6-101, et seq.; Wis. Stat. § 100.20, et seq.; Wyo. Stat. § 40-12-100, et seq.; and 23 L.P.R.A. § 1001, et seq.

# Slack Davis
# Sanger ◣

We hereby demand that Defendants (1) cease and desist from selling the Subject Vehicle Models until this issue is remedied, (2) make full restitution/compensation to all of the putative class members for their lost value, as well as payment of any consequential damages including but not limited to excess fuel charge allowances for each month the issue is not remedied, and (3) immediately provide putative class members with loaner vehicles, free of charge, that they can use until their vehicles' issues are remedied.

To be clear, Plaintiffs take the position that service of pre-suit notice of any kind is: futile given the current status of no repair being available; unnecessary given Defendants' prior knowledge of the basis for these claims given its November 2023 recall; and simply not required under applicable law.

We also demand that You preserve all documents and evidence that relate in any way to the subject vehicle models and the recall of same, including but not limited to:

1. All documents concerning or relating to the research and development of the Jeep Wrangler 4xe;
2. All documents concerning or relating to the research and development of the plug in hybrid powertrain for the Jeep Wrangler 4xe;
3. All documents concerning or relating to your decision to recall the Jeep Wrangler 4xe;
4. All complaints received by You or your affiliates or agents or dealers relating in any way to the Jeep Wrangler 4xe;
5. All documents concerning communications with regulators regarding your recall of of the Jeep Wrangler 4xe
6. All documents concerning or relating to your efforts to remedy the recall of the Jeep Wrangler 4xe;
7. All affected vehicles where the fire risk materialized that are in your possession custody and control;
8. All other documents in your possession, custody, or control that may reasonably be discoverable in future litigation against you regarding the recall of the Jeep Wrangler 4xe

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter. Please contact me right away if you wish to discuss an appropriate way to remedy this matter. If we do not hear from you promptly, we will take that as an indication that you are not interested in doing so.

Kind Regards,

John R. Davis
*Via certified Mail*

# EXHIBIT 2

**Lieff
Cabraser
Heimann&
Bernstein**

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

February 28, 2024

Roger N. Heller
Partner
rheller@lchb.com

**VIA CERTIFIED MAIL**

FCA US, LLC
1000 Chrysler Dr.,
Auburn Hills, MI 48326

FCA US, LLC
c/o CT Corporation System
*Agent for Service of Process*
330 N. Brand Blvd., Ste. 700
Glendale, CA 91203

RE:     Notice of Violation of California Consumers Legal Remedies Act ("CLRA")

Dear Sir or Madam:

We write on behalf of California residents Brian Kreb and Stefani Carter ("Plaintiffs") and other similarly situated owners and lessees of Jeep Wrangler 4xe plug-in hybrid electric vehicles (the "Class").

Pursuant to Cal. Civ. Code §1782(a), this letter serves as presuit notice that FCA US, LLC ("FCA") has breached express and/or implied warranties, engaged in unfair and deceptive acts and other unlawful practices, and violated California's Consumer Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.* in connection with its manufacturing, testing, advertising, marketing, distribution, and/or sale of 2021-2023 Jeep Wrangler 4xe vehicles (the "Class Vehicles").

The Class Vehicles contain a defective electric battery that is at risk of catching fire and has since been the subject of FCA's November 22, 2023 "recall" letter (NHTSA Campaign Number 23V787000/FCA Recall 89A). In that communication, FCA failed to provide a remedy to the battery defect and instead instructed Plaintiffs and the Class "not to recharge their vehicles, and to park outside and away from structures, until they are repaired." FCA did not disclose the defect in the Class Vehicles at the time of sale, and it made false and/or incomplete representations and/or material omissions regarding the features, benefits, durability, reliability, safety, and performance of the Class Vehicles.

FCA's conduct breached warranties and constitutes fraudulent, deceptive, and unfair business practices as defined by the CLRA.  In addition, FCA's conduct violated Cal. Civ. Code § 1770(a)[1] by, among other things:

---

[1] The CLRA prohibits "unfair or deceptive acts or practices . . . undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer[.]"  Cal. Civ.

FCA US LLC
February 28, 2024
Page 2

- Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have. (Cal. Civ. Code § 1770(a)(5)).

- Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. (Cal. Civ. Code § 1770(a)(7)).

- Advertising goods or services with intent not to sell them as advertised. (Cal. Civ. Code § 1770(a)(9)).

Plaintiffs and members of the Class have been harmed and suffered actual damages. Plaintiffs and the members of the Class did not receive the benefit of their bargain. Instead, they purchased and leased vehicles that are of a lesser standard, grade, and quality than represented, do not meet ordinary and reasonable consumer expectations regarding safe and reliable operation, and are unfit for their intended purpose. Purchasers and lessees of the Class Vehicles paid more, either through a higher purchase price or higher lease payments, than they would have had the battery defect been disclosed. Furthermore, the public disclosure of the battery defect in the Class Vehicles has caused the value of the vehicles to materially diminish.

Plaintiffs and the Class hereby request that within thirty (30) days of receiving this letter, FCA (1) agree to buy-back, correct, permanently repair, replace, or otherwise rectify the defect in the Class Vehicles, and (2) agree to reimburse Plaintiffs and all Class members for all damage they have incurred to date, including any associated out-of-pocket expenses. Unless these actions, as requested above, occur within the thirty-day timeframe, we intend to bring claims for damages as permitted by Cal. Civ. Code § 1782(d), in addition to claims for equitable, injunctive, and other relief available under applicable law, including attorneys' fees.

We invite you to contact us to discuss this demand at any time. You can reach us at (415) 956-1000, or email me and attorneys Phong-Chau Nguyen, and Nicholas Lee at rheller@lchb.com, pgnguyen@lchb.com, and nlee@lchb.com. We look forward to hearing from you.

Very truly yours,

Roger N. Heller

2952787.1

---

Code § 1770(a). The Class Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a). Plaintiffs and members of the Class are "buyers" within the meaning of Cal. Civ. Code § 1791(b), and FCA is a "manufacturer" of the Class Vehicles within the meaning Cal. Civ. Code § 1791(j).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FCA US, LLC
1000 Chrysler Dr.,
Auburn Hills, MI 48326

9590 9402 7846 2234 7110 50

2. Article Number *(Transfer from service label)*

7022 2410 0002 3057 3709

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Mail Restricted Delivery
00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053      Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required      $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Postmark
Here

Sent To   FCA US, LLC
Street and Apt. No., or PC  1000 Chrysler Dr.,
City, State, ZIP+4®  Auburn Hills, MI 48326

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

CERTIFIED MAIL®

7022 2410 0002 3057 3709
7022 2410 0002 3057 3709

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1.<br>FCA US, LLC<br>c/o CT Corporation System<br>*Agent for Service of Process*<br>330 N. Brand Blvd., Ste. 700<br>Glendale, CA 91203 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7846 2234 7110 43 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7022 2410 0002 3057 3716 | |

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

CERTIFIED MAIL

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

7022 2410 0002 3057 3716
7022 2410 0002 3057 3716

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

OFFICIAL USE

Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
Postage
Total Postage and Fee

Postmark Here

Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

FCA US, LLC
c/o CT Corporation System
*Agent for Service of Process*
330 N. Brand Blvd., Ste. 700
Glendale, CA 91203

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

EXHIBIT 3

**Friday, June 14, 2024 at 13:44:29 Central Daylight Time**

| | |
|---|---|
| **Subject:** | Frisch et al. v. FCA US LLC, 2:24cv10546 (E.D. Mich.) |
| **Date:** | Friday, June 14, 2024 at 1:44:22 PM Central Daylight Time |
| **From:** | John Davis |
| **To:** | scott.morgan@kleinthomaslaw.com |
| **CC:** | Nguyen, Phong-Chau G., Roger Heller, Lee, Nicholas W., Dennis A Lienhardt, Shelquist, Robert K., Freier, Krista K., Davis, Craig S. |
| **Attachments:** | image001.png, image002.png, image003.png, image004.png, 2024.06.14 Notice Letter.pdf, Ex 1 Feb 26 J Davis Ltr.pdf, Ex 2 Feb 28 R Heller Ltr.pdf |

Hi Scott,

Please see the enclosed correspondence. Please do not hesitate to reach out should FCA wish to discuss. Thank you and kind regards,



**John R. Davis**
*Partner*
**Slack Davis Sanger LLP**
p: 512-795-8686
a: 6001 Bold Ruler, Suite 100, Austin, TX 78746
w: www.slackdavis.com   e: jdavis@slackdavis.com

  

Disclaimer
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.



John R. Davis
Slack Davis Sanger, LLP
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
(512) 795-8686
jdavis@slackdavis.com

June 14, 2024

<u>Via Email</u>

Scott Morgan
Klein Thomas Lee & Fresard
scott.morgan@kleinthomaslaw.com

Re: *Gary Frisch et al. v. FCA US LLC et al.*, 2:24cv10546 (E.D. Mich.)

Dear Scott,

I write on behalf of Plaintiffs in *Gary Frisch et al. v. FCA US LLC et al.*, 2:24cv10546 (E.D. Mich.) to further notify FCA US LLC of its continued breach of warranties and violations of the Magnusson-Moss Warranty Act (15 U.S.C. § 2301 et seq.) and state consumer protection statues.

As you know, Plaintiffs previously sent a pre-suit demand letter on February 26, 2024 ("the February 26 Letter") that notified FCA of the claims in this lawsuit and sought corrective action on behalf of Plaintiffs Jonathan Liscano (Texas), Harry Vasquez (Florida), Dennis Berns (Pennsylvania), David Perrera (North Carolina), Robert Stueve (Texas), Jade and Christopher Wadleigh (New Jersey), Brian Kreb (California), Tammy Otto (Arizona), and Gary Frisch (Arizona), as well as all similarly situated individuals nationwide ("the putative class"), under the laws of all 50 states and territories ("the class jurisdictions").

Plaintiffs likewise sent FCA a Notice of Violation of California Consumers Legal Remedies Act ("CLRA") Letter dated February 28, 2024 (the "February 28 Letter") on behalf of Brian Kreb, Stefani Carter, and other similarly situated California consumers.

Plaintiffs refer to and incorporate herein the substance of the February 26 letter, which is appended hereto as **Exhibit 1**, and the February 28 Letter, which is appended hereto as **Exhibit 2**. Each of those letters articulated the legal and factual bases for plaintiffs' claims and invited



FCA to engage with Plaintiffs on a potential resolution.

Although the February 26 and February 28 Letters already provided FCA with proper presuit notice on behalf of all putative class members, in an abundance of caution, we are sending this letter to provide further notice on behalf of additional plaintiffs who will be named in the forthcoming Amended Complaint that Plaintiffs plan to file by June 27, 2024. Those additional plaintiffs are: Erin May (Oklahoma), Nataliia Liakhova (Illinois), Richard Perkal (Florida), and Eve Park (Colorado). Like the other Plaintiffs identified in our previous letters, each of these individuals purchased or leased a Jeep Wrangler 4xe plug-in hybrid electric vehicle at issue in this lawsuit and suffered damages—including lost use and benefit of the bargain—as a result of the ongoing safety defect with their vehicles' battery.[1]

As we conveyed to FCA prior to the filing of the lawsuit, Plaintiffs remain open to discussing and/or mediating toward a class resolution of their claims prior to, or even after, the filing of the Amended Complaint. And as we noted in our May 10, 2024 correspondence, we are willing to work with FCA to arrange an inspection of Plaintiffs' vehicles—including the four additional plaintiffs identified in this letter—to the extent FCA believes an inspection is necessary to resolve Plaintiffs' claims. FCA still has not taken up our invitation to discuss an appropriate remedy to this matter, despite claiming in its motion to dismiss that it did not have information about Plaintiffs' claims and lacked an opportunity to avoid litigation.

Once again, I invite you to contact me and other counsel of record if FCA is interested in providing fair compensation to Plaintiffs and other Jeep customers who have been harmed from their purchase/lease of their defective fire-prone Jeep Wrangler 4xe vehicles.

Kind Regards,
John R. Davis
/s/ John R. Davis

---

[1] Indeed, as we previously informed you, Nataliia Liakhova's 2023 Jeep Wrangler 4xe was totaled after it caught on fire while charging on April 17, 2024.