UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GARY FRISCH, *et al.*, on behalf of themselves and all those similarly situated,<br><br>        Plaintiffs,<br><br>*v.*<br><br>FCA US LLC,<br><br>        Defendant. | Case No.: 2:24-cv-10546-BRM-KGA<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Kimberly G. Altman |

**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

**KLEIN THOMAS LEE & FRESARD**

| | |
|---|---|
| Fred J. Fresard (P43694)<br>Ian K. Edwards (P82021)<br>101 W. Big Beaver Rd., Ste 1400<br>Troy, Michigan 48084<br>Tel: (602) 935-8300<br>fred.fresard@kleinthomaslaw.com<br>ian.edwards@kleinthomaslaw.com | Stephen A. D'Aunoy (MO/54961)<br>Scott H. Morgan (MO/61853)<br>100 N. Broadway, Ste 1600<br>St. Louis, Missouri 63102<br>Tel: (314) 888-2970<br>steve.daunoy@kleinthomaslaw.com<br>scott.morgan@kleinthomaslaw.com |

*Attorneys for Defendant FCA US LLC*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... ii

I. MOTION TO COMPEL ARBITRATION ........................................................... 1

    A.     The Court May Enforce The Arbitration Agreement .............................. 1

    B.     FCA US's Delegation Clause Is Enforceable. ........................................ 3

    C.     No Procedural or Substantive Unconscionability. ................................... 3

II. MOTION TO DISMISS ......................................................................................... 4

    A.     The MMWA Claim. ................................................................................ 4

    B.     Implied Warranty Claims. ....................................................................... 5

    C.     The Fraud-Based Claims. ........................................................................ 7

    D.     The Unjust Enrichment Claims. ........................................................... 11

III. CONCLUSION .................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Albright v. Christensen*,
  24 F.4th 1039 (6th Cir. 2022) .................................................................................5

*Antonov v. Gen. Motors LLC*,
  2024 WL 217825 (C.D.Cal. 2024) ........................................................................11

*Challenge Printing Co. v. Tesla, Inc.*,
  2024 WL 2795180 (4th Cir. 2024) ........................................................................10

*Coastal Leasing Corp. v. O'Neal*,
  405 S.E.2d 208 (N.C.App. 1991) ............................................................................7

*Dinwiddie v. Suzuki Motor of Am., Inc.*,
  111 F.Supp.3d 1202 (W.D.Okla. 2015) .................................................................11

*Droesser v. Ford Motor Co.*,
  2023 WL 2746792 (E.D.Mich. 2023) .....................................................................5

*Fisher v. FCA US LLC*,
  2025 WL 582451 (E.D.Mich. 2025) ........................................................................1

*Germany v. River T. R. Co.*,
  477 F.2d 546 (6th Cir. 1973) ...................................................................................1

*Ghaznavi v. De Longhi Am., Inc.*,
  2023 WL 4931610 (S.D.N.Y. 2023) ........................................................................5

*Gomeringer v. Boat House of Cape Coral, LLC*,
  719 F.Supp.3d 1255 (M.D.Fla. 2024) ......................................................................2

*Harrison v. Gen. Motors LLC*,
  651 F.Supp.3d 878 (E.D.Mich. 2023) .....................................................................3

*Higgs v. Automotive Warranty Corp. of Am.*,
  134 F.Appx. 828 (6th Cir. 2005) .............................................................................1

*Hill v. Gateway 2000, Inc.*,
    105 F.3d 1147 (7th Cir. 1997) .................................................................................2

*In re Chevrolet Bolt EV Battery Litig.*,
    633 F.Supp.3d 921 (E.D.Mich. 2022)......................................................................9

*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*,
    706 F.Supp.3d 346 (E.D. Mich. 2023)...................................................................10

*In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*,
    715 F.Supp.3d 1003 (E.D.Mich. 2024)....................................................................1

*In re Ford Super Duty Roof Crush Litig.*,
    No. 22-12079 (E.D.Mich. 2024)..............................................................................5

*In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.*,
    155 F.Supp.3d 772 (N.D.Ill. 2016)..........................................................................6

*Kelly v. Georgia-Pac. LLC*,
    2010 WL 11579013 (E.D.N.C. 2010)......................................................................7

*Legacy Data Access, Inc. v. Cadrillion, LLC*,
    889 F.3d 158 (4th Cir. 2018) .................................................................................10

*Lisowski v. Henry Thayer Co., Inc.*,
    2021 WL 1185924 (W.D.Pa. 2021).........................................................................6

*Lozada v. Dale Baker Olds., Inc.*,
    91 F.Supp.2d 1087 (W.D.Mich. 2000) ....................................................................4

*Mowbray v. Avery*,
    76 S.W.3d 663 (Tex.App. 2002)............................................................................12

*Norman v. FCA US, LLC*,
    696 F.Supp.3d 359 (E.D.Mich. 2023).............................................................. 5, 7, 8

*Ocana v. Ford Motor Co.*,
    992 So.2d 319 (Fla.Dist.Ct.App. 2008) ...................................................................7

*Ozormoor v. T-Mobile USA, Inc.*,
    354 F.Appx. 972 (6th Cir. 2009) .............................................................................4

*PAPCO. v. Gen. Motors Co.*,
  2023 WL 2933278 (E.D.Mich. 2023)..................................................................................9

*Pistorio v. FCA US LLC*,
  2022 WL 141524 (E.D.Mich. 2022)....................................................................................6

*Rentas v. DaimlerChrysler Corp.*,
  936 So.2d 747 (Fla.Dist.Ct.App. 2006) ..............................................................................7

*Reynolds v. FCA US LLC*,
  546 F.Supp.3d 635 (E.D.Mich. 2021) ................................................................................5

*Rothe v. Maloney Cadillac, Inc.*,
  518 N.E.2d 1028 (Ill. 1988) ................................................................................................7

*Sharif v. Wellness Int'l Network, Ltd.*,
  376 F.3d 720 (7th Cir. 2004) ..............................................................................................1

*Smith v. Loyola Univ. Med. Ctr.*,
  2024 WL 3338941 (N.D.Ill. 2024) ...................................................................................12

*Solo v. UPS Co.*,
  947 F.3d 968 (6th Cir. 2020) ..............................................................................................1

*Spring St. Apts Waco, LLC v. Phila. Indem. Ins. Co.*,
  2017 WL 5244285 (W.D.Tex. 2017).................................................................................10

*Takeya USA Corp. v. PowerPlay Mktg. Grp.*, LLC,
  2022 WL 17357781 (C.D.Cal. 2022) ................................................................................11

*Taylor v. CDS Adv. Solutions*,
  2024 WL 1048124 (D.N.J. 2024).......................................................................................2

*Tershakovec v. Ford Motor Co.*,
  2018 WL 3405245 (S.D.Fla. 2018) ....................................................................................6

*Thomas v. Natl. Collector's Mint, Inc.*,
  2018 WL 6329841 (S.D.Tex. 2018)....................................................................................2

*Tsadilas v. Providian Nat'l Bank*,
  786 N.Y.S.2d 478 (N.Y.App. 2004) ...................................................................................2

*Watson v. San Marcos*,
    2023 WL 3010938 (Tex.App. 2023) ...................................................................12

*Wozniak v. Ford Motor Co.*,
    2019 WL 108845 (E.D.Mich. 2019)....................................................................8

**Statutes**

TREAD Act.................................................................................................................10

**Rules**

Consumer Arbitration Rules ........................................................................................3

Fed. R. Civ. P. 9(b).......................................................................................... 7, 8, 10

# I.  MOTION TO COMPEL ARBITRATION[1]

## A.  The Court May Enforce The Arbitration Agreement.

Plaintiffs argue the Court cannot enforce the arbitration provision because FCA US has not shown Plaintiffs signed or read them, *see* Pl. Opp., p. 6 (PageID.5614), but courts enforce "at-purchase" arbitration agreements like the ones here when the purchaser has (i) some reasonable notice that terms/conditions exist and (ii) a reasonable time to opt-out, either by returning the product or through some other method.  *See*, *e.g.*, *Higgs v. Automotive Warranty Corp. of Am.*, 134 F.Appx. 828, 829-32 (6th Cir. 2005) ("Once [plaintiff] received the agreement, he was given the opportunity to reject its terms … Instead, he kept the warranty, thereby assenting to its terms, including the arbitration provision.").

---

[1] By footnote, Plaintiffs argue waiver based on the filing of FCA US's initial motion to dismiss. *See* Pl. Opp., p. 4 n.3 (PageID.5612).  But "[n]ot every motion to dismiss is inconsistent with the right to arbitration." *Solo v. UPS Co*., 947 F.3d 968, 975 (6th Cir. 2020); *see also Sharif v. Wellness Int'l Network, Ltd.,* 376 F.3d 720, 726 (7th Cir. 2004) (noting "it is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss").  "[A]ttempts to meet all issues raised in litigation," without more, do not support finding waiver. *Germany v. River T. R. Co.*, 477 F.2d 546, 547 (6th Cir. 1973).  Indeed, FCA US's initial motion, *see* ECF #16, was mooted a little more than a month later when Plaintiffs filed an amended complaint, *see* ECF #18.  And, after that, FCA US moved to compel arbitration, *see* ECF #21, with little else happening along the way.  Thus, "[t]his is simply not a case with a 'most compelling fact pattern' that warrants a finding of waiver." *Fisher v. FCA US LLC*, 2025 WL 582451, *4 (E.D.Mich. 2025); *compare In re Chrysler Pacifica,* 715 F.Supp.3d 1003, 1009 (E.D.Mich. 2024) (finding waiver where defendant "sought and received … a decision on the merits" and later "[sought] arbitration [as] … a second chance in another forum").

1

Under such circumstances, courts routinely enforce arbitration provisions in at-purchase warranties regardless of whether a plaintiff signed *or even read* them. *See*, *e.g.*, *Gomeringer v. Boat House of Cape Coral, LLC*, 719 F.Supp.3d 1255, 1258-61 (M.D.Fla. 2024) (compelling arbitration based on warranty because "modern consumers are on notice that products come with warranties and other terms and conditions of purchase[,] [a]nd they are free to research (or not), request (or not), and read (or not) those terms"); *Taylor v. CDS Adv. Solutions*, 2024 WL 1048124, *5-10 (D.N.J. 2024) (where plaintiff "had the opportunity to read and review the Arbitration Agreement," but "did not read or review [it] before the opt-out date," the agreement was valid and enforceable); *Thomas v. Natl. Collector's Mint, Inc.*, 2018 WL 6329841, *7-8 (S.D.Tex. 2018) (consumer "accepted … terms of the [arbitration] Agreement [in warranty] by keeping [products] for longer than the period stated in the Agreement after having an opportunity to review the Agreement").[2]

Here, Plaintiffs argue only that they had not received their warranty booklets or agreed to the arbitration provisions therein either "*before or during*" their

---

[2] *See also Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1148-49 (7th Cir. 1997) (explaining that "contract need not be read to be effective; people who accept take the risk that the unread terms may in retrospect prove unwelcome" and that terms "bind consumers who use the [product] after an opportunity to read the terms and to reject them"); *Tsadilas v. Providian Nat'l Bank*, 786 N.Y.S.2d 478, 480 (N.Y.App. 2004) ("Plaintiff consented to [arbitration provision] by failing to opt out," and by continuing to use the product plaintiff is "bound by the arbitration provision even if she did not read it").

2

purchase or lease decision. *See* Pl. Opp., p. 6 n.10 (PageID.5614) (emphasis added). But Plaintiffs concede (by not disputing) that copies of their warranty booklets were available to them in connection with their vehicle purchase or lease *and* that they were afforded a reasonable opportunity to opt-out.[3] *See id.*

**B.   FCA US's Delegation Clause Is Enforceable.**

Plaintiffs next argue that this Court, rather than an arbitrator, should decide the question of arbitrability because the relevant provision says that "arbitration will be 'administered by the … AAA[] under its Consumer Arbitration Rules,'" which "contemplates that a court has the ability" to decide such questions. *See* Pl. Opp., p. 7 (PageID.5615). But "[t]he Sixth Circuit has held that incorporation of or reference to the … AAA[] rules is 'clear and unmistakable evidence' that there was an agreement to delegate issues of arbitrability." *Harrison v. Gen. Motors LLC*, 651 F.Supp.3d 878, 885 (E.D.Mich. 2023) (citation omitted).

**C.   No Procedural or Substantive Unconscionability.**

Plaintiffs point to no facts nor law that supports the notion that the arbitration provision they now challenge is unconscionable, either procedurally or substantively. *See* Pl. Opp., p. 9; *see also Ozormoor v. T-Mobile USA, Inc.*, 354 F.Appx. 972, 974 (6th

---

[3] *See* opt-out instructions at p. 5 of Exs. A, B, C, D, and E (ECF #32-2 at PageID.5368; ECF #32-3 at PageID.5401; ECF #32-4 at PageID.5434; ECF #32-5 at PageID.5467; ECF #32-6 at PageID.5499).

3

Cir. 2009) (contract term unconscionable "only if it is procedurally and substantively unreasonable" and "party asserting the defense of unconscionability bears the burden of proving it").

Plaintiffs attempt to argue arbitration is substantively unconscionable because it would "require Plaintiffs to arbitrate *all claims*" even though the provision finds itself in a warranty booklet, *see* Pl. Opp., p. 9 (PageID.5612), but they cite no authority (and there isn't any) that supports such a finding.

Plaintiffs also contend they did not see the arbitration provision before their purchase and reference a case where arbitration was procedurally unconscionable because the plaintiff had "no reasonable opportunity to review the agreement." *See* Pl. Opp., p. 9. But, there, the plaintiff was "hurried" into signing the agreement to buy the car. *Lozada v. Dale Baker Olds., Inc.*, 91 F.Supp.2d 1087, 1100 (W.D.Mich. 2000). Here: (i) the vehicle purchase was not predicated on agreeing to arbitration; (ii) no Plaintiff claims being "hurried" into agreeing to arbitration (and they weren't), and (iii) each was given a thirty-day opportunity to refuse arbitration.

## II.  MOTION TO DISMISS

**A.    The MMWA Claim.**

The MMWA claim fails because: (i) the better-reasoned view remains that Plaintiffs "cannot bring MMWA claims under the laws of states in which they have not been injured," *see*, *e.g.*, *Norman v. FCA US, LLC*, 696 F.Supp.3d 359, 375

4

(E.D.Mich. 2023); (ii) CAFA does not supersede the MMWA's jurisdictional requirements, *see*, *e.g.*, *Ghaznavi v. De Longhi Am., Inc.*, 2023 WL 4931610, *8 (S.D.N.Y. 2023); and (iii) no one disputes this claim depends on the underlying warranty claims' viability.

**B.  Implied Warranty Claims.**

<u>*Merchantability and Manifestation*</u>:  In *In re Ford Super Duty Roof Crush Litig.*, this Court held that, where no plaintiff alleged experiencing any defect-related issue or stopped using their vehicle, no plaintiff had stated a plausible breach of an implied warranty.  *See* No. 22-12079 (E.D.Mich. 2024), ECF #57, pp. 35-36 (PageID.4073-74) (ignoring plaintiffs' alleged "concern[s] about driving the[ir] class vehicles because they 'feel it is no longer safe'").  That is precisely the case here.

<u>*Pre-Suit Notice*</u>:  Plaintiffs urge the Court to not decide pre-suit notice.  *See* Pl. Opp., pp. 14-15 (PageID.5623).  They say notice requirements do not apply in diversity cases, but the authority they rely on, *Albright v. Christensen*, was cabined to a specific statute, 24 F.4th 1039, 1049 (6th Cir. 2022), and this District continues to enforce § 607's notice requirements, *see*, *e.g.*, *Droesser v. Ford Motor Co.*, 2023 WL 2746792, *12 (E.D.Mich. 2023).  Plaintiffs argue timeliness and sufficiency should not be decided at the pleading stage, but it regularly is.  *See*, *e.g.*, *Reynolds v. FCA US LLC*, 546 F.Supp.3d 635, 654 (E.D.Mich. 2021).  They contend Florida does not require

5

notice to a manufacturer, but this District holds otherwise. *Pistorio v. FCA US LLC*, 2022 WL 141524, *8 (E.D.Mich. 2022). Plaintiffs insist Illinois recognizes an exception if "defendant had actual knowledge *of the defect*," but that exception apples when the defendant has "actual knowledge of the defect *of the particular product*," *Rust-Oleum*, 155 F.Supp.3d 772, 800 (N.D.Ill. 2016) (emphasis added), which Plaintiffs never allege here.

Next, Plaintiffs argue they have provided notice. But the letters they point to were sent just *days* before filing suit, which amounts to no notice at all. *Compare* ECF #1, 18, 36, *with* ECF ##36-35, 36-37, 36-38. And the complaint itself is not enough in Pennsylvania. *Compare Gregorio v. Ford Motor Co.*, 522 F.Supp.3d 264, 290 (E.D.Mich 2021), *with Lisowski v. Henry Thayer Co., Inc.*, 2021 WL 1185924, *3 (W.D.Pa. 2021).

<u>Privity</u>: Plaintiffs concede (by not disputing) dismissal for lack of privity under Arizona, Ohio, Oregon, and Washington law. *See* Pl. Opp., p. 16 (PageID.5624). And, while Plaintiffs argue a third party beneficiary exception under Florida, Illinois, and North Carolina law (*id.* at n.29), Plaintiffs point to nowhere in the SAC where any such exception is adequately pleaded. *See id.* at p. 16 (PageID.5624); *see also Tershakovec v. Ford Motor Co.,* 2018 WL 3405245, *13 (S.D.Fla. 2018) (requiring that plaintiff plead the manufacturer "knew of *his* identity or *his* purpose of purchasing," and "*facts* about *his* direct interactions" with the

6

manufacturer") (emphasis added).

But, even setting that aside, none of these states recognize the exception Plaintiffs rely on anyway: (i) the weight of Florida authority rejects the exception outright, *see, e.g., Ocana v. Ford Motor Co.*, 992 So.2d 319, 325 (Fla.Dist.Ct.App. 2008); *Rentas v. DaimlerChrysler Corp.*, 936 So.2d 747, 751 (Fla.Dist.Ct.App. 2006), (ii) Illinois recognizes it only for implied warranty claims under the *MMWA*, not the UCC, *see, e.g., Rothe v. Maloney Cadillac, Inc.,* 518 N.E.2d 1028, 1029 (Ill. 1988), and (iii) North Carolina applies it only where a plaintiff *negotiates directly* with defendant, which is not the case here, *see, e.g., Coastal Leasing Corp. v. O'Neal*, 405 S.E.2d 208, 211-12 (N.C.App. 1991); *see also Kelly v. Georgia-Pac. LLC*, 2010 WL 11579013, *6-7 (E.D.N.C. 2010) (noting distinction).

## C. The Fraud-Based Claims.

<u>No Misrepresentations</u>: Plaintiffs direct the Court to the "substantial detail" in certain paragraphs of the SAC, *see* Pl. Opp., p. 17 (PageID.5625), but these paragraphs are not about any *specific misrepresentation* that any *Plaintiff* in this case saw or relied on.

<u>No Omissions</u>: The inability to clarify *the precise nature of the defect* "poses [a] problem[] under Rule 9(b)." *Norman*, 696 F.Supp.3d at 382. Indeed, the closest Plaintiffs come to defining the defect is that "80% of lithium-ion battery fires" are caused by the "phenomenon known as 'thermal runway,'" which, they say, may

7

potentially arise for any one of *several independent* reasons. See SAC, ¶¶ 253-54, 288 (PageID.3620, 3637).

And, of those causes, Plaintiffs attribute *cell*-related manufacturing or design defects to third-party battery suppliers, but control module programming errors to FCA US. *Id.* at ¶ 284 (PageID.3635-36). In other words, Plaintiffs really identify no actual defect all, casting allegations about various different causes and various different actors, "rather than a *uniformly* defective component." *Norman*, 696 F.Supp.3d at 382 (emphasis added). Such is "insufficient to adequately establish the 'what' under Rule 9(b)." *Id.*

<u>No Pre-Sale Knowledge</u>: Plaintiffs assert that, except for Colorado, pre-sale knowledge is not required. *See* Pl. Opp., p. 23 n.33 (PageID.5631-32). But this District has held that all omission-based consumer protection claims require pleading such knowledge. *Wozniak v. Ford Motor Co.*, 2019 WL 108845, *3 (E.D.Mich. 2019).

Plaintiffs also point to certain vehicles experiencing fires, *see* Pl. Opp., p. 20 (PageID.5628), but most of them were purchased *before* even the earliest fire (in April 2023), making these field reports irrelevant to pre-sale knowledge. *Compare* SAC, ¶¶ 30-200 (PageID.3515-91), *with id.* at ¶¶ 332-33 (PageID.3656-3657).

As for the few who purchased *after* the first fire, Plaintiffs argue that even a single fire pleads knowledge under *In re Chevrolet Bolt EV Battery Litig.*, 633

8

F.Supp.3d 921 (E.D.Mich. 2022). *See* Pl. Opp., p. 20 (PageID.5628). But this ignores that the finding of pre-sale knowledge in *Chevy Bolt* was largely predicated on additional facts, like post-fire engineering inspections, that are *not* alleged here.

Plaintiffs assert it is plausible FCA US had pre-sale knowledge even before the Class Vehicle fires "based on the earlier fire defect in its Chrysler Pacifica plug-in hybrids," as these vehicles (and others) had "materially similar designs." *See* Pl. Opp., pp. 22-23 (PageID.5631-32) (citation omitted). But, even setting aside the absence of any *factual* support, the allegations they cite are wholly unrelated to anything about *design*. *See id.* (citing SAC, ¶ 335 (PageID.3658)).

<u>No Duty to Disclose</u>: Plaintiffs plead no basis for a duty to disclose at all for their UCL, FAL, and § 350 claims. *See* SAC, ¶¶ 495-525, 866-76 (PageID.3717-3724, 3800-3803). And for the same reasons the SAC fails to establish pre-sale knowledge, *see supra*, it fails to establish a duty to disclose on the basis of knowledge as well. Plaintiffs never pled a safety-based duty either and cannot amend their pleadings here. *See* Pl. Opp., pp. 25-28 (PageID.5633-36). Plaintiffs attempted to premise a duty to disclose on the notion of active concealment but concede (by not disputing) that their averments are insufficient. *Compare* ECF #32, pp. 17-21 (PageID.5350-5352), *with* Pl. Opp., pp. 25-28 (PageID.5633-5636); *see also PAPCO. v. Gen. Motors Co.*, 2023 WL 2933278, *4 (E.D.Mich. 2023).

9

*No Misleading Partial Disclosures*: The *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.* opinion did *not* recognize a duty to disclose based on misleading partial disclosures under Florida, Michigan, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, or Pennsylvania law. 706 F.Supp.3d 346 at 772. And, while Arizona, California, Colorado, Missouri, Oregon, Texas, and Washington law *do* recognize such a duty, Plaintiffs never pled a specific, misleading, partial misrepresentation *made to a Plaintiff* that would trigger it.

*TREAD Act*: While the TREAD Act may trigger a duty to disclose, under Rule 9(b) Plaintiff must explain *what* duties FCA US had under the statute, and *how* it violated them—they never do. *See*, *e.g.*, Pl. Opp., pp. 27-28 (PageID.5635-5636).

*The Economic Loss Rule*: *Bermel v. BlueRadios, Inc.* was about a civil theft statute, 440 P.3d 1150, 1157-58 (Colo. 2019). And North Carolina and Texas recognize a fraudulent inducement, *not* intentional tort, exception to the rule. *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F.3d 158, 166 (4th Cir. 2018) (rejecting Plaintiffs' reading of *Bradley*); *Spring St. Apts Waco, LLC v. Phila. Indem. Ins. Co.*, 2017 WL 5244285, *4 (W.D.Tex. 2017) (rejecting Plaintiffs' reading of *Formosa*).

*Dismissal of the NCUDTPA Claim*: An "alleged failure to disclose [a] defect" is not a sufficient "aggravating circumstance[]." *Challenge Printing Co. v. Tesla, Inc.*, 2024 WL 2795180, *2 (4th Cir. 2024). Even so, Plaintiffs never pled the

10

supposed TREAD Act violations constituted "aggravating circumstances" or that Perrera suffered an in-state injury. *See* Pl. Opp., p. 29 (PageID.5632).

*Dismissal of the OCPA Claim*: The opinion in *Dinwiddie v. Suzuki Motor of Am., Inc.*, 111 F.Supp.3d 1202 (W.D.Okla. 2015) is on point because Plaintiffs' claims are predicated, at least in part, on the notion that FCA US "mishandl[ed]" the recall. *See* Pl. Opp., p. 30 (PageID.5638).

*Dismissal of the UCL Claim*: The unlawful prong claim falls with the predicate claims. The unfair prong claim fails because Plaintiffs still plead no facts tying it to any legislative policy, anticompetitive behavior, or requisite conduct. *Compare* ECF #32, p. 23 (PageID.5356), *with* Pl. Opp., p. 31 (PageID.5640). And the fraudulent prong claim merely duplicates the averments for the other fraud claims and should be dismissed for the same reasons. *See, e.g.*, *Antonov v. Gen. Motors LLC*, 2024 WL 217825, *6, 12 (C.D.Cal. 2024).

**D.     The Unjust Enrichment Claims.**

*Express Contract Bars Claims*: Without citing any contrary authority, Plaintiffs essentially concede dismissal of these claims on this basis. *See* Pl. Opp., p. 32 (PageID.5640).

*No Standalone Claim*: At minimum, California courts require plaintiffs allege "the express contract is void or was rescinded," *Takeya USA Corp. v. PowerPlay Mktg. Grp.*, LLC, 2022 WL 17357781, *17 (C.D.Cal. 2022), which is not the case

here. Illinois and New Jersey require unjust enrichment claims *not* "rest[] on the same improper conduct alleged in another claim," *Smith v. Loyola Univ. Med. Ctr.*, 2024 WL 3338941, *9 (N.D.Ill. 2024), but that is what they do here. And the Texas appellate courts covering Plaintiffs' jurisdictions do not recognize unjust enrichment as a standalone claim. *See*, *e.g.*, *Watson v. San Marcos*, 2023 WL 3010938, *3 (Tex.App. 2023); *Mowbray v. Avery*, 76 S.W.3d 663, 679 n.2 (Tex.App. 2002).

<u>*Adequate Remedy At Law*</u>: Plaintiffs ignore this argument and thus waive opposition to dismissal on these grounds.

<u>*No Direct Benefit*</u>: Even if a manufacturer receives a sufficiently direct benefit from an authorized dealer's sale to a consumer, Plaintiffs ignore the fact that their conclusory allegations do not suffice.

### III. CONCLUSION

This Court should compel arbitration or, at a minimum, dismiss all claims asserted in Plaintiffs' Second Amended Complaint.

**KLEIN THOMAS LEE & FRESARD**

| | |
|---|---|
| Fred J. Fresard (P43694) | By: *s/ Stephen A. D'Aunoy* |
| Ian K. Edwards (P82021) | Stephen A. D'Aunoy (MO/54961) |
| 101 W. Big Beaver Rd., Ste 1400 | Scott H. Morgan (MO/61853) |
| Troy, Michigan 48084 | 100 N. Broadway, Ste 1600 |
| Tel: (602) 935-8300 | St. Louis, Missouri 63102 |
| fred.fresard@kleinthomaslaw.com | Tel: (314) 888-2970 |
| ian.edwards@kleinthomaslaw.com | steve.daunoy@kleinthomaslaw.com |
| | scott.morgan@kleinthomaslaw.com |

*Attorneys for Defendant FCA US LLC*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*s/ Stephen A. D'Aunoy*