UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY FRISCH, *et al.*, on behalf of
themselves and all those similarly
situated,

    Plaintiffs,

v.

FCA US, LLC,

    Defendant.
_____/

Case No. 2:24-cv-10546

Hon. Brandy R. McMillion
United States District Judge

### ORDER FOR PARTIES TO APPEAR ON DEFENDANT'S MOTION TO COMPEL ARBITRATION (ECF NO. 32) AND HOLDING IN ABEYANCE DEFENDANT'S MOTION TO DISMISS (ECF NO. 32)

Plaintiffs bring this class action lawsuit against Defendant FCA US, LLC ("FCA") for the risks and damages associated with the battery defects identified in their model years 2020-2024 Jeep Wrangler 4xe and model years 2022-2024 Jeep Grand Cherokee 4xe plug-in hybrid electric vehicles (the "Class Vehicles"). *See generally* ECF No. 30. The alleged battery defects can, and have, caused fires and explosions in the Class Vehicles. *See id.* at PageID.3504. Before the Court is FCA's Motion to Compel Arbitration and Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (ECF No. 32). For the reasons that follow, the Court **ORDERS** the parties to appear at a hearing on the Motion to Compel, and **HOLDS IN ABEYANCE** FCA's Motion to Dismiss.

1

I.

The Federal Arbitration Act ("FAA" or "the Act") governs arbitration agreements. 9 U.S.C. § 1 *et seq*. The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable," except when there are legal or equitable grounds "for the revocation of any contract . . . ." 9 U.S.C. § 2. The Act thus "places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67-68 (2010) (internal citations omitted).

Parties can also "delegate threshold arbitrability questions"—such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy—to the arbiter, so long as "the parties' agreement does so by 'clear and unmistakable' evidence." *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 878 (6th Cir. 2021) (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019)). Notwithstanding the presence of a delegation clause, "[a] challenge to arbitration agreement formation is always in the jurisdiction of the courts." *Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 355 (6th Cir. 2022) (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299-300, (2010)).

Under the FAA, 9 U.S.C. § 4, the Court must "hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue . . . make an order directing the parties to proceed to arbitration." *Id.* However, if the "making of the agreement" is in issue, the Court must proceed to a trial thereof unless the moving party presents evidence from which a reasonable jury could find that a contract exists, and the non-moving party fails to present any evidence of a genuine dispute of material fact as to the validity of the arbitration agreement. *See Memmer v. United Wholesale Mortg.*, No. 2:23-cv-11261, 2023 WL 8818298, at *3 (E.D. Mich. Dec. 18, 2023) (citing *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)); *In re StockX*, 19 F.4th at 881 ("To determine whether the existence of an agreement is 'in issue,' this court applies the standard for summary judgment.").

To determine the existence of an arbitration agreement, the Court applies "ordinary state-law principles that govern the formation of contracts." *In re StockX*, 19 F.4th at 881 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Under Michigan law, "[a] valid contract requires five elements: (1) parties competent to contract, (2) a proper subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *In re StockX*, 19 F.4th at 881 (quoting *AFT Mich. v. State*, 866 N.W.2d 782, 804 (2015)). Mutuality of agreement requires mutual assent, or "a 'meeting of the minds' on all the essential

3

elements of the agreement." *In re StockX*, 19 F.4th at 881 (quoting *Huntington Nat'l Bank v. Daniel J. Aronoff Living Trust*, 853 N.W.2d 481, 488 (2014)) (cleaned up).

## II.

FCA argues that Plaintiffs must be compelled to arbitrate their claims pursuant to the warranty information booklets that were provided with the Class Vehicles. ECF No. 32, PageID.5337-5338; *see also* ECF No. 32-2, PageID.5368, ECF No. 32-3, PageID.5401, ECF No. 32-4, PageID.5434, ECF No. 32-5, PageID.5467, ECF No. 32-6, PageID.5499-5500. Each of these warranty booklets contains a "Voluntary Binding Arbitration Provision" that reads, in relevant part:

> Please carefully read this voluntary binding arbitration provision, which applies to any dispute between you and FCA US LLC and its affiliates . . . .
>
> * * *
>
> [Y]ou agree that any dispute arising out of or relating to any aspect of the relationship between you and FCA US LLC will not be decided by a judge or jury but instead by a single arbitration administered by the American Arbitration Association (AAA) under it Consumer Arbitration Rules in effect at the time you signed the Agreement to Arbitrate.
>
> * * *
>
> You may opt out of arbitration within 30 days of taking delivery of the vehicle and signing the Arbitration Acknowledgment Form at the dealer . . . . If you do not opt out, then this provision to arbitrate is binding.

*See, e.g.*, ECF No. 32-2, PageID.5368 (emphasis omitted). According to FCA, because copies of these booklets "were available to Plaintiffs in connection with their vehicle purchase or lease *and* that they were afforded a reasonable opportunity

4

to opt-out," the arbitration provision is enforceable against them. ECF No. 37, PageID.5859-5860 (emphasis in original).

Plaintiffs dispute that an "inapplicable and unsigned arbitration provision buried in a glove box warranty booklet" can bind them to arbitration. ECF No. 36, PageID.5611. They argue FCA has the burden of establishing that a valid agreement to arbitrate was formed, and here, they have provided "no evidence that any of the Plaintiffs actually received these booklets when they purchased/leased their Class Vehicles, let alone agreed to the terms therein." ECF No. 36, PageID.5612-5613. Further, Plaintiffs attach Declarations from each of the named plaintiffs that state they "neither received the warranty booklets nor agreed to the arbitration provisions therein before or during the purchase/lease of their" vehicles. *Id.* at PageID.5613, *see also* ECF Nos. 36-7–36-33 (named-plaintiffs' declarations). Thus, Plaintiffs argue, FCA has failed to show evidence of mutual assent necessary to establish an agreement was formed. ECF No. 36, PageID.5615.

The Court finds FCA has produced evidence that would allow a reasonable jury to find that a contract exists. *See Galea v. FCA U.S. LLC*, 917 N.W.2d 694, 699 (2018) (holding that nothing in Michigan law "precludes additional terms in subsequent documents from becoming part of a sales contract"); *Indus. Power Prods. v. Ford Motor Co.*, No. 257021, 2005 WL 3190712, at *2 (Mich. Ct. App. Nov. 29, 2005) ("[I]t is well settled in Michigan that where additional documents or

5

terms are made part of a written agreement by reference, the parties are bound by those additional terms even if they have never seen them."); *Quality Prods. & Concepts Co. v. Nagel Precision, Inc.,* 666 N.W.2d 251, 253 (2003) ("This mutuality requirement is satisfied where [it] is established through clear and convincing evidence of . . . affirmative conduct establishing mutual agreement."). However, the Court also finds that Plaintiffs have successfully raised a genuine dispute of material fact that puts "the making of this agreement in issue," and thus, the Court must hear from the parties before directing arbitration. *See* 9 U.S.C. § 4.

The Court therefore orders the parties to appear at a hearing on this issue on April 21, 2025 at 11:30 a.m. The Court will hold FCA's Motion to Dismiss in abeyance until it decides whether arbitration will be compelled.

### III.

Accordingly, the Court **ORDERS** the parties to appear for a hearing on Defendant's Motion to Compel Arbitration (ECF No. 32) and **HOLDS IN ABEYANCE** Defendant's Motion to Dismiss, contained therein (ECF No. 32).

**IT IS SO ORDERED.**

Dated: March 27, 2025                                  s/Brandy R. McMillion
      Detroit, Michigan                              BRANDY R. MCMILLION
                                              United States District Judge