# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARY FRISCH, *et al.*, on behalf of
themselves and all those similarly
situated,

      Plaintiffs,                        Case No. 2:24-cv-10546

v.                                    Hon. Brandy R. McMillion
                                    United States District Judge

FCA US LLC,

      Defendant.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL (ECF NO. 31)

This putative class action arises out of an alleged battery defect in certain model years 2020-2024 Jeep Wrangler 4xe and model years 2022-2024 Jeep Grand Cherokee 4xe plug-in hybrid electric vehicles (the "Class Vehicles") that were designed, manufactured, and marketed by Defendant FCA US LLC ("FCA"). Now before the Court is Plaintiffs' Motion for Appointment of Interim Co-lead Counsel. ECF No. 31.

Counsel for all currently named Plaintiffs have filed a joint motion asking for the appointment of The Miller Law Firm, P.C. ("Miller Law"), Lieff Cabraser Heimann & Bernstein, L.L.P. ("LCHB"); Lockridge, Grindal, Nauen, P.L.L.P. ("Lockridge"), and Slack Davis Sanger, LLP ("Slack Davis") as Interim Co-Lead

Class Counsel. *Id.* They also request that any related cases (i.e., any "case filed in or transferred to this District that involves the same subject matter and alleged defect as this lawsuit") be subject to this same leadership appointment. *See id.* at PageID.5145.

FCA opposes this motion, arguing it is premature and "unworkable." *See* ECF No. 33. FCA believes that appointment of lead counsel should occur after the Court has decided whether, and precisely which, plaintiffs will be compelled to arbitrate their claims. *See id.* at PageID.5537 ("[T]he Court may not even have Plaintiffs' claims before it, or there may be less Plaintiffs . . . ."). Separately, it believes having four separate firms serve as interim co-lead counsel is "clearly extremely excessive." *Id.* at 5540. FCA thinks the four co-lead counsel structure will inevitably lead to inefficiency and confusion. *Id.* at PageID.5539 ("Splitting . . . between four different firms will undoubtedly result in multiple counsel engaging in overlapping tasks, reviewing the same things, and spending unnecessary time on coordination."); *id.* ("[T]he proposed multi-firm structure creates the question of who FCA US is to turn to, negotiate with, and trust when commitments or obligations are at issue.").[1] At bottom, its argument is that four interim co-lead counsel are "too many." *Id.*

Plaintiffs respond that appointing lead counsel at this stage is appropriate and

---

[1] The Court notes that each firm has identified the primary attorneys that will be working on the case on behalf of the firm. *See* ECF No. 31, PageID.5152, 5159, 5160, 5163.

routinely done by courts in this district.  *See* ECF No. 34, PageID.5545.  Especially

where, as is the case here, duplicative cases are likely to be filed.  *See id.* at

PageID.5546 (discussing duplicative cases the proposed lead co-counsel have been

able to consolidate); *see, e.g.*, *Gandelman v. FCA US, LLC*, No. 25-cv-10605, (E.D.

Mich. Mar. 4, 2025), ECF No. 1.  Plaintiffs also argue that there is nothing inherently

unusual or inefficient about having multiple firms as co-lead counsel, "particularly

where, as here, the firms have worked together cooperatively to manage the

litigation" so far.  *Id.* at PageID.5548 (listing cases where courts have appointed

multiple co-lead counsel to manage auto defect cases); *id.* at 5549 ("[S]ince this

litigation commenced, FCA has interfaced with the four firms in the proposed

leadership structure regarding various aspects of this litigation, without issue.").

Federal Rule of Civil Procedure 23 authorizes the court to "designate interim

counsel to act on behalf of a putative class before determining whether to certify that

action as a class action."  Fed. R. Civ. P. 23(g)(3).  Although appointment of interim

counsel is not required, doing so may be helpful in clarifying responsibility for

protecting the interests of the class during precertification proceedings, such as

making and responding to motions, conducting any necessary discovery, moving for

class certification, and negotiating settlement.  Federal Judicial Center, *Manual for

Complex Litigation* § 21.11 (4th ed. 2004); *see also*, Fed. R. Civ. P. 23, advisory

committee note to 2003 amendment (in many cases, "progress toward certification

may require designation of interim counsel").  Accordingly, courts often appoint interim lead counsel "when a large number of putative class actions have been consolidated or are pending before a single court."  *Davis v. GEICO Casualty Co*., 2021 WL 4876213, at *2 (S.D. Ohio May 20, 2021) (internal quotation omitted).

When an applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate.  Fed. R. Civ. P. 23(g)(2).  To assess an applicant's adequacy to serve as class counsel, courts must consider: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).  Further, any applicant the court appoints "must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(4).

Having considered the motion to appoint interim co-lead counsel and FCA's arguments, the Court is persuaded that the proposed appointment would adequately and efficiently represent the interests of the putative class.  The Co-Lead Counsel have undertaken an extensive investigation of the alleged battery defects and FCA's representations and responsive actions regarding the safety of its vehicles.  They have also extensively identified and investigated Plaintiffs' legal claims, as demonstrated in the filing of the Plaintiffs' complaint.  *See* ECF Nos. 1, 18, 30.  In

4

addition, all the proposed firms making up the proposed co-lead counsel are experienced in complex litigation and automotive defect class actions. *See* ECF No. 31, PageID.5154, 5157, 5161, 5164.  The Court finds that the proposed appointment has the ability to commit considerable resources to the putative class and is able to represent the interests of the putative class fairly and adequately. Fed. R. Civ. P. 23(g)(4).

Moreover, the Court is not persuaded by FCA's argument that four firms serving as co-lead counsel are too many.  In fact, "a four-firm leadership structure is not uncommon." *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 410 (S.D. Ohio 2021); *see also McKinley v. Doxim, Inc.*, No. 24-cv-11550, 2024 WL 4571405 (E.D. Mich. Oct. 24, 2024) (appointing four firms as interim co-lead counsel); *Weidman v. Ford Motor Co.*, No. 18-cv-12719 (E.D. Mich. Oct. 25, 2018) (Drain, J.), ECF No. 24 (same).  FCA has not denied that all four proposed co-lead counsel satisfy the Rule 23(g) factors, and there is no evidence that the four co-lead counsel have been unable to work together in an efficient and economical manner since this litigation commenced. *See* ECF No. 34, PageID.5549.

For these reasons, Plaintiffs' Motion for Appointment of Interim Co-lead Counsel (ECF No. 31) is **GRANTED.**

**IT IS FURTHER ORDERED** as follows:

**I. Appointment of Interim Co-Lead Counsel**

The Court designates Miller Law, LCHB, Lockridge, and Slack Davis as Interim Co-Lead Class Counsel:

> THE MILLER LAW FIRM, P.C.
> 950 West University Drive, Suite 300
> Rochester, MI 48307
> Telephone: (248) 841-2200
>
> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111
> Telephone: (415) 956-1000
>
> LOCKRIDGE GRINDAL NAUEN P.L.L.P.
> 100 Washington Ave., Suite 2200
> Minneapolis, MN 55401
> Telephone: (612) 339-6900
>
> SLACK DAVIS SANGER, LLP
> 6001 Bold Ruler Way, Suite 100
> Austin, TX 78746
> Telephone: (512) 795-8686

## II.  Duties of Interim Co-Lead Counsel

Interim Co-Lead Counsel shall do the following:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas and

otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

- Prepare and distribute periodic status reports to the parties;

- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

Counsel for plaintiffs who have individual or divergent positions because of the status of their clients may present written and oral argument with leave of the Court and provided that in doing so they do not repeat arguments, questions, or actions of the Co-Lead Counsel.

### III.  Protocol For Common Benefit Work and Expenses

The Court intends to issue an order establishing specific guidelines and rules for work done and expenses incurred for the common benefit of all plaintiffs in this consolidated action.   The Court invites Interim Co-Lead Counsel to submit a proposed order establishing a protocol for common benefit work and expenses no later than 30 days from the date of this Order.  If Interim Co-Lead Counsel does not submit a proposed order, the Court will enter its own.

**IT IS SO ORDERED.**

Date: June 5, 2025                                  s/Brandy R. McMillion
                                                            Honorable Brandy R. McMillion
                                                            United States District Judge