## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| GARY FRISCH, *et al.,* on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>FCA US LLC<br><br>        Defendant. | Case No. 2:24-cv-10546<br><br>Honorable Brandy R. McMillion<br><br>Magistrate Judge Kimberly G. Altman |

## STIPULATED PROTECTIVE ORDER

## I.    PURPOSES AND LIMITATIONS.

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties acknowledge

that this Protective Order is subject to the requirements and limitations of the Local Rules of the Eastern District of Michigan.

The parties further acknowledge, as set forth in Section XII below, that this Protective Order does not entitle them to file confidential information under seal. Eastern District of Michigan Local Rule 5.3 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

Discovery in this case may involve the production of information that is proprietary and of a competitively valuable nature, including, *e.g.*, trade secrets, confidential research, development, financial, and other confidential technical or proprietary commercial information. Such confidential and proprietary materials and information consist of, among other things, business or financial information, information regarding business practices, or other research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect information the parties believe should be kept confidential, to ensure that the parties are permitted reasonable and necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, a protective

order for such information is prudent. The parties intend that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner.

## II.   DEFINITIONS.

As used in this Order, the following terms will have the meaning ascribed below:

A.     <u>Action</u>: *Frisch v. FCA US LLC*, Case No. 2:24-cv-10546-BRM-KGA, pending in the United States District Court for the Eastern District of Michigan, Southern Division.

B.     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

C.     <u>Confidential Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that may qualify for protection under Federal Rule of Civil Procedure 26(c) due to the Designating Party's good faith belief that the designated restriction is appropriate because the material contains or reflects: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records.

D.    Counsel: Counsel of Record and In-House Counsel (as well as their respective support staff).

E.    Counsel of Record: attorneys (and their support staff) who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action, or are employed by the law firm of Counsel who have appeared in this Action, on behalf of that party.

F.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

G.    Disclosure and Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.     Documents to be Designated "CONFIDENTIAL": Only such documents that qualify as "Confidential Information" shall be accorded the protections of this Protective Order to the extent they contain Confidential Information and provided such documents are affirmatively designated as "Confidential."

I.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation within the meaning of Federal Rule of Civil Procedure 26(a)(2) or Federal Rule of Evidence 702 who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

J.      <u>Final Disposition</u>: Final Disposition shall be deemed to be the later of (A) dismissal of all claims and defenses in this Action, with or without prejudice; or (B) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

K.      <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Counsel of Record or any other outside counsel.

L.      <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

M.      <u>Party</u>: any named party to the Action, and all of their respective officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

N.      <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

O.      <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

P.      <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

Q.     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## III.   SCOPE.

The protections conferred by this Stipulation and Order cover Protected Material (as defined above), and (A) any information copied or extracted from Protected Material; (B) all copies, excerpts, summaries, or compilations of Protected Material; and (C) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Protective Order shall not apply to information that was, is, or becomes public knowledge (not by any way of a violation of this Protective Order), including becoming part of the public record through trial or otherwise.  Any use of Protected Material at trial shall be governed by a separate agreement or order of the trial judge.

## IV.   DURATION.

After Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Court shall retain jurisdiction of this Action after Final Disposition for the purpose of enforcing the terms of this Order.

## V.   DESIGNATING PROTECTED MATERIAL.

A.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Any party or non-party (the "Designating Party") may designate as "CONFIDENTIAL" any document, information contained in a document, information revealed during a deposition or information revealed in an interrogatory answer or any other discovery response that contains Confidential Information that they produced or that was produced by a non-party but contains Confidential Information. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that the Designating Party and its counsel in good faith believe qualifies under the appropriate standards.

In accordance with the above, to the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If a Designating Party learns that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation. Indiscriminate or routinized designations are prohibited.

B.    Manner and Timing of Designations. Except as otherwise stated in this Order, or as otherwise stipulated or ordered, Disclosure and Discovery Material that

qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

1. <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "Confidential legend"), to each page that contains Protected Material. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the Inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential legend" to each page that contains Protected Material.

2. <u>For testimony given in depositions or in other pretrial proceedings</u>, the Designating Party may identify the Disclosure or Discovery Material that constitutes Protected Material on the record before the close of the

deposition, hearing, or other proceeding. Additionally, within thirty days of receiving a transcript of such a proceeding, a party may designate any or all portions of it as "CONFIDENTIAL" by written notice served on the opposing party identifying the pages or lines that are to be afforded "CONFIDENTIAL" treatment. During the thirty-day period following its receipt, the testimony and its corresponding transcript shall be treated as "CONFIDENTIAL" unless otherwise agreed to by the parties.

3. <u>For information produced in some form other than documentary</u> and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "Confidential legend." Similarly, documents produced on DVD, CD, or other media may be designated as "CONFIDENTIAL" by labeling the media as "CONFIDENTIAL" or placing the electronic file in a folder labeled "Confidential," if it is not reasonably practicable to label the documents themselves as "Confidential."

4. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.  In the case of documents and information on which it is not reasonably practicable to place the legend "CONFIDENTIAL" as set forth above, designation of information may be made by: (1) informing all Receiving Parties in writing, which shall specifically identify the document (by Bates-stamp, where available), deposition or hearing transcript pages, interrogatory response or other information that is being designated; (2) stating on the record during a deposition, hearing or other proceeding that all or a specific part of the transcript contains Confidential Information; or (3) such other reasonable means that provide timely notice to Receiving Parties of the designation, with particularity as to the information being designated.

C.   <u>Inadvertent Failures to Designate</u>. The inadvertent production by any party of any qualified information without a "CONFIDENTIAL legend" shall be without prejudice to any claim that such material should be treated as Protected Material and such party shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, Counsel for the Producing Party may designate the documents as Protected Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.

A.   <u>Timing of Challenges</u>. Any Party or Non Party may challenge a designation of confidentiality at any time that is consistent with this Order or any of the Court's subsequent pretrial orders.

B.   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 7.1 and 37.1. As part of that process, the Designating Party must assess whether designation of a portion of the material as "CONFIDENTIAL" is a viable alternative to designation of the entire document.

C.   <u>Burden of Persuasion</u>. Unless otherwise provided by law, the burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

D.   <u>Resolution of Challenges to Designations</u>. No party to this action is obliged to challenge the protected status of any document or testimony at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge. If a Receiving Party challenges any designation by a

Designating Party of any document or testimony as Confidential Information, such party shall consult in good faith with the Designating Party and try to resolve the matter on an informal basis and shall identify specifically the challenged document(s) by Bates number and the reasons that party believes the documents are not Confidential Information. If no agreement is reached, the Producing Party shall have 30 days to seek an order prohibiting disclosure of the disputed material other than as permitted by this Order. The Producing Party shall identify (with as much specificity as is practicable) the document or testimony that the Producing Party contends is entitled to protection. Any document or testimony as to which such a motion is made shall continue to be treated as Confidential Information until the Court renders a decision or the motion is otherwise resolved.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL.

A.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless the Court orders otherwise, or a Designating Party consents in writing, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.  The Receiving Party's Counsel of Record in the Action, and employees of Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2.  The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

3.  The Receiving Party's Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that, for Experts who were employed by any Competitor of FCA US LLC within two years from the date of this order, Protected Material may be disclosed to such Experts only after counsel for FCA US LLC are given at least 20 days prior written notice of the Expert's identity, along with the Expert's curriculum vitae. If within 14 days after receiving such notice,

FCA US LLC objects to disclosure, no disclosure may occur until the objection is resolved. "Competitor" for purposes of this section means another automotive manufacturer.

4. The Court and its staff, including, but not limited to, stenographic reporters;

5. Court reporters or videographers engaged in the Action;

6. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7. The author or recipient of a document containing the information or a custodian;

8. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (a) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (b) the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court, except that if a potential or actual witness refuses to sign Exhibit

-14-

A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material;

9. Any mediator or settlement officer, and their supporting staff, mutually agreed upon by any of the parties engaged in settlement discussions; and

10. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

A.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential," that Party must:

1. Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

3.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Absent a court order to the contrary, the Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.   NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if asked.

C.    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If the matter is presented to the Court under Rule 26(b)(5)(B), the question whether the disclosure constitutes or will be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection will be resolved under Federal Rule of Evidence 502.  The Receiving Party shall inform the Producing Party if the Receiving Party has reason to believe that it received material that appears to be inadvertently produced and subject to a claim of privilege, attorney work product

protection, or other protection and comply with is obligations under Federal Rule of Civil Procedure 26(b)(5)(B).

## XII.   FILING PROTECTED MATERIAL.

A.   <u>Filing Under Seal</u>. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* <u>E.D. Mich. LR 5.3</u>; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

B.   <u>Notice to Designating Party</u>. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information

must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

C.     If a motion for leave to file under seal is filed but not ruled upon by the Court before the intended filing date, the receiving party may proceed with the planned filing pursuant to Local Rule 5.3(b)(3)(B).

## XIII. MISCELLANEOUS.

A.     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Protective Order. No Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.    No Admission. Designation by any party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. No party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that a party designated or failed to designate information or documents as "Confidential."

D.    The production of Confidential Information or Items by FCA US or the plaintiffs shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have. The terms of this protective order do not preclude FCA US from providing confidential or protected information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, *et. seq.*

E.    Modification. If any party wishes to modify this Stipulated Protective Order or its application to certain documents or information, that party shall first request such modification from the Producing Party and if no satisfactory agreement is reached, may petition the Court for modification. Until modification is granted by

agreement and/or order, the terms of this Protective Order will govern. Provision for use of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

F.     This Protective Order shall not operate as an admission by any party that receives any particular document designated as Confidential Information that such document contains or reflects Confidential Information.

## XIV.  FINAL DISPOSITION.

After Final Disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party, upon request, must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain (1) attorney work product, including an index that refers or relates to designated Confidential

Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV. Any use of Protected Material at trial shall be governed by a separate agreement or order of the trial judge.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  October 9, 2025

**THE MILLER LAW FIRM PC**

By: */s/ Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
Aya Chouaib (P88113)
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com
ac@millerlawpc.com

**CUNEO GILBERT & LaDUCA, LLP**
Robert K. Shelquist
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN  55416
Telephone: (612) 254-7288
rshelquist@cuneolaw.com

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Roger N. Heller

Phong-Chau G. Nguyen
Nicholas W. Lee
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheller@lchb.com
pgnguyen@lchb.com
nlee@lchb.com

**SLACK DAVIS SANGER, LLP**
John R. Davis
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
Telephone: (512) 795-8686
jdavis@slackdavis.com

*Plaintiffs' Interim Co-Lead Counsel*

Dated: October 9, 2025

**KLEIN THOMAS LEE & FRESARD**

By: */s/ Stephen A. D'Aunoy*
Stephen A. D'Aunoy (MO/54961)
Scott H. Morgan (MO/61853)
100 N. Broadway, Suite 1600
St. Louis, Missouri 63102
Tel: (314) 888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
89 Kercheval Ave.
Grosse Pointe Farms, Michigan 48236
Tel: (248) 764-5275
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Counsel for FCA US LLC*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated:  October 10, 2025                    s/Brandy R. McMillion
                                            HON. BRANDY R. MCMILLION
                                            United States District Judge

**EXHIBIT A TO PROTECTIVE ORDER**
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby declare(s) under penalty of perjury that I (we) have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Michigan in the case of *Frisch v. FCA US LLC*, Case No. 2:24-cv-10546-BRM-KGA assigned to the Honorable Brandy R. McMillion.

The undersigned agrees to comply with and to be bound by all the terms of that Protective Order. By signing this agreement, the undersigned solemnly promises that (i) they will not disclose in any manner any information or item that is subject to that Protective Order to any person or entity except in strict compliance with the provisions of that Order; and (ii) the documents, materials, and information that have been designated as Confidential will not be used by me in my business or individual affairs, nor those of my employer or any other associated person or entity. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Michigan agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____   By: _____   _____
                          Signature                    Title/Business
                          _____
                          Address
                          _____
                          City, State ZIP
                          _____
                          Telephone number