# Exhibit B

# BUYER'S ORDER

**MILFORD CHRYSLER SALES INC**
500 ROUTE 6 AND 209 PO BOX M
MILFORD, PA 18337
570-296-2636

70469

| PLEASE ENTER MY ORDER FOR THE FOLLOWING | | | | NAME DENNIS J BERNS MARIAN BELL | DATE 12/30/2022 |
|---|---|---|---|---|---|
| ☐ NEW or ☒ USED ☐ DEMO ☐ CAR ☐ TRUCK PRIOR USE: | | | | STREET 101 SLOAT CT | |
| YR. 2021 | MAKE JEEP | MODEL WRANGLER | TYPE SV | CITY MILFORD  STATE PA  ZIP 18337-7798 | |
| COLOR RED | TRIM | | MILEAGE 10737 | PHONE RES. 610/327-4570 | PHONE BUS. |
| VIN 1C4JJXP62MW782082 | | | | SOC. SEC. NO. 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 | AGE 58 | DATE OF BIRTH 03/14/1964 |
| STOCK NO. 230002A | SALESMAN SOBEL | TO BE DELIVERED ON OR ABOUT | | PRICE OF VEHICLE | 57198.00 |

| DESCRIPTION OF TRADE IN | | | | | |
|---|---|---|---|---|---|
| YR. 2018 | MAKE JEEP | MODEL WRANGLER | TYPE SV | *Includes Hitch w/wiring & Install* | N/A |
| COLOR RED | TRIM | | MILEAGE 75234 | | |
| VIN 1C4BJWEG4JL908160 | | | | | |
| TITLE NO. | PLATE NO. JXB0134 | EXP. DATE | | DEAL COMPLETE AS AGREED. | |
| OWNER DENNIS J BERNS MARIAN BELL | | LOAN # | | NO FURTHER PROMISES | |
| LIENHOLDER KEY BANK | | PHONE | | THANK YOU. | |
| ADDRESS | | SPOKE WITH | | | N/A |
| AMOUNT 20305.23 | GOOD TILL | VERIFIED BY | | | |

| COLLISION COVERAGE | | | | | |
|---|---|---|---|---|---|
| NAME OF AGENT | | PHONE (800)876-5581 | | ROAD HAZARD | N/A |
| ADDRESS | | | | GAP | 558.50 |
| POLICY NUMBER 927933710 | | COLLISION DEDUCTIBLE 500.00 | | THEFT PROTECTION | N/A |
| INSURANCE CO. PREOGRESSIVE | | SPOKE WITH | | SERVICES & DELIVERY FEE | N/A |
| EFFECTIVE DATE 09/10/2022 | EXP. DATE 03/10/2023 | VERIFIED BY | | EXTENDED WARRANTY TYPE FIRST MILE | 2000.00 |
| | | | | MONTHS 48   MILES 60000 | |

| WARRANTY INFORMATION | | |
|---|---|---|
| ☐ FACTORY WARRANTY — The manufacturer's warranty constitutes all of the warranties with respect to the sale of this item/items. The seller hereby expressly disclaims all warranties, either expressed or implied including any implied warranty of merchantability or fitness for a particular purpose, and the seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of this item/items. | Cash Price of Vehicle & Accessories | 59756.50 |
| | Sales Tax | 2145.39 |
| | REGISTRATION 9.00  TITLE 58.00  TRANSFER N/A  ENCUMBRANCE 28.00 | 95.00 |
| ☒ USED CAR WARRANTY — Used cars are covered by a limited warranty detailed in a separate document. You may obtain a full copy of any applicable warranty from us. | Documentary Fee | 422.00 |
| ☐ AS IS — THIS MOTOR VEHICLE IS SOLD "AS IS" WITHOUT ANY WARRANTY EITHER EXPRESSED OR IMPLIED. THE PURCHASER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECT THAT PRESENTLY EXISTS OR THAT MAY OCCUR IN THE VEHICLE. | Messenger Fee | N/A |
| PURCHASER'S SIGNATURE X *Marian Bell* | Notary Fee | |
| USED CAR BUYERS GUIDE: THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THE CONTRACT INFORMATION ON THE WINDOW FROM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE. | OTHER CHARGES  PA TIRE TAX | N/A |
| | CVR ONLINE REG & DL | 20.47 |
| | TIRE TAX | |
| GUIA PARA, COMPRADORES DE VEHICULOS USADOS. LA INFORMACION QUE VE EN EL FORMULARIO DE LA VENTANILLA PARA ESTE VEHICULO FORMA PARTE DEL PRESENTE CONTRATO. LA INFORMACION DEL FORMULARIO DE LA VENTANILLA DEJA SIN EFECTO TODA DISPOSICION EN CONTRARIO CONTENIDA EN EL CONTRATO DE VENTA. | Total Price | 62439.36 |
| | TOTAL CREDIT  Trade-In Allowance | 24000.00 |
| | Less Payoff* | 20305.23 |
| | Less Trade-In Allowance | 3694.77 |
| | Deposit | N/A |
| If you cancel this purchase agreement or refuse to take delivery of the vehicle ordered, except as permitted by law, you shall, at our option, forfeit as damages the amount of $ 4891.00 | Cash on Delivery | 4891.00 |
| PURCHASER'S SIGNATURE X *Marian Bell* | Trade-In Allowance + Deposit + Cash on Delivery = Total Down Payment | 8585.77 |
| Purchaser hereby acknowledges to the above clause. | Unpaid Balance of Total Price | 53853.59 |

Buyer agrees that this Agreement includes all of the terms and conditions on the front and back side hereof, that this Agreement cancels and supersedes any prior agreement including oral agreements, and as of the date below comprises, with any retail installment sale contract, the complete and exclusive statement of the terms of the agreement relating to the subject matters covered by this Agreement. Buyer, by signing this Agreement, acknowledges that he has read its terms and has received a true copy of this Agreement.

This Agreement is not binding upon either Dealer or Buyer until signed by an authorized Dealer representative. YOU, THE BUYER, MAY CANCEL THIS AGREEMENT AND RECEIVE A FULL REFUND ANYTIME BEFORE RECEIPT OF A COPY OF THE AGREEMENT SIGNED BY AN AUTHORIZED DEALER REPRESENTATIVE BY GIVING WRITTEN NOTICE OF CANCELLATION TO DEALER.

☒ BUYER ACKNOWLEDGES THAT IF THIS BOX IS CHECKED, THIS AGREEMENT CONTAINS AN ARBITRATION CLAUSE.

BUYER HAS READ ALL PAGES OF THIS AGREEMENT AND AGREES TO ALL TERMS AND CONDITIONS IN THIS AGREEMENT.

BUYER SIGNS X _____   DATE 12/30/2022

MANAGER'S APPROVAL _____   (Must Be Accepted By An Authorized Representative of the Dealer)

CO-BUYER SIGNS X *Marian Bell* _____   DATE 12/30/2022

Milton CDJR (Berns) 001

this matter including but not limited to reconditioning costs, legal fees, court and collection costs.

5. If you fail or refuse to accept delivery of the Vehicle or comply with this Agreement, we may keep as liquidated damages any cash deposit you made, to the extent no prohibited by law. We may reimburse ourselves for any expenses and losses we incur or suffer as a result of your failure or refusal. Such expenses and losses may include our reasonable attorneys' fees. This section doesn't apply if you cancel this Agreement under section 2 or 3.
6. The Manufacturer may change the design of any vehicle, chassis, accessories, or parts at any time without notice and without obligation. The Manufacturer may also make the same or any similar change upon any vehicle, chassis, accessories, or parts already bought by or shipped to us or being manufactured or sold in accordance with our orders. If the Manufacturer makes such a change, we have no obligation to you to make the same or any similar change in the Vehicle or its parts either before or after we deliver the Vehicle to you.
7. We aren't liable for failure to deliver or delay in delivering the Vehicle where such failure or delay is due, in whole or in part, to any cause beyond or control or without our fault or negligence.
8. The Vehicle price includes reimbursement for Federal Excise taxes. The Vehicle price doesn't include sales taxes, use taxes or occupational taxes based in sales volume, (federal, state or local) unless expressly so stated. You agree to pay, unless prohibited by law, any such taxes imposed on or that apply to the transaction reflected by this Agreement, regardless of who has primary liability for the tax.
9. If this Agreement shows a charge for Credit Insurance, this paragraph applies. The Credit Insurance provisions in any retail installment contract you later sign related to this Agreement will apply. If such insurance is wholly or partly unavailable under the designated policy, we will deduct the applicable part of the Credit Insurance charge shown in this Agreement and the related finance charge from the Total Time Balance. If such insurance does not become effective, we will notify you of that fact. This Agreement and any related retail installment contract you sign shall otherwise remain fully effective, to the extent provided by applicable law.
10. You agree to sign such agreements or documents as we may require to effect the terms and conditions of payment shown in the Agreement.
11. Payoff information shown on the front of this Agreement is provided by you and/or your lienholder. Should the actual payoff(s) be less, we will refund the difference to you. If the payoff(s) is more, you agree to remit the difference to us within three business days of notification of the difference.
12. This Agreement is an agreement to buy the Vehicle. If there is an Unpaid Balance, your obligation to buy and our obligation to sell the Vehicle are expressly conditioned upon you obtaining financing for the Unpaid Balance. You have two business days from the date of this Agreement to obtain such financing. If you pay us with a check that is dishonored or unpaid for any reason, we may make claims against you on the check. In addition, to the extent permitted by law, we will charge you a $25 returned check charge.
13. If for any reason you and we do not complete the Vehicle sale and purchase, financing is not obtained by you, or this Agreement is declared void, this section applies. You will return the Vehicle to us. You will pay us on demand all reasonable charges and expenses for any damage to the vehicle. You will pay us the greater of $.30 per mile or $20 per day for your use of the Vehicle. When you have paid us the amounts you owe under this Agreement, we will return the Trade-in. If you fail to return the vehicle within 24 hours of notice, you agree that we may, solely at our option, retake immediate possession of the vehicle and, in addition of those charges specified above, you agree to pay us all reasonable expenses we incur in connection with retaking the vehicle, including attorneys' fees and other expenses to the extent permitted by applicable law.
14. If this Agreement shows that any part of the transaction is to be financed, we may assist in submitting credit applications to third parties. Unless we have committed to do so in writing, we will not lend you money or finance this transaction regardless of any notion to the contrary on any other document. No agent, employee or manager of ours can change this policy.
15. In the event that any of the terms and conditions of the Agreement are inconsistent with the terms and conditions of any retail installment sales agreement between Buyer and Seller, the terms of such retail installment sales agreement shall apply.

## ARBITRATION CLAUSE
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DICOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase, lease, or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waived any right you may have to arbitrate a class action. Arbitration shall be conducted by the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules, the arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the seller of the vehicle is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Contract was executed. We will advance your filling, administration, service or case management fee and you arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable. Notwithstanding any other provision of this Arbitration Clause, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

Milton CDJR (Berns) 002