# Exhibit D



900 Clinic Rd. / Hannibal, MO 573-221-7313
www.poagechryslerdodgejeep.com   www.WeAreFIAT.com

**RETAIL BUYERS ORDER**

Stock No. J3117
Date: February 27, 2024
Salesman: BRAD HUBBARD

Purchaser: Daken Fee
St. Address: 30683 218th Street
City: Kinderhook  State: IL  County: Pike  Zip: 62345  Telephone: ___

I hereby agree to purchase from you under the terms and conditions specified, the following: **XX** New  ☐ Used  Year: 2023

Make: JEEP   Body: UTILI   Model: WRANGLER 4   Color: WHITE   Upholstery: ___
VIN: 1C4JJXN54PW521580   Ign. Key No.: ___   R.D. Key No.: ___   Mileage: 44

| | |
|---|---|
| Selling Price | $50,750.00 |

**PURCHASER'S CERTIFICATION**
1. I hereby certify that this order includes all of the terms and conditions on both the face and reverse side hereof, that this order cancels and supersedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby, and that THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE; AND

2. I have reviewed this order and fully understand that my new unit will be equipped only with the optional equipment specifically listed on the face of this order plus all standard equipment as designated by the manufacturer at time of delivery; AND

**TRANSIT DAMAGE**
3. Purchaser acknowledges that there may have been certain transit and/or storage damage to the vehicle sold by the Seller herein, and Purchaser hereby releases the Seller for any and all claims arising out of such transit and/or storage damage.

**KNOWN DEFECTS**
4. All equipment (including tires) as appraised on my trade in will remain, and the only existing material defects known to me on the motor vehicle that is being traded in to the dealer are:

_____ : AND
IF NONE, SO STATE

5. THIS IS A CASH SALE.

6. NOTICE: IF YOU ARE BUYING A USED VEHICLE, SEE THE REVERSE SIDE UNDER "PROVISIONS APPLICABLE ON SALE OF A USED VEHICLE" BECAUSE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE ARE DISCLAIMED AND CERTAIN STATEMENTS ARE MADE CONCERNING THE ODOMETER READING.

| TOTAL CASH DELIVERED PRICE | $50,750.00 |
|---|---|

7. I certify that I am 18 years of age, or older; and that I have read the printed matter on the front and back hereof, and agree to it as a part of this order the same as if it were printed above my signature. I/we authorize you to check my/our credit and employment history and to provide and/or obtain information

Poage CDJRF (Fee) 003

"THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES."

X _(signature)_

X _____

DR. LIC. NO.    STATE

**8. ARBITRATION**
**MANDATORY ARBITRATION OF DISPUTES. ANY CLAIM, CONTROVERSY, OR DISPUTE OF ANY KIND BETWEEN THE CUSTOMER AND THE COMPANY ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION OR ANY OTHER LEGAL OR EQUITABLE THEORY) SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION, PURSUANT TO THE FOLLOWING TERMS:**

a. The Federal Arbitration Act, not state law, shall govern the arbitration process and the question of whether a claim is subject to arbitration. The Customer, however, retains the right to take any claim, controversy, or dispute that qualifies to small claims court rather than arbitration.

b. The aggrieved party alleging a claim, controversy, or dispute shall demand arbitration within a reasonable time after the claim, controversy, or dispute has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, controversy, or dispute would be barred by the applicable statutes of limitations.

c. A single arbitrator engaged in the practice of law will conduct the arbitration. The arbitrator will be selected according to the rules of the American Arbitration Association, or, alternatively, may be selected by agreement of the parties, who shall cooperate in good faith to select the arbitrator. The arbitrator shall have the sole power to decide any claim regarding the formation, validity, applicability, interpretation, scope, and arbitrability of any issue arising out of or related to this Agreement.

d. The arbitration will be conducted by and under the Consumer Arbitration Rules of the American Arbitration Association. If the Consumer Arbitration Rules are not in effect at the time of the claim or do not apply under the terms of this Agreement, the arbitration will be conducted by and under the relevant, then-applicable rules of the American Arbitration Association. Any required hearing fees and costs shall be paid by the parties as required by the applicable rules, but the arbitrator shall have the power to apportion such costs as the arbitrator deems appropriate.

e. The arbitrator's decision and award will be final and binding, and judgment on the award rendered by the arbitrator may be entered in any court with jurisdiction.

f. No claim, controversy, or dispute may be joined in an arbitration with a claim, controversy, or dispute of any other person, or be resolved on a class-wide basis. The arbitrator may not award damages that are barred by this Agreement, and the Customer and the Company both waive any claims for an award of damages that is excluded under this Agreement.

g. If any provision of this Agreement shall be prohibited or adjudicated to be invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement.

X _(signature)_    Date: 02/27/24
X _____    Date: 02/27/24

Form 85A SPECIAL, (Rev. 3-20) © 2019 MADA Services Corporation, P.O. Box 1309, Jefferson City, MO 65102    TO REORDER CALL 1-800-776-6232

| Field | Value |
|---|---|
| ADMINISTRATIVE FEE ** | 199.00 |
| NET SELLING PRICE | $50,949.00 |
| LESS TRADE-IN ALLOWANCE | 31,000.00 |
| NET TRADE DIFFERENCE | $19,949.00 |
| BALANCE OWED ON TRADE-IN ▲ | N/A |
| TOTAL | $19,949.00 |
| TOTAL CASH DUE ON SALE | 8,750.00 |
| BALANCE DUE | $11,199.00 |
| ▲ BALANCE OWED TO | |
| ADDRESS | |
| CASH DEPOSIT WITH ORDER (REC'T NO.) | N/A |
| CASH TO BE PAID AT TIME OF DELIVERY | 8,750.00 |

DESCRIPTION OF TRADE-IN:    MILEAGE 24,768
VIN: 1C4GJXAN1NW19732    LIC. NO.
YEAR 2022    MAKE Jeep    MODEL Wrangler    COLOR    BODY Wagon
ACCEPTED DEALER
BY
E-MAIL

UNLESS THE MANUFACTURER OR THE DEALER HAS ISSUED SPECIFIC WARRANTY ON THIS VEHICLE SEE THE DISCLAIMER OF WARRANTY ON THE BACK OF THIS CONTRACT. (SEE SECTIONS 3,6,7 ON REVERSE).

** "AN ADMINISTRATIVE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW BUT MAY BE CHARGED BY A DEALER. THIS ADMINISTRATIVE FEE MAY RESULT IN A PROFIT TO DEALER. NO PORTION OF THIS ADMINISTRATIVE FEE IS FOR THE DRAFTING, PREPARATION, OR COMPLETION OF DOCUMENTS OR THE PROVIDING OF LEGAL ADVICE. THIS NOTICE IS REQUIRED BY LAW."

MY/OUR INITIALS BELOW INDICATE I/WE HAVE BEEN INFORMED OF, AND UNDERSTAND FULLY, THE ABOVE REFERENCED ADMINISTRATIVE FEE.

Initials: DST    Date: 02/27/24

Poage CDJRF (Fee) 004