# Exhibit L

## ARBITRATION AGREEMENT

This Arbitration Agreement ("Agreement") applies to Purchaser(s) ("you") who is/are in the process of: (1) purchasing or leasing a vehicle(s) including any negotiations or application(s) for credit or other dealings or interactions with the Dealership (which hereinafter is defined as the applicable dealership, together with its parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective owners, directors, officers, managers, employees, vendors and agents); (2) servicing any vehicles(s) with the Dealership; and (3) reviewing, negotiating or executing any documents or agreements during the course of interactions with the Dealership (collectively, including all subparts listed above, "Purchaser/Dealership Dealings"). You and the Dealership agree that neutral and binding arbitration on an individual basis only will be the sole method of resolving any claim, dispute or controversy (collectively, "Claims") that either Party has arising from Purchaser/Dealership Dealings, with the sole exception that either Party may file Claims in a small claims court as an alternative to proceeding with arbitration. Claims include, but are not limited to the following: (1) Claims in contract, tort, regulatory, statutory, equitable, or otherwise; (2) Claims relating to any representations, promises, undertakings, warranties, covenants or service; (3) Claims regarding the interpretation, scope, or validity of this Agreement, or arbitrability of any issue; (4) Claims between you and the Dealership; and (5) Claims arising out of or relating to your application for credit, this Agreement and/or any and all documents executed, presented or negotiated during Purchaser/Dealership Dealings, or any resulting transaction, service, or relationship, including that with the Dealership, or any relationship with third parties who do not sign this Agreement that arises out of the Purchaser/Dealership Dealings.

**BY ENTERING INTO THIS AGREEMENT, YOU GIVE UP YOUR RIGHT TO HAVE DISPUTES DECIDED IN COURT (OTHER THAN SMALL CLAIMS COURT) OR BY A JURY. YOU UNDERSTAND THAT DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A COURT ACTION, AND OTHER RIGHTS THAT YOU MAY HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION. YOU ALSO GIVE UP YOUR RIGHT TO PARTICIPATE IN AN ACTION AGAINST THE DEALERSHIP ON A CLASS, REPRESENTATIVE OR OTHER SIMILAR BASIS (COLLECTIVELY, "CLASS ACTION"), INCLUDING ANY RIGHT TO CLASS ARBITRATION OR CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

Either Party may contact the American Arbitration Association ("AAA"), at 1-800-778-7879, or www.adr.org and serve the other Party with required notice to start the arbitration process. The Parties may mutually agree in writing to use another arbitration forum and/or qualified arbitrator. Any arbitration hereunder shall be governed by the Federal Arbitration Act (9 U.S.C. § 1, et seq., hereinafter the "FAA") and not by any state law concerning arbitration. The arbitration will be conducted by a single arbitrator ("Arbitrator") who shall follow controlling law and issue a decision in writing with a supporting opinion based on applicable law. If there is no appeal as stated below, the Arbitrator's award shall be final, binding, and conclusive on the parties (except as otherwise provided for under the FAA) and may be entered in any court of competent jurisdiction. At either Party's election and within 30 days of receipt of the Arbitrator's award, such award may be appealed to another arbitrator ("Appellate Arbitrator"), who shall be a single person and who shall be chosen in the same manner as described above. The Appellate Arbitrator shall not be limited to the grounds or basis to vacate or set aside an arbitration award, but shall apply to the underlying decision and opinion the same standard of review applicable for review of the rulings from a bench trial of a civil case in the appellate court in the county in which the arbitration is proceeding, and shall issue a decision in writing with a supporting opinion based on such review and applicable law. The Appellate Arbitrator's decision shall be final, binding, and conclusive on the parties (except as otherwise provided for under the FAA) and may be entered in any court of competent jurisdiction. In the event either Party files a Claim(s) against the other, resulting in a ruling that a portion of this Agreement is unenforceable, the portion of this Agreement that has been ruled to be unenforceable shall be severed, and the remaining provisions shall be enforced. However, if the portion of the Agreement that was ruled to be unenforceable is or includes the above waiver of Class Action rights, then this Agreement shall be unenforceable in its entirety.

This Agreement is entered into contemporaneously with your Retail Installment Sale Contract or Lease Contract as applicable (such Retail Installment Sale Contract or Lease Contract hereinafter referred to as the "Contract"). In the event of a conflict between the terms of this Agreement and those of your Contract, then the terms shall be construed together to the extent possible and only those terms of this Agreement that are in direct conflict with those of the Contract shall be disregarded. If there is an irreconcilable difference between this Agreement and the Contract such that the two cannot be read together and which renders enforcement of this Agreement impossible or impractical, then the terms of the Contract shall govern.

| Purchaser's Signature: *a. Landes* | Date: 05/22/2021 | CFS Manager Signature: E-SIGNED by JAMES DAWSON |
|---|---|---|
| Purchaser's Printed Name: **ASHLEY M LANDES** | | CFS Manager Printed Name: **JAMES DAWSON** |
| Co-Purchaser's Signature: N/A | Date: N/A | Dealership: **AUTONATION CHRYSLER DODGE JEEP RAM BELLEVU** |
| Co-Purchaser's Printed Name: N/A | | |