# Exhibit XX

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| GARY FRISCH, *et al.,* on behalf of themselves and all others similarly situated, | Case No. 2:24-cv-10546-BRM-KGA |
| Plaintiffs, | Honorable Brandy R. McMillion |
| v. | Magistrate Judge Kimberly G. Altman |
| FCA US LLC | |
| Defendant. | |

### PLAINTIFF DANIEL KONGOS'S RESPONSE TO FCA US LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Daniel Kongos ("Plaintiff"), by and through his attorneys, hereby responds and objects (the "Responses") to Defendant FCA US LLC's ("Defendant") First Set of Interrogatories (the "Interrogatories").

### PRELIMINARY STATEMENT AND OBJECTIONS TO DEFINITIONS

1.     Plaintiff objects to the Interrogatories, including the Definitions and Instructions contained therein, to the extent that they purport to impose any obligations on Plaintiff that are not required by law or are beyond the scope permitted by the Federal Rules of Civil Procedure or the Local Rules of the

1

United States District Court for the Eastern District of Michigan (the "Local Rules").

2.      Plaintiff objects to the definition of "FCA US" as vague regarding who or what constitutes Defendants' "agents, employees, divisions, subdivisions, bureaus, offices, and other units." For clarification, and consistent with FCA US's own assertions and practices, Plaintiff will not treat any dealership or dealership employee as an "agent, employee, division, subdivision, bureau, office, or other unit" of FCA US.

3.      Discovery is ongoing in this case, and Plaintiff has not completed the investigation or trial preparation for this litigation.  Plaintiff reserves the right to later modify, supplement, or amend these objections and responses as additional information becomes available during fact and expert discovery, Plaintiff's investigation, or trial preparation, or if information is inadvertently omitted or mistakenly stated herein. These responses should not be construed as, and do not constitute, a waiver of Plaintiff's right to provide additional facts during other phases of litigation, including at class certification, summary judgment, or trial.

4.      Plaintiff objects to each Request to the extent it seeks documents and information protected by attorney-client privilege and work product doctrine. Plaintiff does not agree to furnish information or documents subject to these

protections and intend to withhold information and documents on this basis. Plaintiff expressly preserves all objections as to the authenticity, relevance, materiality, privilege, and admissibility into evidence of any document or information provided in response to the Requests.

5.     Unless otherwise stated, Plaintiff has limited these responses to Plaintiff's Class Vehicle at issue in this litigation and identified in Plaintiffs' Second Amended Class Action Complaint, ECF No. 30.

6.     Plaintiff's Response to all or any part of any Interrogatory shall not be construed as an admission that:

        a.    Plaintiff's Responses or information provided constitute admissible evidence; or

        b.    Plaintiff has followed Defendants' Instructions.

7.     In providing information responding to the Interrogatories, Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve, and is preserving:

        a.    all objections as to discoverability, competence, relevancy, materiality, and admissibility of any Interrogatory, the Responses, and their subject matter;

        b.    all objections as to vagueness, ambiguity or other infirmities in the form of the Interrogatories, and any objections based

on the undue burden imposed by the Interrogatories and each

individual Interrogatory contained therein;

c.      all rights to object on any ground to the use of any of the

information produced in response to the Interrogatories or

their subject matter in any subsequent proceedings, including

the trial of this or any other action;

d.      all rights to object on any ground to any further

Interrogatories or other discovery requests involving or

related to the subject matter of any of the Interrogatories;

e.      the right to amend, or supplement any of the Responses to the

Interrogatories; and

f.      any and all privileges and rights under the applicable Federal

Rules of Civil Procedure, the Local Rules, or other statutes,

guidelines, or common law.

## SPECIFIC OBJECTIONS AND RESPONSES

Plaintiff's specific responses and objections are set forth below.

### INTERROGATORY 1:

With respect to the seller of YOUR VEHICLE, state the name, employer,

address, and telephone number of each PERSON with whom YOU had a

COMMUNICATION (whether such COMMUNICATION occurred prior to, or

at the time of, or after purchase) about the sale of YOUR VEHICLE; the written warranty booklet and/or manuals for YOUR vehicle; and/or any arbitration agreements or arbitration-related DOCUMENTS relating to YOUR VEHICLE; and for each PERSON listed, generally describe the content of the COMMUNICATION(S).

**ANSWER**: Plaintiff incorporates by reference the Preliminary Statement and Objections to Definitions as if expressly set forth herein. Plaintiff objects to this Interrogatory as improperly compound and containing multiple discrete subparts. As written, this compound Interrogatory constitutes more than one Interrogatory. Plaintiff objects to this interrogatory as vague and ambiguous regarding the term "seller" and will construe the term "seller" to refer to the dealership from which Plaintiff acquired the Class Vehicle. Plaintiff objects to the terms "seller" and "sale" to the extent Plaintiff leased the Class Vehicle.  Plaintiff also objects to the phrase "arbitration agreement" as vague and ambiguous and calling for a legal definition or conclusion, as it implies the existence of an agreement where there was none. Plaintiff construes "arbitration agreement" only to mean any mandatory arbitration clause and not any voluntary arbitration program. Plaintiff further objects that this Interrogatory is overbroad and unduly burdensome as it is not limited to any specific time period and seeks information regarding potential arbitration agreements to which FCA US is not a party, which includes information that is neither relevant to any claim or defense in

this action, nor proportional to the needs of this case. Plaintiff objects to the phrase "warranty booklets and/or manuals" as vague and ambiguous and not referring to any specific documents. Plaintiff also objects to the extent the interrogatory calls for information protected by the attorney-client privilege and work product doctrine related to communications occurring after Plaintiff acquired the Class Vehicle, and will not be responding with any such privileged communications.

Subject to these objections, Plaintiff responds that he purchased his Class Vehicle from South Point Chrysler Dodge Jeep Ram ("South Point CDJR") located at 5210 S I-35 Frontage Road, Austin, Texas 78745. South Point CDJR may be contacted by telephone at 512-842-4941. The only South Point CDJR employee Plaintiff recalls interacting with was Mr. Jaxson Bennett, who may be contacted using the above information. Plaintiff may have also communicated with a finance person about potential financing. Plaintiff's communications with Mr. Bennett and South Point CDJR related to the purchasing terms of the Jeep Wrangler 4xe, which also included discussions from South Point CDJR and Mr. Bennett relating to the hybrid features, functionality, and benefits of the Jeep Wrangler 4xe. Plaintiff states that, to the best of his knowledge and memory, Plaintiff does not recall anyone at South Point CDJR discussing any "written warranty booklet and/or manuals" for Plaintiffs' Class Vehicle, or any "arbitration agreements or any arbitration-related documents" relating to the Class Vehicle.

**INTERROGATORY 2:**

State the name, address, and telephone number of each PERSON employed by FCA US with whom YOU had a COMMUNICATION (whether such COMMUNICATION occurred prior to, or at the time of, or after purchase) about the sale of YOUR VEHICLE; the written warranty booklet and/or manuals for YOUR vehicle; and/or any arbitration agreements or arbitration-related DOCUMENTS relating to YOUR VEHICLE; and for each PERSON listed, generally describe the content of the COMMUNICATION(S).

**ANSWER:** Plaintiff incorporates by reference the Preliminary Statement and Objections to Definitions as if expressly set forth herein. Plaintiff objects to this Interrogatory as improperly compound and containing multiple discrete subparts. As written, this compound Interrogatory constitutes more than one Interrogatory. Plaintiff objects to this interrogatory as vague and ambiguous regarding who FCA US considers as "employed by FCA US" and how that phrase is defined. Plaintiff further objects that this Interrogatory is overbroad and unduly burdensome as it is not limited to any specific time period. Plaintiff also objects to this Interrogatory to the extent that it seeks information that is more readily accessible to or already in the possession, custody, or control of FCA US, particularly because plaintiff does not know the identity of each person who is employed at FCA, or which person they spoke with, if

any, were employed by FCA. Plaintiff construes the scope of this Interrogatory as requesting information about communications with FCA US's corporate employees, and not general notices and communications from FCA, including communications about safety-related recalls. Plaintiff also objects to the term "sale" as vague and ambiguous to the extent that FCA intended it to encompass a vehicle lease. Plaintiff objects to the phrase "arbitration agreement" as calling for a legal definition or conclusion, and implies the existence of an agreement where there was none. Plaintiff construes "arbitration agreement" only to mean any mandatory arbitration clause and not any voluntary arbitration program.

Subject to these objections, Plaintiff responds that, to the best of his knowledge and memory, Plaintiff currently does not recall any communications with any person employed by FCA US "about the sale" of his Class Vehicle, the "written warranty booklet and/or manuals" for his Class Vehicle, or "any arbitration agreement or arbitration-related document" relating to the Class Vehicle.

**INTERROGATORY 3:**

List each repair or service you sought for YOUR VEHICLE under the provisions of any warranty, and for each one identify the date(s) on which it was performed; the nature of it; the name and address of the place where it was

performed; the name of each person you spoke with at the place where it was performed; and the mileage on YOUR VEHICLE at the time it was performed.

**ANSWER:** Plaintiff incorporates by reference the Preliminary Statement and Objections to Definitions as if expressly set forth herein. Plaintiff objects to this Interrogatory as improperly compound and containing multiple discrete subparts. As written, this compound Interrogatory constitutes more than one Interrogatory. Plaintiff further objects that this Interrogatory is overbroad and unduly burdensome as it is not limited to any specific time period and seeks extensive and detailed information that is neither relevant to any claim or defense in this action, nor proportional to the needs of this case. As written, this Interrogatory seeks information for any repair or service for Plaintiff's Class Vehicle "under the provisions of any warranty," regardless of whether the warranty was issued by FCA US or a third party. Plaintiff will construe this Interrogatory only to request information on repairs or services made under a warranty issued by FCA. Plaintiff also objects to this Interrogatory as vague and ambiguous regarding the phrase "repair or service you sought . . . under the provisions of any warranty." Plaintiff construes this phrase not to include any safety recall-related repair announced by FCA US or any routine maintenance, which is not conducted "under the provisions of any warranty." Plaintiff further objects that this Interrogatory seeks information that is more readily accessible to or already in the possession, custody, and control of FCA US.

9

Subject to these objections, Plaintiff responds that has not sought any repair or service under the provisions of any warranty for his Class Vehicle.

Dated: July 21, 2025

**THE MILLER LAW FIRM PC**

By: */s/ Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**CUNEO GILBERT & LaDUCA, LLP**
Robert K. Shelquist
5775 Wayzata Blvd., Suite 620
St. Louis Park, MN  55416
Telephone: (612) 254-7288
rshelquist@cuneolaw.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Roger N. Heller
Phong-Chau G. Nguyen
Nicholas W. Lee
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheller@lchb.com
pgnguyen@lchb.com
nlee@lchb.com

**SLACK DAVIS SANGER, LLP**
John R. Davis
6001 Bold Ruler Way, Suite 100

Austin, TX 78746
Telephone: (512) 795-8686
jdavis@slackdavis.com

***Plaintiffs' Interim Co-Lead Counsel***

## CERTIFICATE OF SERVICE

The undersigned here certifies that on July 21, 2025, a copy of the foregoing

was sent to Defendant FCA US, LLC's counsel of record by electronic mail as

follows:

Stephen A. D'Aunoy (MO/54961)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste 1600
St. Louis, Missouri 63102
Tel: 314-888-2970
steve.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd., Ste 1400
Troy, Michigan 48084
Tel: 602-935-8300
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*/s/ John R. Davis*

John R. Davis
**SLACK DAVIS SANGER, LLP**
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
Telephone: (512) 795-8686
jdavis@slackdavis.com

*Interim Co-Lead Class Counsel*

**VERIFICATION**

I, Daniel Kongos, declare under penalty of perjury that I have read my Responses and Objections to Defendant FCA US LLC's First Set of Interrogatories and that the responses are true and correct to the best of my knowledge.


Dated: _____07/18/2025_____          By: _____

                                              Daniel Kongos