UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GARY FRISCH, *et al.*, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No.: 2:24-cv-10546-BRM-KGA<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Kimberly G. Altman |

### FCA US LLC'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF ITS MOTION TO COMPEL ARBITRATION

Pursuant to the Court's inherent discretion to manage its docket, Defendant FCA US LLC moves to stay proceedings pending the resolution of its motion to compel arbitration. FCA US supports this motion with the accompanying brief.

Pursuant to Local Rule 7.1(a), counsel for FCA US conferred with counsel for Plaintiffs, explained the nature and legal bases of this motion, and requested but did not obtain concurrence in the relief sought.

Dated: November 10, 2025        Respectfully submitted,

                                        **KLEIN THOMAS LEE & FRESARD**

By: /s/ *Stephen A. D'Aunoy*
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
100 N. Broadway, Suite 1600
St. Louis, Missouri 63102
Tel: (314) 888-2970
stephen.daunoy@kleinthomaslaw.com
tom.azar@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*-and-*

Fred Fresard (P43694)
Ian Edwards (P82021)
89 Kercheval Ave.
Grosse Pointe Farms, Michigan 48236
Tel: (248) 509-9270
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GARY FRISCH, *et al.*, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No.: 2:24-cv-10546-BRM-KGA<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Kimberly G. Altman |

**<u>FCA US LLC'S BRIEF IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING RESOULTION OF ITS MOTION TO COMPEL ARBITRATION</u>**

i

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................... iii

ISSUE PRESENTED ............................................................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................ v

I.  INTRODUCTION ............................................................................................. 1

II.  DISCUSSION ................................................................................................... 1

III.  CONCLUSION ................................................................................................ 3

# TABLE OF AUTHORITIES

Page(s)

*Am. C.L. Union of Ky. v. McCreary County*, 607 F.3d 439 (6th Cir. 2010)..................1

*Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576 (E.D.Mich. 2006)..............2

*Danley v. Encore Cap. Grp., Inc.*, 2016 WL 8115421 (E.D.Mich. 2016) ...............2, 4

*Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999).......................................................1

*Hill v. Asset Acceptance, LLC*, 2014 WL 1289578 (S.D.Cal. 2014) ..........................2

*Hubbell v. NCR Corp.*, 2018 WL 1638882 (S.D.Ohio 2018).......................................4

*Intertec Contracting Turner Steiner Intl.*, 2001 WL 812224 (S.D.N.Y. 2001)............3

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .................................................................1

*Little v. Midland Credit Mgmt., Inc.*, 2020 WL 4745191 (S.D.Ohio 2020)..............2, 4

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277
    (D.Colo. 2004)................................................................................................2

*Williams v. Scottrade, Inc.*, 2006 WL 1722224 (E.D.Mich. 2006) ...........................1

*Zamudio v. Aerotek, Inc.*, 2024 WL 863715 (E.D.Cal. 2024) .....................................3

## ISSUE PRESENTED

1. Should the Court stay all proceedings pending resolution of FCA US's motion to compel arbitration?

    The Court should answer "yes."

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576 (E.D.Mich. 2006)

*Danley v. Encore Cap. Grp., Inc.*, 2016 WL 8115421 (E.D.Mich. 2016)

*Little v. Midland Credit Mgmt., Inc.*, 2020 WL 4745191 (S.D.Ohio 2020)

## I.  INTRODUCTION

Defendant FCA US LLC has moved to compel to arbitration the claims of twenty-five out of twenty-eight Plaintiffs.[1]  Through the time that it resolves the issues in that motion, the Court should stay these proceedings.

## II.  DISCUSSION

A district court has broad discretion in managing its docket.  *See*, *e.g.*, *Am. C.L. Union of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Williams v. Scottrade, Inc.*, 2006 WL 1722224, *1 (E.D.Mich. 2006) ("It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion").

Courts in this District and others generally favor staying discovery when a motion to compel arbitration is pending.  *See*, *e.g.*, *Danley v. Encore Cap. Grp., Inc.*, 2016 WL 8115421, *2 (E.D.Mich. 2016) (noting that perceived delay "is an inherent consequence of the rule favoring a stay of discovery while a motion to compel

---

[1] *See* ECF #57.

arbitration is pending"); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, *2 (E.D.Mich. 2006) ("[I]n a proceeding to compel arbitration, no discovery into the underlying grievance is ordinarily permitted." (cleaned up)); *see also Little v. Midland Credit Mgmt., Inc.*, 2020 WL 4745191, *3 (S.D.Ohio 2020) (explaining that "the Court can discern little prejudice to Plaintiff arising from such a temporary stay—although her desire for expediency is well-understood, this case is in its relevant infancy and both parties concede that discovery will be necessary and available *regardless* of the outcome of the Motion to Compel Arbitration" (emphasis in original)); *Hill v. Asset Acceptance, LLC*, 2014 WL 1289578, *2 (S.D.Cal. 2014) (staying discovery and vacating future pretrial deadlines until motion to compel arbitration resolved); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D.Colo. 2004) (finding that "interests of judicial economy would be advanced by staying discovery in this action pending a decision on [motion to compel arbitration]"); *Intertec Contracting Turner Steiner Intl.*, 2001 WL 812224, *7 (S.D.N.Y. 2001) (noting the district's "general practice" of staying discovery through pendency of motion to compel arbitration).

The circumstances support temporarily staying proceedings here. For one thing, a stay preserves the "orderly course" of proceedings. *Zamudio v. Aerotek, Inc.*, 2024 WL 863715, *4 (E.D.Cal. 2024) (noting that "orderly course of justice" best served with stay pending ruling on renewed motion to compel arbitration)

2

FCA US's motion to compel puts at issue the claims of twenty-five out of twenty-eight Plaintiffs' claims and whether this Court or an arbitrator should hear them. *See* ECF #57. Rushing forward before determining whether all or some of those claims will take a different track disjoints the methodical progress of discovery and risks the unnecessary waste and duplication that goes along with piecemeal discovery.

For another, this case is "still in its procedural infancy," and for that reason a short stay does not prejudice or disadvantage Plaintiffs. *Hubbell v. NCR Corp.*, 2018 WL 1638882, *2 (S.D.Ohio 2018) (explaining that a "further, brief stay pending resolution of [the defendant's motion to compel arbitration] will not prejudice Plaintiff"). Indeed, any perceived delay is nothing more than "an inherent consequence of *the rule favoring a stay of discovery while a motion to compel arbitration is pending*." *Danley*, 2016 WL 8115421 at *2 (emphasis added); *see also Little*, 2020 WL 4745191 at *3 (reasoning that a temporary stay pending resolution of a motion to compel arbitration would result in "little prejudice to Plaintiff").

### III. CONCLUSION

The Court should stay proceedings pending its resolution of FCA US's motion to compel arbitration.

4

Respectfully submitted,

**KLEIN THOMAS LEE & FRESARD**

|  |  |
|---|---|
|  | /s/ Stephen A. D'Aunoy |
| Fred J. Fresard (P43694) | Stephen A. D'Aunoy (MO/54961) |
| Ian K. Edwards (P82021) | Thomas L. Azar, Jr. (MO/56634) |
| 89 Kercheval Ave. | Scott H. Morgan (MO/61853) |
| Grosse Pointe Farms, Michigan 48236 | 100 N. Broadway, Ste. 1600 |
| T: (248) 764-5275 | St. Louis, Missouri 63102 |
| fred.fresard@kleinthomaslaw.com | T: (314) 888-2970 |
| ian.edwards@kleinthomaslaw.com | steve.daunoy@kleinthomaslaw.com |
|  | tom.azar@kleinthomaslaw.com |
|  | scott.morgan@kleinthomaslaw.com |

4

5

## CERTIFICATE OF SERVICE

      I certify that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

<em>/s/ Stephen A. D'Aunoy</em>