**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| GARY FRISCH, *et al.*, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 2:24-cv-10546-BRM-KGA<br><br>Hon. Brandy R. McMillion<br><br>Magistrate Judge Kimberly G. Altman |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this notice of supplemental authority in support of Plaintiffs' Opposition to Defendant FCA US LLC's Renewed Motion to Compel Arbitration (ECF No. 67). Plaintiffs bring to the Court's attention the Eastern District of Pennsylvania's decision in *Barron v. General Motors LLC*, 2026 WL 1383769 (E.D. Pa. May 18, 2026) (attached hereto as Exhibit 1).

In that ruling, the district court rejected General Motors LLC's ("GM") attempt to invoke arbitration provisions in dealership contracts to which it was not a party. Specifically, as to the delegation issue, the court rejected GM's argument that, because of a delegation clause, the question of arbitrability is for the arbitrator, not the court. *Barron*, 2026 WL 1383769, at *4-5. Relying on the U.S. Supreme Court's decision in *Coinbase, Inc. v. Suski*, 602 U.S. 148 (2024), the court

1

explained: "Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." *Barron*, 2026 WL 1383769, at *4 (quoting *Coinbase*, 602 U.S. at 149) (emphasis in original). Thus, considering language identical or nearly identical to the arbitration language at issue in the present case, the *Barron* court denied GM's motion to compel arbitration, concluding that the plaintiffs never agreed to arbitrate with non-signatory GM, and thus "GM cannot demand to have the question of arbitrability sent to the arbitrator because it does not have the right to do so; there is nothing close to the requisite 'clear and unmistakable' intent." *Id*. at *4-5 (citation omitted).

Dated: June 15, 2026          Respectfully submitted:

By: */s/ Dennis A. Lienhardt*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
**THE MILLER LAW FIRM PC**
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**CUNEO GILBERT & LaDUCA, LLP**
Robert K. Shelquist

5775 Wayzata Blvd., Suite 620
St. Louis Park, MN  55416
Telephone: (612) 254-7288
rshelquist@cuneolaw.com

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Roger N. Heller
Phong-Chau G. Nguyen
Nicholas W. Lee
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
rheller@lchb.com
pgnguyen@lchb.com
nlee@lchb.com

**SLACK DAVIS PLLC**
John R. Davis
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
Telephone: (512) 795-8686
jdavis@slackdavis.com

***Plaintiffs' Interim Co-Lead Counsel***

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2026, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ *Dennis A. Lienhardt*
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM**
950 W. University Drive, Suite 300
Rochester, MI 48307
T: (248) 841-2200
dal@millerlawpc.com

4