**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GARY FRISCH, *et al.*, on behalf of
themselves and all others similarly
situated,

      Plaintiffs,

v.

FCA US LLC,

      Defendant.

Case No. 2:24-cv-10546

Hon. Brandy R. McMillion

Magistrate Judge Kimberly G. Altman

**STIPULATED ORDER HOLDING IN ABEYANCE ANY RULING ON
PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF NO. 83)**

Plaintiffs and FCA US LLC ("the Parties") agree on, stipulate to, and respectfully request this Court enter the following stipulation (1) allowing the Parties thirty (30) days to submit a joint report regarding the arbitration of certain claims regarding model-year 2021 vehicles and (2) holding in abeyance any ruling on *Plaintiff's Motion for Reconsideration of the Court's Opinion and Order Granting in Part/Denying in Part Defendant's Second Renewed Motion to Compel Arbitration and Stay Proceedings (ECF No. 64) and Denying Defendant's Renewed Motion to Compel and Motion to Stay the Proceedings (ECF Nos. 57, 58) as Moot*, filed at ECF No. 83, until after the joint report is filed.  In support, the Parties state:

1.      In moving to compel arbitration for certain plaintiffs in the related action, *Aiello v. FCA US LLC*, Case No. 2:26-cv-11365-BRM-KGA, FCA US determined that, based on the information pleaded, one of the plaintiffs in that case who had purchased a model-year 2021 vehicle on or around July 21, 2021, may have been subject to a warranty booklet without an arbitration provision. Accordingly, FCA US expressly excluded him from its motion. *See Aiello*, ECF #18, p. 1 n.1 ("Plaintiff Wolberg's warranty agreement does not have an arbitration provision, so FCA US has not sought to arbitrate his claims.").

2.      Several of the Plaintiffs in the above-captioned action (i.e., the *Frisch* action) purchased or leased model-year 2021 vehicles, including several Plaintiffs whom FCA US identified as "Warranty Plaintiffs" and who on that basis were compelled to arbitration in *Frisch*.

3.      FCA US represents that arising from its determination in regarding Plaintiff Wolberg in *Aiello*, and then upon finalizing its response to Plaintiffs' motion for reconsideration in this case, FCA US discovered that, during the roll-out, release, and publication of the warranty booklets for the various model-year 2021 vehicles, some version(s) of the model-year 2021 warranty booklets did not contain an arbitration provision.

2

4.     Additional investigation is needed to ascertain when the arbitration provision was included in the warranty booklets and which, if any, of the Plaintiffs in *Frisch* included in FCA US's renewed motion to compel arbitration are affected.

5.     At the present time, FCA US has identified Plaintiff Frisch as potentially being one such Plaintiff.

6.     Accordingly, the Parties agree the most appropriate course is for the Court to defer ruling on Plaintiffs' motion for reconsideration to allow FCA US to complete its investigation regarding the publication dates of the various model-year 2021 warranty booklets and when the arbitration provision was added to each.  At the conclusion of that investigation, the Parties will submit a joint report that will include either (1) a stipulation regarding which Plaintiffs in *Frisch*, if any, should not have been deemed "Warranty Plaintiffs" for FCA US's renewed arbitration motion (*i.e.*, should have been excluded from the portion of FCA US's renewed motion that is based on the warranty booklets), or (2) the Parties' separate position statements on which Plaintiffs they believe should be so excluded.

7.     For these reasons, the Parties request that the Court hold in abeyance any ruling on Plaintiffs' motion for reconsideration until after the Parties have submitted this joint status report.

Accordingly, for good cause shown, the Court **APPROVES** the Parties' stipulation and **IT IS HEREBY ORDERED** that the Court will hold in abeyance

its ruling on Plaintiffs' motion for reconsideration.  The Parties are to submit a joint status report within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Dated:  July 29, 2026                                       s/Brandy R. McMillion
                                                                        HON. BRANDY R. MCMILLION
                                                                        United States District Judge

*Stipulated to on July 29, 2026, by:*

**THE MILLER LAW FIRM, P.C.**

 /s/ *Dennis A. Lienhardt* (*w/ consent*)
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**CUNEO GILBERT & LADUCA, LLP**
Robert K. Shelquist
5775 Wayzata Blvd., Ste 620
St. Louis Park, MN 55416
(612) 991-2934
rshelquist@cuneolaw.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Roger N. Heller
Phong-Chau G. Nguyen
Nicholas W. Lee
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
rheller@lchb.com
pgnguyen@lchb.com
nlee@lchb.com

*-and-*

**KLEIN THOMAS LEE & FRESARD**

 /s/ *Scott H. Morgan*
Stephen A. D'Aunoy (MO/54961)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste. 1600
St. Louis, MO 63102
(314) 888-2970
stephen.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*-and-*

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
89 Kercheval Avenue
Grosse Pointe Farms, MI 48236
(248) 764-5275
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

5

**SLACK DAVIS SANGER, LLP**
John R. Davis
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
(512) 795-8686
jdavis@slackdavis.com

*Attorneys for Plaintiffs*