**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY FRISCH, *et al.*, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

FCA US LLC,

Defendant.

Case No. 2:24-cv-10546

Hon. Brandy R. McMillion

Magistrate Judge Kimberly G. Altman

**JOINT STATUS REPORT AND STIPULATED ORDER CONTINUING TO HOLD IN ABEYANCE ANY RULING ON PLAINTIFFS' MOTION FOR RECONSIDERATION (ECF NO. 83)**

Plaintiffs and FCA US LLC ("the Parties") submit the following status report and respectfully request that the Court enter the stipulation below.

The Parties previously reported that certain Plaintiffs who had purchased or leased model-year 2021 vehicles may have done so at a time when the warranty booklets for the vehicles did not include an arbitration provision. *See* ECF No. 91 (stipulated order), pp. 2-3. Because that was relevant to whether those Plaintiffs had been properly characterized as "Warranty Plaintiffs" for the purposes of the Court's order compelling their claims to arbitration, *see* ECF No. 81 (arbitration order), p. 7, the Parties stipulated to, and the Court approved, FCA US having thirty days to

investigate when the arbitration provision was added to the warranty booklets for those model-year 2021 vehicles, *see* ECF No. 91, pp. 3-4. In the meantime, the Court would hold in abeyance any ruling on Plaintiffs' pending motion for reconsideration of the arbitration order. *Id.*

FCA US represents that upon re-visiting the circumstances surrounding the roll-out and publication of the warranty booklets for Plaintiffs' model-year 2021 vehicles, FCA US's investigation was complicated by a change in the warranty booklets' supplier that occurred in 2024. The transition between suppliers left gaps in the readily available information and delayed efforts to fill in those gaps.

Based on its investigation to date, FCA US reports that it appears the warranty booklets for the subject model-year 2021 vehicles that were purchased in or after September 2021 contained the arbitration provisions on which the Court based its arbitration order. Plaintiffs Frisch, Park, Moore, McCrary, and Landes purchased or leased their model-year 2021 vehicles before September 2021. *See* ECF No. 61, ¶¶ 42, 100, 109, 214, 241. Plaintiffs Otto, Carter, Kreb, Teger, Vasquez, Perrera, and May purchased or leased their model-year 2021 vehicles in or after September 2021. *Id.* at ¶¶ 48, 67, 76, 93, 129, 188, 205.[1]

[1]Plaintiffs Aiello, Liscano, and Kongos purchased or leased model-year 2022 or later vehicles. *See* ECF No. 61, ¶¶ 160, 228, 233.

FCA US represents that, given the complexity of the circumstances described above, it needs additional time to investigate further and confirm the specific timing of the arbitration provision's publication. At the end of that time, FCA US plans to submit a declaration confirming definitively when the arbitration provision was added to the warranty booklets for the subject model-year 2021 vehicles. FCA US agrees that Plaintiffs who purchased or leased their vehicles at a time when the warranty booklets for the vehicles did not include an arbitration provision should not be deemed "Warranty Plaintiffs" under the Court's existing arbitration order.

Plaintiffs have not yet been provided evidence supporting FCA US's preliminary finding stated above and Plaintiffs assert that they are reserving all rights to conduct discovery regarding FCA US's investigation, the preliminary information above, and/or the conclusion reached by FCA US. FCA US asserts that Rule 26, and orders issued thereunder, govern a party's discovery "rights."

For these reasons, the Parties have stipulated to an additional thirty days for FCA US to complete its investigation and for the Court to continue holding in abeyance its ruling on Plaintiffs' motion for reconsideration. By the end of that time, the Parties will submit a joint report that includes either (i) a stipulation regarding which Plaintiffs, if any, should not have been deemed "Warranty Plaintiffs" in the Court's arbitration order or (ii) the Parties' separate positions regarding how to proceed.

Accordingly, for good cause shown, the Court approves the Parties' stipulation and **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration is continued to be **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that the Parties shall submit the Joint Status Report described above within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Dated: August 31, 2026

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge

*Stipulated to on August 28, 2026, by:*

**THE MILLER LAW FIRM, P.C.**

/s/ *Dennis A. Lienhardt* (*w/ consent*)
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
Dana E. Fraser (P82873)
950 West University Dr., Ste. 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com
def@millerlawpc.com

**CUNEO GILBERT & LADUCA, LLP**
Robert K. Shelquist
5775 Wayzata Blvd., Ste 620
St. Louis Park, MN 55416
(612) 991-2934
rshelquist@cuneolaw.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Roger N. Heller
Phong-Chau G. Nguyen
Nicholas W. Lee
275 Battery Street, 29th Floor
San Francisco, CA 94111
(415) 956-1000
rheller@lchb.com
pgnguyen@lchb.com
nlee@lchb.com

*-and-*

**KLEIN THOMAS LEE & FRESARD**

/s/ *Stephen A. D'Aunoy*
Stephen A. D'Aunoy (MO/54961)
Scott H. Morgan (MO/61853)
100 N. Broadway, Ste. 1600
St. Louis, MO 63102
(314) 888-2970
stephen.daunoy@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

*-and-*

Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
89 Kercheval Avenue
Grosse Pointe Farms, MI 48236
(248) 764-5275
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

**SLACK DAVIS SANGER, LLP**
John R. Davis
6001 Bold Ruler Way, Suite 100
Austin, TX 78746
(512) 795-8686
jdavis@slackdavis.com

*Attorneys for Plaintiffs*